UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| JOHN HUBER, in his individual capacity and as Personal Representative of the ESTATE OF ANTHONY HUBER,<br><br>Plaintiff,<br><br>v.<br><br>DAVID G. BETH, et al.<br><br>Defendants. | No. 2:21-cv-00969-LA<br><br>Hon. Lynn Adelman, District Judge<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

Plaintiff JOHN HUBER, in his individual capacity and as Personal Representative of the ESTATE OF ANTHONY HUBER, by counsel, Loevy & Loevy, respectfully moves pursuant to Rule 15 of the Federal Rules of Civil Procedure, to file the amended complaint attached hereto as Exhibit A, stating as follows:

1. This case involves the tragic death of Anthony Huber, the beloved son of Plaintiff John Huber and Karen Bloom. Anthony was shot and killed by Kyle Rittenhouse in Kenosha, Wisconsin, on August 25, 2020, while committing an act of remarkable heroism: attempting to stop Rittenhouse's shooting spree, which was authorized by the Defendants in this case, as well as other law enforcement agencies and officials.

2. This lawsuit was filed on August 17, 2021. Dkt. 1. In November, Defendants then named in the suit moved to dismiss the complaint, Dkts. 19-22, and this Court granted additional time for Plaintiff's to respond, Dkts. 23-24. A response to the motions to dismiss is due January 7, 2022. *Id.*

3. Since this case was filed, Plaintiff has been conducting additional investigation of his claims. New information has shed light on the fact that additional law enforcement agencies and officers participated in the misconduct alleged in Plaintiff's complaint and must now be added as Defendants in this case. Plaintiff's proposed amended complaint adds those Defendants and the allegations against them.

4. Moreover, during the time that that motions to dismiss have been pending, the state criminal case against Kyle Rittenhouse has reached its conclusion. In order not to interfere with that proceeding, Plaintiff had not initially named Kyle Rittenhouse as a Defendant in this suit. Now that the criminal case is concluded, Plaintiff seeks leave to add Kyle Rittenhouse as a Defendant as well.

5. Permitting amendment here does not unfairly prejudice the already-named Defendants or any of the proposed new Defendants. This case has just begun, and the proposed amended complaint is filed well within the applicable statute of limitations. Moreover, it will be far more efficient for the Court and the parties to resolve motions to dismiss all at once, once the proposed new Defendants are added to the case, instead of resolving the pending motions now and then additional motions later.

1

6. Federal Rule of Civil Procedure 15 permits parties to amend their pleadings with leave of the court and instructs courts to "freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("this mandate is to be heeded"); *Fish v. Greatbanc Trust Co.*, 749 F.3d 671, 689 (7th Cir. 2014). There is a "presumption in favor of giving plaintiffs at least one opportunity to amend." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 518 (7th Cir. 2015). Rule 15 is to "be given a liberal construction so that cases are decided on the merits rather than on bare pleadings." *Fuhrer v. Fuhrer*, 292 F.2d 140, 143 (7th Cir. 1961).

7. Courts may deny amendment only upon a showing of "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Foman*, 371 U.S. 178, 182. None of these circumstances exist here, and thus the Court should permit amendment.

8. Granting Plaintiff leave to amend serves the interests of justice. The policy of the federal rules supports liberal amendment and plaintiffs are to be given every opportunity to state a claim. Plaintiff's amendment will permit him to conform the pleadings to the investigation conducted to date and add essential Defendants to this matter. Specifically, investigation has revealed the involvement of additional law enforcement agencies and officers in the misconduct alleged in the complaint. Moreover, Kyle Rittenhouse is also an essential defendant in this

2

matter, and the conclusion of his criminal case means he can be added as a defendant here at this point without interfering with ongoing state criminal proceedings. Amendment will allow Plaintiff to pursue his constitutional and state-law claims against all necessary defendants.

9. Meanwhile, no countervailing interest exists to warrant denial of amendment. Plaintiff has not engaged in any undue delay. This case was filed recently, and discovery has not yet begun. Moreover, no prejudice will result to any defendant because of this amendment. The current Defendants will be free to re-file their recently filed motions to dismiss. The new Defendants are named well within the statute of limitations. And resolution of all motions on the pleadings at one time will be most efficient for the Court and the parties.

10. Plaintiff conferred with the current Defendants about this motion, who indicated that they cannot yet take a position on the motion.

WHEREFORE, Plaintiff respectfully requests leave to file an amended complaint, attached as Exhibit A, to conform the pleadings to his early investigation of this case, to add necessary defendants, and to ensure the efficient resolution of pending and future motions on the pleadings in this matter.

**DATED: January 7, 2022**

RESPECTFULLY SUBMITTED,

/s/Anand Swaminathan
*One of Plaintiff's Attorneys*

Jon Loevy
Dan Twetten
Anand Swaminathan
Steve Art
**LOEVY & LOEVY**
311 N. Aberdeen, Third Fl
Chicago, IL 60607
(312) 243-5900

## CERTIFICATE OF SERVICE

I, Anand Swaminathan, an attorney, hereby certify that on January 7, 2022, I caused the foregoing motion to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Anand Swaminathan
*One of Plaintiff's Attorneys*