IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JOHN HUBER, in his individual capacity
and as Personal Representative of the
ESTATE OF ANTHONY HUBER,

      Plaintiff,

                                      Case No. 21-CV-969

    v.

DAVID G. BETH, in his individual and
official capacity as Kenosha County Sheriff,
DANIEL G. MISKINIS, in his individual and
official capacity as the former Chief of Police for
the Kenosha Police Department, ERIC LARSEN,
in his official capacity as the acting Chief of
Police for the Kenosha Police Department, JOHN
DOE POLICE OFFICERS of the Kenosha Police
Department, Kenosha County Sheriff's Department,
Waukesha County Sheriff's Department, Racine
County Sheriff's Department, Sauk County Sheriff's
Department, Walworth County Sheriff's Department,
Washington County Sheriff's Department,
Menomonee Falls Police Department, and West Allis
Police Department, CITY OF KENOSHA, COUNTY
OF KENOSHA, COUNTY OF WAUKESHA,
COUNTY OF RACINE, COUNTY OF SAUK,
COUNTY OF WALWORTH, COUNTY OF
WASHINGTON, VILLAGE OF MENOMONEE FALLS,
CITY OF WEST ALLIS, and KYLE RITTENHOUSE,

      Defendants.

**DAVID G. BETH, KENOSHA COUNTY, WAUKESHA COUNTY, RACINE
COUNTY, SAUK COUNTY, WALWORTH COUNTY, AND
WASHINGTON COUNTY'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S AMENDED COMPLAINT**

NOW COME the defendants, David G. Beth, Kenosha County, Waukesha County, Racine County, Sauk County, Walworth County, and Washington County, by their attorneys, Crivello Carlson, S.C., and as and for their Answer to Plaintiff's Amended Complaint, admit, deny and affirmatively allege as follows:

## INTRODUCTION

1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

2.     Deny the existence of any "pattern of racist and violent behavior" by any officers or officials employed by these answering defendants. As to the remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to its proof.

3.     Deny that private citizens were "acting as law enforcement agents;" and deny that Plaintiff's claim that "[t]hey made their plans known to law enforcement officials" is either complete or correct and therefore deny the same putting Plaintiff to its proof. As to the remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to its proof.

4.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

5.     Admit that Kyle Rittenhouse was present in Kenosha, Wisconsin on August 25, 2020. Deny that Rittenhouse's carrying of a rifle on the streets of Kenosha was an "open violation of the law." As to the remaining allegations, deny knowledge or information

2

sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to its proof.

6. Deny and put Plaintiff to its proof.

7. Deny and put Plaintiff to its proof.

8. Admit that Rittenhouse fired his assault rifle multiple times at citizens on the street, admit that Rittenhouse shot and killed two men, admit that Rittenhouse seriously injured a third person, and admit that Rittenhouse narrowly missed shooting a fourth person. Deny that any of these actions of Rittenhouse were "as a result" of any actions of these answering defendants, and affirmatively deny any wrongdoing, improper conduct or violation of Plaintiff's rights by these answering defendants as alleged by Plaintiff or otherwise. As to the remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to its proof.

9. Admit that Rittenhouse shot and killed Anthony Huber. As to all remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to its proof.

10. Deny and put Plaintiff to its proof.

## NATURE OF THE ACTION

11. Admit the existence of 42 U.S.C. §§ 1983, 1985, and 1986 as well as state law, but deny any wrongdoing, improper conduct or violation of Plaintiff's rights by these answering defendants as alleged by Plaintiff or otherwise and therefore deny the statutes'

3

and laws' applicability to the claims being asserted by Plaintiff. As to the remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to its proof.

## JURISDICTION AND VENUE

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

## PARTIES

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

16.     Admit that David G. Beth was the duly elected Sheriff of Kenosha County, Wisconsin during the relevant time frame, but deny that Plaintiff's description of Sheriff Beth's authority is either complete or correct and therefore deny the same putting Plaintiff to its proof. As further answer, affirmatively assert that David G. Beth is no longer the elected Sheriff of Kenosha County, Wisconsin and is therefore not the proper party for any official capacity claims alleged herein pursuant to Fed. R. Civ. P. 25(d). As to any remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to its proof.

