IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSN
MILWAUKEE DIVISION

| | | |
|---|---|---|
| JOHN HUBER, as representative of the ESTATE OF ANTHONY HUBER, | ) ) ) | |
| Plaintiff, | ) ) | No. 2:21-cv-00969-LA |
| v. | ) ) | Hon. Lynn Adelman, District Judge |
| DAVID G. BETH, et al., | ) ) | |
| Defendants. | ) ) ) | JURY TRIAL DEMANDED |

**AMENDED REPORT OF THE PARTIES' PLANNING MEETING**

1. **Conference**: The following persons participated in a Rule 26(f) conference on April 12, 2023, by phone:

   - Anand Swaminathan, Steve Art, and Quinn Rallins, representing the Plaintiff John Huber

   - Ted Waskowski and Kyle W. Engelke, representing Defendants Daniel G. Miskinis, Eric Larsen, John Doe Police Officers of the Kenosha Police Department, Menomonee Falls Police Department, West Allis Police Department, the City of Kenosha, Village of Menomonee Falls and the City of West Allis (the "City Defendants")

   - Sara C. Mills and Micaela E. Haggenjos, representing Defendants David G. Beth, Kenosha County, Waukesha County, Racine County, Sauk County, Walworth County, and Washington County ("County Defendants")

   - Natalie L. Wisco, representing Defendant Kyle Rittenhouse.

2. **Initial Disclosures**: The parties will exchange the initial disclosures required by Fed.

R. Civ. P 26(a)(1) by June 20, 2023.

3. **Discovery Plan. The parties propose this discovery plan:**

   (a) <u>Nature of the case, and claims and subjects on which discovery will be needed</u>:

   The case concerns whether, as Plaintiff contends, Law Enforcement Defendants conspired with Defendant Rittenhouse and other armed individuals to violate the constitutional rights of "protesters," including by subjecting them to discriminatory treatment based on their race, viewpoints, and/or their protesting of racial injustice. Plaintiff's federal law claims are for Deprivation of Due Process, Equal Protection, First Amendment Retaliation, Failure to Intervene, Conspiracy, and *Monell* policy. Plaintiff's state-law claims are for intentional and negligent infliction of emotional distress; general negligence; negligent hiring, supervision, and training; survival; and wrongful death. Defendants deny Plaintiff's allegations and the claims asserted against them.

   Discovery may be sought on any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

(b) <u>Agreed discovery dates</u>:

| EVENT | DATE |
|---|---|
| Discovery Begins: | April 12, 2023 |
| Fact Discovery Closes: | April 12, 2024 |
| Supplementation under Rule 26(e) | 45 days before the close of discovery |

(c) <u>Disputed expert discovery dates</u>:

| EVENT | DATE |
|---|---|
| <u>Plaintiff's Proposal</u>[1] | |
| Plaintiff's Expert Reports and Disclosures: | May 12, 2024 |
| Defendants' Response Expert Reports: | June 12, 2024 |
| Plaintiff's Rebuttal Expert Reports: | July 12, 2024 |
| Expert Discovery Closes: | July 26, 2024 |
| <u>Defendants' Proposal</u>[2] | May 12, 2024 |
| Plaintiff's Expert Reports and Disclosures: | September 12, 2024 |
| Defendants' Expert Reports and Disclosures: | October 12, 2024 |
| Plaintiff's Reply Expert Reports: | December 12, 2024 |
| Expert Discovery Closes: | |

---

[1] A response report must be limited solely to rebutting an initial report, must stay within the scope of the initial report, and may not introduce new topics or subject areas that did not appear in the initial report. Similarly, a rebuttal report must be limited solely to rebutting a response report, must stay within the scope of the initial report, and may not introduce new topics or subject areas that did not appear in the initial report.

[2] A rebuttal report must be limited solely to rebutting an initial report, must stay within the scope of the initial report, and may not introduce new topics or subject areas that did not appear in the initial report.

4. **Interrogatories:**

   - The maximum number of interrogatories is 25 per side, meaning 25 for Plaintiff to each Defendant, and 25 for each Defendant to Plaintiff. Fed. R. Civ. P. 33 governs the response time and other interrogatory procedures.

5. **Requests for Production:**

   - <u>Plaintiff's Proposal</u>: Fed. R. Civ. P. 34 governs all procedures applicable to the timing and number of requests for productions. Any party shall be able to move the Court for a protective order should they believe that the number of requests for production that has been served is harassing or disproportionate. No redactions will be made to documents on the basis of relevance objections. Any party shall be able to seek an extension from the opposing party or the Court should they not be able to tender objections and responses to requests for production within the 30 days provided by Rule 34(b)(2)(A), despite diligent efforts.

6. **Depositions:**

   - In addition to depositions of each of the parties, the parties anticipate needing more than ten depositions per side given the number of eyewitnesses, law enforcement officers and other third parties with relevant knowledge. Each side may additionally depose any expert the other side discloses. The parties agree that the number of depositions above and beyond those of the named parties and experts will not exceed 15, unless the parties stipulate otherwise or through order of the Court.

7. **Subpoenas**:

    - <u>Plaintiff's Proposal</u>: Any party wishing to serve a subpoena for documents or things on a third party shall give notice of the subpoena to the opposing party at least three (3) business days before the subpoena is to be issued to allow the opposing party an opportunity to raise any applicable objections. In the event that any objections are raised, the subpoena shall not be issued and the parties agree to confer in good faith to reach a resolution to the objection. If no resolution on the objection can be reached by the parties, the party objecting to the subpoena may file a motion for protective order relating to the subpoena, and the party wishing to issue the subpoena agrees to not serve the subpoena unless the motion for protective order is denied.

