IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

JOHN HUBER, in his individual capacity
and as Personal Representative of the
ESTATE OF ANTHONY HUBER,

    Plaintiff,

v.

DAVID G. BETH, et al.,

    Defendants.

Case No. 21-CV-969

---

GAIGE GROSSKREUTZ,

    Plaintiff,

v.

THE CITY OF KENOSHA, et al.,

    Defendants.

Case No. 21-CV-1192

---

## STIPULATION FOR PROTECTIVE ORDER

In light of the nature of the case, the parties, by and through their respective counsel, hereby stipulate and agree to protect personally identifiable information for witnesses and parties as set forth below:

1. Any producing party from time to time may designate as "Confidential" any portion of discovery materials that actually contains confidential information, the disclosure of which would, in good faith judgment of the Producing Party, result in disclosure of confidential information. Specifically, "confidential" under this Stipulation

means the following:

   a. Confidential materials within the training, personnel, and disciplinary file(s) of any named defendant or within such files of any current or former employee of any named municipal defendant, and other personal, confidential materials or records that contain social security numbers, home addresses, names of minor children, full dates of birth, financial account numbers, passwords, medical and psychological records, and the like.

2. To the extent possible, social security numbers, home addresses, names of minor children, dates of birth except the year, financial account numbers, and medical and psychological records will be redacted by the producing party prior to production, in lieu of labeling such information confidential. Inspection and production of documents or information designated as "Confidential" will be conducted pursuant to the following terms and conditions:

   a. Documents or information designated as "Confidential" shall be disclosed only to counsel of record in this action and individuals employed by or assisting counsel in litigating this action, the parties, the Court, court personnel, members of the jury, stenographic reporters engaged for depositions or other proceedings necessary for the conduct of this case, and impartial neutrals retained to mediate this action.

   b. Disclosure may be made to consultants, investigators, or experts

(collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit.

c. Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

d. Disclosure may be made to persons already in lawful and legitimate possession of such CONFIDENTIAL information.

e. Any such confidential documents or information shall be used only for the purpose of prosecuting this action and may not be used by any party or person for any other litigation or non-litigation related purpose.

3. Any witness, lay or expert, to whom such confidential documents or information contained therein is to be disclosed shall first be advised by counsel making that disclosure that, pursuant to this Protective Order, such person or firm may not divulge any such information to any other person. If confidential materials are disclosed in a setting where the producing party who designated materials as confidential is present, the burden shall fall on the producing/designating party, and not the disclosing party, to inform the witness of the Protective Order. If confidential materials are disclosed in a setting where the producing party who designated materials as confidential is not present, the burden shall fall on the disclosing party to inform the witness of the Protective Order.

a. Counsel shall inform the witness of the Protective Order by securing from each such witness the attached written statement that he/she understands

that, pursuant to this Protective Order, such person may not divulge any such confidential documents or information to any other person and that he/she further submits to this Court's jurisdiction for contempt or any other appropriate proceeding in the event of any alleged violation of this Protective Order. The form of such statement is attached hereto as Exhibit A.

  b. Copies of the executed statement obtained by the non-producing/designating party shall be promptly furnished upon request to the producing/designating party at the conclusion of this action.

4. The terms and conditions of this Order shall remain binding on all parties and their counsel after the conclusion of this action.

5. To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other evidence filed with the Court reveal information that has been designated as confidential, the confidential information must either be redacted or must be filed under seal by the filing party pursuant to the procedures of the United States District Court for the Eastern District of Wisconsin for filing sealed documents. The burden will always be on the producing party to label as "Confidential" any interrogatory answer, transcript, or response to a request for admission as confidential, before the burden will fall on the filing party to redact or seal. In the case of deposition testimony, counsel for any party desiring to designate any portion of the transcript or exhibits thereto confidential shall, within ten

4

business days after the transcript has been received by such counsel, designate those portions of the transcript which contains testimony concerning confidential materials as "Confidential."

6. Any party filing evidence designated as confidential under section (5) must either (1) file the material redacted and/or under seal; or (2) file an objection to the designation of the information as confidential in lieu of filing the confidential material. If such an objection is made, the person having designated the information as confidential may file a motion to seal within 21 days of the objection. The designating party bears the burden of proving that the information, documents, or other material at issue are properly designated as confidential. The Court may award the party prevailing on any such motion actual attorney fees and costs attributable to the motion.

    a. Any requirement to file a separately-filed, unsealed version that redacts truly confidential information of any document filed under seal pursuant to this agreement shall fall on the producing party who designated the evidence as confidential, and not the filing party.

    b. If the producing party does not file a redacted version pursuant to the above paragraph, within two business days of the sealed version being filed or within a time period granted by the Court, whichever is greater, the filing party or the Court may refile the document un-redacted and not under seal.

7. The production of such confidential documents or information by the

producing party shall not constitute a waiver of any privilege or other claim or right of withholding or confidentiality that it may have.

8. At the termination of this action and all related proceedings, all information designated as confidential pursuant to this Stipulation shall be either returned to the party who produced it upon request or destroyed.

9. Any party or interested member of the public may apply to the Court for an order modifying this Protective Order, removing the "Confidential" designation from any confidential materials, or extracts or portions thereof, or reclassifying confidential materials.

Dated this 6th day of December, 2023.

By: /s/ Sara C. Mills
SAMUEL C. HALL, JR.
State Bar No. 1045476
SARA C. MILLS
State Bar No. 1029470
MICAELA E. HAGGENJOS
State Bar No. 1118840
Attorneys for Defendants, David G. Beth, Kenosha County, Waukesha County, Racine County, Sauk County, Walworth County, and Washington County
CRIVELLO, NICHOLS & HALL, S.C.
710 N. Plankinton Avenue, Suite 500
Milwaukee, WI 53203
Phone: (414) 271-7722
Fax: (414) 271-4438
E-mail: SHall@CrivelloLaw.com
SMills@CrivelloLaw.com
MHaggenjos@CrivelloLaw.com

Dated this 6th day of December, 2023.

By: /s/ Anand Swaminathan
*Attorneys for Plaintiff John Huber*
Jon Loevy
Steve Art
Anand Swaminathan
Dan Twetten
Quinn K. Rallins
**LOEVY & LOEVY**
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607

Dated this 6th day of December, 2023.

By: /s/Milo Schwab
*Attorneys for*
*Plaintiff Gaige Grosskreutz*
Edward Milo Schwab
**ASCEND COUNSEL, LLC**
2401 S. Downing Street
Denver, CO 80210

Kimberley Cy. Motley
**MOTLEY LEGAL SERVICES**
P.O. Box 143
Matthews, NC 28106

Dated this 6th day of December, 2023.

By: /s/ Kyle Engelke
*Attorneys for Defendants Daniel Miskinis,*
*Eric Larsen, City of Kenosha, Village of*
*Menomonee Falls, City of West Allis and*
*the respective John Doe Police Officers*
Ted Waskowski
Kyle W. Engelke
Clementine Uwabera
**STAFFORD ROSENBAUM LLP**
222 W. Washington Avenue, Ste 900
Madison, WI 53703

7

Dated this 6th day of December, 2023.

By: /s/ Natalie Wisco
    *Attorneys for Defendant*
    *Kyle Rittenhouse*
    Mark D. Richards
    Natalie L. Wisco
    **RICHARDS & ASSOCIATES, S.C.**
    209 8th Street
    Racine, WI 53403

8

Case 2:21-cv-00969-LA   Filed 12/06/23   Page 8 of 8   Document 103