# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| JOHN HUBER, in his individual capacity and as Personal Representative of the ESTATE OF ANTHONY HUBER,<br>    Plaintiff,<br>v.<br><br>DAVID G. BETH, in his individual and Official capacity as Kenosha County Sheriff, et al.,<br>    Defendants. | No. 2:21-cv-00969-LA |
| PAUL HENRY PREDIGER,<br>    Plaintiff,<br>v.<br><br>THE CITY OF KENOSHA, et al.,<br>    Defendants. | No. 2:21 cv 01192-LA<br>(Consolidated with<br>No. 2:21-cv-00969-LA) |

## CITY OF KENOSHA'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL THE CITY OF KENOSHA TO PRODUCE MISSING SQUAD VEHICLE VIDEOS FROM EVENTS RELATED TO RITTENHOUSE SHOOTING, AND SUPPLEMENT INTERROGATORY RESPONSE

City Defendants, Daniel G. Miskinis, Eric Larsen, John Doe Police Officers of the Kenosha Police Department, Menomonee Falls Police Department, West Allis Police Department, the City of Kenosha, Village of Menomonee Falls and the City of West Allis, (collectively the "City Defendants"), by their attorneys, Stafford Rosenbaum LLP, submit this response in opposition to Plaintiffs' Motion to Compel the City of Kenosha to Produce Missing Squad Vehicle Videos from Events Related to Rittenhouse Shooting, and

Supplement Interrogatory Response (ECF 110). In support of this opposition, City of Kenosha states the following:

### A. Plaintiffs' Motion to Compel Should Be Denied As It Violates This Court's Scheduling Order And Civil L. R. 37.

The Court should strike the Plaintiffs' motion to compel for failing to follow the Scheduling Order (ECF No. 91), which requires compliance with Civil L. R. 7(h). Plaintiffs' motion was not designated as a "Civil L. R. 7(h) Expedited Non-Dispositive Motion" and they did not request permission to deviate from this requirement. It also exceeds the three-page limit set by the local rules and this Court's Scheduling Order.

In addition, Civil Local Rule 37 and Federal Rule of Civil Procedure 37(a)(1) require certification that parties have conferred in good faith to resolve disputes before filing a motion to compel. Civil L.R. 37 also demands written certification detailing the date, time, and participants, and confirming that the parties are unable to reach an accord. Here, Plaintiffs' motion lacks some of these certification details and thus does not comply with Civil L. R. 37 and should be dismissed. (ECF No. 110 at 10); *see United States v. Molinaro*, 683 F. Supp. 205, 209 (E.D. Wis. 1988).

### B. Plaintiffs' Motion to Compel Should Be Denied as Plaintiff's Interrogatory No. 8 and Request for Production of Documents No. 9 Are Burdensome and Disproportionate to the Needs of the Case.

Even if the Plaintiffs had complied with the local rules for filing their motion to compel, the motion should still be denied. It demands that the City of Kenosha either produce additional squad vehicle videos or certify their loss. (ECF No. 110 at 2). However, the City has repeatedly informed Plaintiffs that these requests are unreasonable and

2

Case 2:21-cv-00969-LA    Filed 08/30/24    Page 2 of 4    Document 112

burdensome, as they involve retrieving squad video data from a discontinued server for dates from August 24 to August 26, 2020. (ECF Nos. 110-10 at 2; 110-11 at 17 -18; 110-12 at 3). This burden is further compounded by the fact that the City has already produced all responsive squad videos related to the Jacob Blake and Rittenhouse investigations that were in evidence at the Kenosha Police Department. (ECF Nos. 110-11 at 16 -17; 110-12 at 3).

In light of this, the City of Kenosha argues that the requests are burdensome and not proportional to the needs of this case. They involve the expenditure of resources and effort to retrieve potentially non-relevant videos. *See* Fed. R. Civ. P. 26(b)(2)(B) (limiting the scope of discovery, especially for ESI); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (stating that courts should consider "the totality of the circumstances, weighing the value of the material sought against the burden of providing it," and taking into account society's interest in furthering "the truthseeking function" in the particular case before the court).

Moreover, the City is only required to conduct a reasonable inquiry into available information. *See* Fed. R. Civ. P. 33(b)(1)(B); *Loos v. Cnty. of Perry, Illinois*, 2021 WL 6427716, at *2 (S.D. Ill. Nov. 12, 2021). The City Defendants have already taken significant steps to locate responsive squad videos, including providing supplemental responses and hiring a third party to investigate data recovery and obtain a log of previous video contents, which they will share with Plaintiffs. (ECF Nos. 110.09; 110-10; 110-11 at 17 -18; 110-12; 110-13 at 16.).

City Defendants have made every effort to prepare a concise response to Plaintiffs'
3

Motion to Compel in accordance with Civil Local Rule 7(h). However, due to the nature of the allegations raised in Plaintiffs' motion and its length, City Defendants cannot fully address each issue and would be prejudiced without an opportunity to respond adequately. Therefore, City Defendants respectfully request that the Court issue an order summarily dismissing Plaintiffs' motion for failing to comply with local rules and the Court's scheduling order, or, alternatively, permitting the City to file a response of up to 20 pages on September 13, 2024.

Dated: August 30, 2024.

STAFFORD ROSENBAUM LLP

*Electronically signed by Clementine Uwabera*
Ted Waskowski (SBN: 1003254)
Kyle W. Engelke (SBN: 1088993)
Clementine Uwabera (SBN: 1114847)
*Attorneys for Defendants Daniel G. Miskinis, Eric Larsen, City of Kenosha, Village of Menomonee Falls, City of West Allis and any John or Jane Doe Police Officers employed by the City of Kenosha, Village of Menomonee Falls or the City of West Allis*

222 West Washington Avenue, Suite 900
Post Office Box 1784
Madison, Wisconsin 53701-1784
Email:    twaskowski@staffordlaw.com
          kengelke@staffordlaw.com
          cuwabera@staffordlaw.com
608.256.0226