4

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof. As further answer, deny any wrongdoing, improper conduct or violation of Plaintiff's rights by these answering defendants or any officers or officials employed by them, as alleged by Plaintiff or otherwise.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

21.     Admit.

22.     Admit.

23.     Admit.

24.     Admit.

25.     Admit.

26.     Admit.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

5

29.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

30.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

31.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

32.    Admit.

## FACTS

33.    Admit that Kenosha Police Department Officer Rusten Sheskey shot Jacob Blake in Kenosha, Wisconsin on August 23, 2020. As to all remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to its proof.

34.    Admit that people protested in Kenosha, Wisconsin on August 23, 2020 against the shooting of Jacob Blake. As to all remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to its proof.

35.    Deny that Plaintiff's description is either complete or correct and therefore deny the paragraph in its entirety putting Plaintiff to its proof.

36.    Deny and put Plaintiff to its proof.

37.    Admit that a curfew was enacted in Kenosha, Wisconsin on August 23, 2020. As to the remaining allegations, deny and put Plaintiff to its proof.

6

38.     Deny that any officer from Kenosha County Sheriff's Office fired rubber bullets at any time on August 23, 2020. As for the remaining allegations, and as to these answering defendants, deny that Plaintiff's description is either complete or correct and therefore deny those allegations in their entirety and put Plaintiff to its proof. As further answer, affirmatively deny any wrongdoing, improper conduct or violation of Plaintiff's rights by these answering defendants as alleged by Plaintiff or otherwise. As to the allegations against any other party, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to its proof.

39.     Admit that demonstrations continued in Kenosha, Wisconsin on August 24, 2020 and that Sheriff Beth enacted a curfew for 8:00 p.m. As to the remaining allegations, deny and put Plaintiff to its proof.

40.     Admit that there was an 8:00 p.m. curfew in effect in Kenosha, Wisconsin on August 25, 2020. As to any allegation that the curfew was "aimed at protestors," deny and put Plaintiff to its proof.

41.     Admit that the "Additionally Responding Departments" deployed officers and equipment to assist in the response to the protests in Kenosha. As to the remaining allegations, deny that Plaintiff's description is either complete or correct and therefore deny the same putting Plaintiff to its proof.

42.     Deny that Plaintiff's description is either complete or correct and therefore deny those allegations in their entirety and put Plaintiff to its proof.

7

43.     Admit that the "Additionally Responding Departments" deployed equipment, service weapons, and crowd control tools that included less lethal munitions, but deny that any of these answering defendants deployed rubber bullets and deny that Plaintiff's description of the other "service weapons and crowd control tools" is either complete or correct as to these answering defendants, and therefore deny that allegation in its entirety putting Plaintiff to its proof. As to the allegation that the "Additionally Responding Departments" provided "armored military vehicles designed for use in war," deny that Plaintiff's description is either complete or correct and therefore deny the allegation in its entirety putting Plaintiff to its proof.

44.     Deny that Plaintiff's allegation is either complete or correct and therefore deny the same and put Plaintiff to its proof. As further answer, affirmatively deny any wrongdoing, improper conduct or violation of Plaintiff's rights by these answering defendants as alleged by Plaintiff or otherwise.

45.     Deny that Plaintiff's allegation is either complete or correct and therefore deny the same and put Plaintiff to its proof. As further answer, affirmatively deny any wrongdoing, improper conduct or violation of Plaintiff's rights by these answering defendants as alleged by Plaintiff or otherwise.

46.     Deny that Plaintiff's allegation is either complete or correct and therefore deny the same and put Plaintiff to its proof.

47.     Admit.

48.     Admit that armed individuals were present in the streets of Kenosha, Wisconsin on the evening of August 25, 2020. As to the remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to its proof.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

50.     Responding to Paragraph 50 and all of its subparts, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

51.     Deny the allegations as to these answering defendants and put Plaintiff to its proof. As to any other named defendants, these answering defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to its proof.

52.     Deny that Mathewson "was known" to these answering defendants and put Plaintiff to its proof. As to the remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to its proof.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

9

55. Deny and put Plaintiff to its proof.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

57. As to these answering defendants, admit that they became aware that armed individuals were patrolling downtown Kenosha when on the scene. As to any other named defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegation and therefore deny the same and put Plaintiff to its proof. As to the remaining allegations, including that armed individuals were "pro-militia," deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to its proof.

58. Admit that Kyle Rittenhouse was present and armed in Kenosha, Wisconsin on August 25, 2020. As to the remaining allegations, if any, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to its proof.