8. **Disclosure and Discovery of electronically stored information (ESI)**:

    - <u>Agreed Proposal:</u> The parties are working together on a mutually agreeable protocol for production of documents and things (including ESI). If the parties reach an agreement, then they will file a stipulated protocol for production of documents and things (including ESI) on or before July 1, 2023. If the parties cannot reach an agreement by August 1, 2023, then they will submit competing proposed discovery protocols or a single, proposed discovery protocol identifying the areas of agreement and disagreement.

9. The parties agree that discovery issues not addressed in this report will be governed by the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Wisconsin.

10. To the extent that a party requires additional discovery beyond the limits contemplated in this report, the parties propose that they be allowed, as the need arises, to come before the Court to request modification of the proposed discovery limits.

11. **Other Items**:

   (a) The parties suggest a pretrial conference on or about six weeks prior to the trial date.

   (b) The parties suggest the deadline for Plaintiff to amend pleadings or join parties be on or before 120 days before the close of fact discovery, consistent with Rule 15(a)(2), Rule 15(b), and Rule 15(d) of the Federal Rules of Civil Procedure.

   (c) The parties suggest the deadline for Defendants to amend pleadings or join parties be on or before:

   - Plaintiff's Proposal: 90 days before the close of fact discovery.
   - Defendants' Proposal: 60 days before the close of fact discovery.

   (d) The parties suggest the deadline for filing dispositive motions be 30 days after the close of expert discovery.

   (e) The parties suggest that the filing or Rule 26(a)(3) witness lists, deposition designations, and exhibit lists be completed at least 14 days prior to the pretrial conference.

   (f) The parties suggest that all objections to Rule 26(a)(3) filings be filed at least 7 days prior to the pretrial conference.

   (g) The parties believe that discussion of settlement is premature pending an opportunity for the parties to conduct initial discovery in this case. After completing initial discovery, the parties will confer about whether mediation could help resolve this case through settlement at a later date.

(h) The parties stipulate to service of case documents by email under Rule 5(b)(2)(E). The parties consent to electronic service of discovery requests and responses.

(i) The parties stipulate under Rule 30(b)(4) that a party may notice a deposition by remote means, absent objection from another party. The parties further stipulate that for any depositions that may be taken remotely by video conference software (e.g., Zoom, Skype), any attorney defending the deposition who is in the physical presence of the witness must appear on camera. Should any objections arise regarding whether a deposition is in person or remote, the parties agree to confer in good faith and raise any issues with the Court if necessary.

(j) At their Rule 26f Meet and Confer, the parties discussed the potential consolidation of this case with the case brought by *Gaige Grosskreutz v. City of Kenosha, et. al.,* Case No. 21-CV-1192, but reached no agreement.

(k) Pursuant to the Court's Order (ECF #86), the parties' counsel can be reached at the following respective numbers for the Rule 16 conference:

- Counsel representing Plaintiff John Huber can be reached at:
    - Anand Swaminathan: (617) 596-6349
    - Steve Art: (773) 580-2766
    - Quinn Rallins: (205) 253-6865
- Counsel representing Defendants Daniel G. Miskinis, Eric Larsen, John Doe Police Officers of the Kenosha Police Department, Menomonee Falls Police Department, West Allis Police Department,

the City of Kenosha, Village of Menomonee Falls and the City of West Allis (the "City Defendants") can be reached at:

- Ted Waskowski: (608) 438-9210

- Kyle W. Engelke: (608) 215-2785

• Counsel representing Defendants David G. Beth, Kenosha County, Waukesha County, Racine County, Sauk County, Walworth County, and Washington County ("County Defendants") can be reached at:

- Samuel C. Hall, Jr.: (414) 510-4107

• Counsel representing Defendant Kyle Rittenhouse can be reached at:

- Natalie L. Wisco: (712) 898-5321

Date: May 4, 2023

/s/ Quinn K. Rallins
*Plaintiff's Attorneys*
Jon Loevy
Steve Art
Anand Swaminathan
Dan Twetten
Quinn K. Rallins
**LOEVY & LOEVY**
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607

/s/ Ted Waskowski
*Attorneys for Defendants Daniel Miskinis, Eric Larsen, City of Kenosha, Village of Menomonee Falls, City of West Allis and the respective John Doe Police Officers*
Ted Waskowski
Kyle W. Engelke
Clementine Uwabera
**STAFFORD ROSENBAUM LLP**
222 W. Washington Avenue, Ste 900
Madison, WI 53703

/s/ Sara C. Mills
Attorneys for Defendants David G. Beth, Kenosha County, Waukesha County, Racine County, Sauk County, Walworth County, Washington County, and the respective John Doe Police Officers
Samuel C. Hall, Jr.
Sara C. Mills
Michaela E. Haggenjos
**CRIVELLO CARLSON, S.C.**
710 N. Plankinton Avenue, Suite 500
Milwaukee, WI 53203

/s/ Natalie L. Wisco
Attorneys for Defendant Kyle Rittenhouse
Mark D. Richards
Natalie L. Wisco
**RICHARDS & ASSOCIATES, S.C.**
209 8th Street
Racine, WI 53403

## CERTIFICATE OF SERVICE

I, Kyle W. Engelke, hereby certify that on May 4, 2023, I caused the foregoing Amended Report of the Parties' Planning Meeting to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ *Kyle W. Engelke*