59. Upon information and belief, admit.

60. Deny and put Plaintiff to its proof.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

62. Upon information and belief, admit.

63. Deny and put Plaintiff to its proof.

10

64.     Deny that Rittenhouse was in clear violation of Wisconsin law. Admit that Rittenhouse was not asked for identification, was not questioned, was not detained, and was not disarmed. As to the remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to its proof.

65.     Deny that these answering defendants invited Rittenhouse in, deputized him, conspired with him, ratified his actions, or otherwise allowed Rittenhouse to "patrol the streets" and put Plaintiff to its proof thereon. As to any remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to its proof.

66.     Deny and put Plaintiff to its proof.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

68.     Admit.

69.     Admit.

70.     Admit.

71.     Admit.

72.     Admit that Anthony Huber approached Rittenhouse. As to all remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to its proof.

11

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

74.     As to the allegation that Rittenhouse lacked any legal justification for his actions, a duly empaneled jury determined that Rittenhouse acted in self-defense and was therefore legally justified in shooting Huber. Accordingly, deny that portion of the paragraph and put Plaintiff to its proof. As to the remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to its proof.

75.     Admit that Rittenhouse shot Gage Grosskreutz and that Grosskreutz survived. As to the remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to its proof.

76.     Admit.

77.     As to the allegation that Rittenhouse was illegally carrying a gun, deny and put Plaintiff to its proof. As for the remaining allegations and only as to these answering defendants, deny that Plaintiff's description is either complete or correct and therefore deny the paragraph in its entirety putting Plaintiff to its proof. As to any remaining allegations, and as to the allegations as directed against any other defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to its proof. As further answer, affirmatively deny any wrongdoing, improper conduct or violation of Plaintiff's rights by these answering defendants as alleged by Plaintiff or otherwise.

12

78.     Deny and put Plaintiff to its proof.

79.     Deny and put Plaintiff to its proof.

80.     Deny and put Plaintiff to its proof.

81.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

82.     As to these answering defendants, admit that they were aware of the presence of armed individuals on the streets of Kenosha on the night of August 25, 2020 and that such individuals, as well as hundreds of unarmed individuals, were in violation of the curfew order. As to the remaining allegations, and as to the allegations as directed against any other defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to its proof.

83.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

84.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

85.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

86.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

87.     As to these answering defendants, deny that Plaintiff's description is either complete or correct and therefore deny the paragraph in its entirety putting Plaintiff to its

13

proof. As further answer, affirmatively deny any wrongdoing, improper conduct or violation of Plaintiff's rights by these answering defendants as alleged by Plaintiff or otherwise. As to the allegations against any other party, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to its proof.

88.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

89.     Deny the allegation that Rittenhouse was "obviously [of] tender age" and put Plaintiff to its proof. As for the remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to its proof. As further answer, affirmatively deny any wrongdoing, improper conduct or violation of Plaintiff's rights by these answering defendants as alleged by Plaintiff or otherwise.

90.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

91.     Admit that law enforcement made announcements over loudspeakers "This is the last warning. You will disperse," and "This area is closed you are trespassing, leave now." Deny that these announcements or orders were directed only against protestors or any particular group of individuals and put Plaintiff to its proof. As to the remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to its proof. As further answer,

14

affirmatively deny any wrongdoing, improper conduct or violation of Plaintiff's rights by these answering defendants as alleged by Plaintiff or otherwise.

92.    Deny and put Plaintiff to its proof.

93.    Deny and put Plaintiff to its proof.

94.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

95.    Deny and put Plaintiff to its proof.

96.    Deny and put Plaintiff to its proof.

97.    Deny and put Plaintiff to its proof.

98.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

99.    Deny and put Plaintiff to its proof.

100.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

101.   Deny and put Plaintiff to its proof.

102.   Deny and put Plaintiff to its proof.

103.   Deny and put Plaintiff to its proof.

104.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

105.   As to the allegations regarding Chief Miskinis, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and

put Plaintiff to its proof. As to the remaining allegations regarding disparate treatment of Black people, deny and put Plaintiff to its proof.

106.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

107.    Deny and put Plaintiff to its proof.

108.    Deny and put Plaintiff to his proof.

109.    Deny and put Plaintiff to his proof.

110.    As to the allegations against these answering defendants, deny that Plaintiff's description is either complete or correct and therefore deny the paragraph in its entirety putting Plaintiff to its proof. As further answer, affirmatively deny any wrongdoing, improper conduct or violation of Plaintiff's rights by these answering defendants as alleged by Plaintiff or otherwise. As to the allegations against any other party, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to its proof.

111.    As to the allegations against these answering defendants, deny that Plaintiff's description is either complete or correct and therefore deny the paragraph in its entirety putting Plaintiff to its proof. As further answer, affirmatively deny any wrongdoing, improper conduct or violation of Plaintiff's rights by these answering defendants as alleged by Plaintiff or otherwise. As to the allegations against any other party, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to its proof.

16

112. As to the allegations against these answering defendants, deny that Plaintiff's description is either complete or correct and therefore deny the paragraph in its entirety putting Plaintiff to its proof. As further answer, affirmatively deny any wrongdoing, improper conduct or violation of Plaintiff's rights by these answering defendants as alleged by Plaintiff or otherwise. As to the allegations against any other party, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to its proof.

113. Upon information and belief, admit.

114. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

115. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

116. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

117. Deny and put Plaintiff to its proof.

118. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

119. Deny that protestors were treated differently than armed individuals by these answering defendants. As to the remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to its proof.

17

120.    Deny that these answering defendants "allied themselves" with any armed individuals and therefore deny the paragraph in its entirety putting Plaintiff to its proof.

121.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

122.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

123.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

124.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

125.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

126.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

127.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

128.    Deny any history of racially discriminatory conduct and put Plaintiff to its proof. As to the remaining allegations, deny that Plaintiff's description is either complete or correct and therefore deny the paragraph in its entirety putting Plaintiff to its proof. As further answer, affirmatively deny any wrongdoing, improper conduct or violation of Plaintiff's rights by these answering defendants as alleged by Plaintiff or otherwise.

18

## LEGAL CLAIMS

### COUNT I:
**42 U.S.C. § 1983**
**CONSPIRACY TO DEPRIVE CONSTITUTIONAL RIGHTS**

129.    These answering defendants incorporate the preceding paragraphs as if restated fully herein.

130.    Deny and put Plaintiff to its proof.

131.    Deny and put Plaintiff to its proof.

132.    Deny and put Plaintiff to its proof.

133.    Deny and put Plaintiff to its proof.

134.    Deny and put Plaintiff to its proof.

135.    As to these answering defendants, deny and put Plaintiff to its proof. As to the allegations as directed against any other defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to its proof.

136.    Deny and put Plaintiff to its proof.

### COUNT II:
**42 U.S.C. § 1985 (3)**
**CONSPIRACY TO OBSTRUCT JUSTICE BASED ON INVIDIOUS**
**DISCRIMINATION**

137.    These answering defendants incorporate the preceding paragraphs as if restated fully herein.

19

138. This paragraph states a legal conclusion to which no response is required. To the extent that facts are alleged or an answer is necessary, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

139. Deny and put Plaintiff to its proof.

140. Deny and put Plaintiff to its proof.

141. Deny and put Plaintiff to its proof.

142. Deny and put Plaintiff to its proof.

143. Deny and put Plaintiff to its proof.

144. Deny and put Plaintiff to its proof.

145. Deny and put Plaintiff to its proof.

146. Deny and put Plaintiff to its proof.

147. Deny and put Plaintiff to its proof.

## COUNT III:
### 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)[1]
### EQUAL PROTECTION

148. These answering defendants incorporate the preceding paragraphs as if restated fully herein.

149. Deny and put Plaintiff to its proof.

150. Deny and put Plaintiff to its proof.

---

[1] These answering defendants affirmatively state that the Court dismissed any claims arising under 42 U.S.C. § 1985(2). (*See* Dkt. 76, p. 47.)

151. Deny and put Plaintiff to its proof.

152. Deny and put Plaintiff to its proof.

153. Deny and put Plaintiff to its proof.

154. Deny and put Plaintiff to its proof.

155. Deny and put Plaintiff to its proof.

## COUNT IV:
### 42 U.S.C. § 1983
### FIRST AMENDMENT RETALIATION

156. These answering defendants incorporate the preceding paragraphs as if restated fully herein.

157. Deny and put Plaintiff to its proof.

158. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

159. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof.

160. Deny and put Plaintiff to its proof.

161. Deny and put Plaintiff to its proof.

162. Deny and put Plaintiff to its proof.

163. Deny and put Plaintiff to its proof.

164. Deny and put Plaintiff to its proof.

165. Deny and put Plaintiff to its proof.

166. Deny and put Plaintiff to its proof.

21

## COUNT V:
### 42 U.S.C. § 1983
### DEPRIVATION OF DUE PROCESS

167.    These answering defendants incorporate the preceding paragraphs as if restated fully herein.

168.    Deny and put Plaintiff to its proof.

169.    Deny and put Plaintiff to its proof.

170.    Deny and put Plaintiff to its proof.

171.    Deny and put Plaintiff to its proof.

172.    Deny and put Plaintiff to its proof.

173.    Deny and put Plaintiff to its proof.

174.    Deny and put Plaintiff to its proof.

## COUNT VI:
### 42 U.S.C. § 1986
### FAILURE TO INTERVENE

175.    These answering defendants incorporate the preceding paragraphs as if restated fully herein.

176.    Deny and put Plaintiff to its proof.

177.    Deny the existence of any "conspiratorial wrongs" and therefore deny this paragraph in its entirety, putting Plaintiff to its proof.

178.    Deny the existence of any "conspiratorial wrongs" and therefore deny this paragraph in its entirety, putting Plaintiff to its proof.

179.    Deny and put Plaintiff to its proof.

180. Deny and put Plaintiff to its proof.

## COUNT VII:
### 42 U.S.C. § 1983
### Municipal Liability/*Monell* Policy Claim

181. These answering defendants incorporate the preceding paragraphs as if restated fully herein.

182. Deny and put Plaintiff to its proof.

183. Deny and put Plaintiff to its proof.

184. Deny and put Plaintiff to its proof.

185. Deny and put Plaintiff to its proof.

186. Deny and put Plaintiff to its proof.

187. Deny and put Plaintiff to its proof.

188. Deny and put Plaintiff to its proof.

189. Deny and put Plaintiff to its proof.

190. Deny and put Plaintiff to its proof.

## COUNT VIII:
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

191. These answering defendants incorporate the preceding paragraphs as if restated fully herein.

192. Deny and put Plaintiff to its proof.

193. Deny and put Plaintiff to its proof.

194. Deny and put Plaintiff to its proof.

195. Deny and put Plaintiff to its proof.

196. Deny and put Plaintiff to its proof.

## COUNT IX:
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

197. These answering defendants incorporate the preceding paragraphs as if restated fully herein.

198. Deny and put Plaintiff to its proof.

199. Deny and put Plaintiff to its proof.

200. Deny and put Plaintiff to its proof.

201. Deny and put Plaintiff to its proof.

## COUNT X:
## NEGLIGENCE

202. These answering defendants incorporate the preceding paragraphs as if restated fully herein.

203. Admit.

204. Deny and put Plaintiff to its proof.

205. Deny and put Plaintiff to its proof.

## COUNT XI:
## NEGLIGENT HIRING, SUPERVISION AND TRAINING

206. These answering defendants incorporate the preceding paragraphs as if restated fully herein.

207. Deny and put Plaintiff to its proof.

208.    Deny that Plaintiff's description is either complete or correct and therefore deny the paragraph in its entirety putting Plaintiff to its proof.

209.    Deny and put Plaintiff to its proof.

210.    Deny and put Plaintiff to its proof.

## COUNT XII:
## SURVIVAL

211.    These answering defendants incorporate the preceding paragraphs as if restated fully herein.

212.    Deny and put Plaintiff to its proof.

213.    Deny and put Plaintiff to its proof.

214.    Deny and put Plaintiff to its proof.

## COUNT XIII:
## WRONGFUL DEATH

215.    These answering defendants incorporate the preceding paragraphs as if restated fully herein.

216.    Deny and put Plaintiff to its proof.

217.    Deny and put Plaintiff to its proof.

218.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to its proof. As further answer, affirmatively deny any wrongdoing, improper conduct or violation of Plaintiff's rights by these answering defendants as alleged by Plaintiff or otherwise.

219.    Deny and put Plaintiff to its proof.

## COUNT XIV:
## RESPONDEAT SUPERIOR

220.     These answering defendants incorporate the preceding paragraphs as if restated fully herein.

221.     Deny that these answering defendants committed the acts alleged in the preceding paragraphs and therefore deny the paragraph in its entirety putting Plaintiff to its proof.

222.     Deny and put Plaintiff to its proof.

## COUNT XV:
## INDEMNIFICATION

223.     These answering defendants incorporate the preceding paragraphs as if restated fully herein.

224.     Admit the existence of Wis. Stat. § 895.46, but deny any wrongdoing, improper conduct or violation of Plaintiff's rights by these answering defendants as alleged by Plaintiff or otherwise and therefore deny the statute's applicability to the claims being asserted by Plaintiff.

225.     Deny that these answering defendants committed "the acts described herein" and therefore deny the paragraph in its entirety putting Plaintiff to its proof.

## DAMAGES

226.     Admit the existence of 42 U.S.C. §§ 1983, 1985, and 1986, as well as state law and statutes, but deny any wrongdoing, improper conduct or violation of Plaintiff's rights by these answering defendants as alleged by Plaintiff or otherwise and therefore deny the paragraph in its entirety putting Plaintiff to its proof.

26

227.    Deny and put Plaintiff to its proof.

228.    Deny and put Plaintiff to its proof.

229.    Admit the existence of 42 U.S.C. § 1988, but deny any wrongdoing, improper conduct or violation of Plaintiff's rights by these answering defendants as alleged by Plaintiff or otherwise and therefore deny the statute's applicability to the claims being asserted by Plaintiff.

## AFFIRMATIVE DEFENSES

NOW COME these defendants, David G. Beth, Kenosha County, Waukesha County, Racine County, Sauk County, Walworth County, and Washington County, by their attorneys, Crivello Carlson, S.C., and as and for their separate and additional affirmative defenses, allege as follows:

a.    The injuries and damages sustained by Plaintiff, if any, were caused in whole or in part by the acts or omissions of Plaintiff and the failure to mitigate;

b.    The injuries and damages sustained by Plaintiff, if any, were caused in whole or in part by the acts or omissions of persons other than these answering defendants;

c.    Plaintiff cannot establish that any acts or non-acts of these answering defendants caused Plaintiff's constitutional deprivations, if any;

d.    The Amended Complaint contains allegations that fail to state claims upon which relief may be granted as against these answering defendants;

e.    Defendants are immune from suit by immunities including qualified immunity;

27

f.      Plaintiff has failed to state claims for and is not legally entitled to compensatory damages;

g.      Plaintiff has failed to state claims for and is not legally entitled to punitive damages;

h.      Any injuries or damages sustained by Plaintiff are the result of an intervening and/or superseding cause preventing Plaintiff any rights of recovery against these answering defendants;

i.      At all times relevant to matters alleged in Plaintiff's Amended Complaint, these answering defendants acted in good faith, in accordance with established laws and administrative rules;

j.      All or portions of Plaintiff's Amended Complaint must be dismissed because one or more of these answering defendants had no personal involvement whatsoever in the events leading to or surrounding the incident that is the basis of this lawsuit;

k.      No individual defendant can be found liable for the actions of any other individual defendant(s) under a theory of *respondeat superior*, or supervisory liability;

l.      Plaintiff's state law claims against these answering defendants are subject to limitations, requirements, caps and immunities in Wis. Stat. § 893.80; and

m.      Defendants reserve the right to name additional affirmative defenses, as they may become known through further discovery or other in this action.

28

WHEREFORE, these defendants, David G. Beth, Kenosha County, Waukesha County, Racine County, Sauk County, Walworth County, and Washington County, respectfully demand judgment as follows:

A.   For dismissal of Plaintiff's Amended Complaint, on the merits and with prejudice;
B.   For costs and disbursements of this action; and
C.   For such other and further relief as this Court may deem just and equitable.

**DEFENDANTS HEREBY DEMAND A JURY TRIAL.**

Dated this 16th day of March, 2023.

By:   /s         Sara C. Mills
      SAMUEL C. HALL, JR.
      State Bar No. 1045476
      SARA C. MILLS
      State Bar No. 1029470
      MICAELA E. HAGGENJOS
      State Bar No. 1118840
      Attorneys for Defendants, David G. Beth, Kenosha County, Waukesha County, Racine County, Sauk County, Walworth County, and Washington County
      CRIVELLO CARLSON, S.C.
      710 N. Plankinton Avenue, Suite 500
      Milwaukee, WI  53203
      Phone: (414) 271-7722
      Fax: (414) 271-4438
      E-mail:  shall@crivellocarlson.com
              smills@crivellocarlson.com
              mhaggenjos@crivellocarlson.com

29