Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JOHN HUBER, in his individual capacity
and as Personal Representative of the
ESTATE OF ANTHONY HUBER,

      Plaintiff,

  v.

DAVID G. BETH et al.,

      Defendants.

Case No. 21-CV-969

**DAVID G. BETH, KENOSHA COUNTY, WAUKESHA COUNTY, RACINE COUNTY, SAUK COUNTY, WALWORTH COUNTY, AND WASHINGTON COUNTY'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO INDIVIDUAL OFFICERS**

Defendants, David G. Beth, Kenosha County, Waukesha County, Racine County, Sauk County, Walworth County, and Washington County ("County Defendants"), by their attorneys, CRIVELLO, NICHOLS & HALL, S.C., hereby respond to Plaintiff's First set of Interrogatories to Individual Officers as follows.

### GENERAL OBJECTIONS

Sheriff Beth incorporates by reference the general objections set forth in the County Defendants' responses to Plaintiff's Interrogatories to County Defendants.

### Interrogatories

**INTERROGATORY NO. 1:** Under oath, please identify by name and address all Persons who, to the best of your understanding, have knowledge of facts that relate to

any of the claims or defenses in these actions, including but not limited to all Persons who are not listed by name in the parties' Rule 26(a)(1) initial disclosures. For each Person with knowledge responsive to this Interrogatory, please describe with particularity any categories of facts known by each such Person relating to the claims and defenses in this action, including all categories of facts about which the Person may be competent to testify at trial.

If this Interrogatory is answered by incorporating Documents, please provide the identities of any additional Persons who are not listed in the Documents that you reference, as well as any categories of facts known to any witness relating to the claims or defense in this action that are not reflected in the Documents that you reference; in the event that you fail to do so, Plaintiffs will assume the witnesses and the substance of their testimony is strictly limited to what is contained in the Documents that you reference.

**RESPONSE: Objection. This Interrogatory is overbroad, unduly burdensome, not proportional to the needs of the case, vague, and attempts to place an impossible burden upon the municipal defendants. More specifically, this Interrogatory is impermissibly vague and overly broad through the use of the phrase "facts that relate to any of the claims or defenses in these actions."**

**Without waiving these objections and in an effort to be responsive, law enforcement officers from at least 30 different agencies responded to the request for mutual aid assistance in Kenosha related to the Protests (as that term is defined by Plaintiff in its Interrogatories to Individual Officer Defendants). Similarly, hundreds of troops from the Wisconsin National Guard were deployed in downtown Kenosha to assist in the response to the Protests, and officers and agents from several outside law enforcement agencies including the FBI were present on the scene during the Protests even though they were not specifically responding to the request for mutual aid.**

2

**This Interrogatory** seeks information for which David Beth lacks personal knowledge, including "categories of facts known by each such Person" and whether or to what extent any of these Persons are competent to testify at trial. At most, Beth can only provide the identities of persons who, to the best of his understanding, may have knowledge about the events giving rise to the allegations in the Complaint; and he can provide general information about the general category or categories of information about which, to the best of his knowledge, these Persons may know.

For a list of law enforcement officers that responded to the protests, see response to Interrogatory No. 1 to the County Defendants. Upon information and belief, these individuals have knowledge about the response to unrest, including but not limited to their own personal observations of and/or interactions with protestors, any orders or instructions they were given, whether they used any force, and their general locations within downtown Kenosha during the relevant dates.

**INTERROGATORY NO. 2:** Under oath, please identify all Complaints that have ever been made against any of the Individual Officer Defendants and any other law enforcement officer from Your agency that was assigned to the Protests relating to their roles as law enforcement officials (including Plaintiff's Complaint or any Complaints which presently remain pending), including but not limited to any and all internal affairs, intra- or inter-departmental, and citizen complaints alleging dishonest behavior, lying under oath, racist or discriminatory conduct, and lawsuits or administrative complaints filed in state or federal courts or agencies alleging police misconduct. A complete answer to this Interrogatory will include, but is not limited to, the following information: (1) the date of each Complaint; (2) a detailed description of the nature of each Complaint; (3) an identifying number of each Complaint; and (4) how each Complaint was resolved, including any discipline imposed in connection with each Complaint. If you do not possess an identifying number of a particular Complaint, please investigate and obtain it.

**RESPONSE:** Objection. This Interrogatory is overly broad and therefore exceeds the permissible scope of discovery as set forth in FRCP 26(b) for the lack of any time limits. Further, the information requested exceeds the permissible scope of discovery because the Interrogatory makes no attempt to relate the information requested to any fact that is of consequence to any claim or defense in this action, let alone to any specific alleged act; moreover, the Interrogatory seeks information that has no bearing on any complaint against any particular officer pertaining to any specific event that occurred in Kenosha during the Protests. Accordingly, Sheriff Beth objects on the basis that the Interrogatory is overbroad, unduly burdensome and is not proportional to the needs of the case.

Without waiving the objections and in an effort to be responsive, Sheriff Beth, who retired on January 3, 2023, does not have specific personal knowledge regarding any complaints made against the other individually named defendants or any officers from his agency, and he no longer has access to any documents or other departmental information that might refresh his recollection. At most, he can state that based on his current knowledge and understanding, he is unaware of any internal affairs, intra- or inter-departmental, or citizen complaints alleging dishonest behavior, lying under oath, racist or discriminatory conduct against any KCSD officer who responded to the protests. As further answer, information about complaints of any kind made against a KCSD officer is contained in each officer's personnel file.

As for lawsuits alleging police misconduct, Sheriff Beth is generally aware that from time to time, KCSD officers have been named as defendants in civil rights lawsuits—himself included, because he was the official policymaker for purposes of claims against Kenosha County when he became sheriff in January, 2003. He does not have specific personal knowledge regarding any of those lawsuits and any inquiries regarding those lawsuits are best directed to corporation counsel's office and/or the County's insurer. Alternatively, information regarding such lawsuits is publicly available to Plaintiff.

**INTERROGATORY NO. 3:** Under oath, please identify every Communication that you have had about any of the allegations, events, or circumstances described in Plaintiff's Complaint with any Person, including but not limited to law enforcement officers, private citizens, Kyle Rittenhouse, Rusten Sheskey, Kevin Mathewson, Dominic Black, Ryan Balch, and any of the other Individual Defendant Officers, any other employee or agent of the Municipal and/or County Defendants, any other prosecutor

or law enforcement authority, or any witness to the events described in Plaintiff's Complaint. For each such Communication, please: (a) state with particularity the substance of the Communication; (b) identify everyone involved in the Communication; (c) provide the date of the Communication; and (d) state whether or not the Communication was memorialized in a police report or other Document. If you answer this Interrogatory by referring to Documents, please state under oath that the sum total of Communications responsive to this Interrogatory are contained in the Documents that you reference.

**RESPONSE: Objection. This Interrogatory is overly broad and unduly burdensome, and therefore it exceeds the permissible scope of discovery as set forth in FRCP 26(b). Sheriff Beth could not even begin to identify every communication he had about the allegations, events, or circumstances described in Plaintiff's Complaint. Over the course of more than seven days, during which time he was almost exclusively located at the command post at Bradford High School for 18+ hours a day, he spoke to hundreds if not thousands of people, including but not limited to law enforcement officers from many different agencies, including the FBI, the Wisconsin State Patrol, and the National Guard; local, state, and federal officials, including elected officials; citizens, constituents, and other stakeholders; and the press about any number of things that are or may in some way be related to the unrest in downtown Kenosha in August, 2020. At one point, there were almost 3,000 other people present at the command post and he may have spoken with any number of them. He recalls Lieutenant Urquhart and Detective Bliss being present at the command post with him at various times, along with Chief Miskinis, the chief deputy from the Racine Sheriff's Department, and other members of the Kenosha Police Department. Although he cannot recall with any specificity, he also likely had conversations with administrative staff, corporation counsel's office, and other County employees during and after the civil unrest that in some way relate to the allegations, events, or circumstances described in Plaintiff's Complaint.**

**He recalls speaking to Jacob Blake's mother by phone on the evening of August 23, 2020 and learning the basics of what had happened that night. He recalls speaking to the mayor about people the mayor could reach out to in the community, like pastors or other community leaders, to help try to deescalate the increasingly tense situation. He believes his first conversation with Chief Miskinis about the shooting of Jacob Blake was on the morning of August 24, 2020 and he can only**

5

generally recall that they spoke about the events of the previous night; damage that had occurred to property, particularly to the Safety Building, the courthouse, and the administration building; and whether they thought things might escalate on the 24th. He is sure he spoke with Chief Miskinis several more times over the next two weeks about any number of things related to the protests. He also recalls generally that he discussed keeping people safe, the curfew, and the time of the curfew with several people, including the mayor, the county executive, the head of emergency government, the acting general for the National Guard, and other people in city and county government. He generally recalls that on the morning of August 24, 2020, a meeting was held at the mayor's office between himself, the mayor, the city administrator, the county executive, and Chief Miskinis where it was decided that Sheriff Beth would be the leader in charge at the command post. They also discussed what resources they could bring together and identified people they needed to talk to in the coming days to obtain those resources and assistance. He is sure he was also part of conversations about the fencing that was erected around the courthouse by the morning of the 25th. He generally recalls that conversations took place about concerns that protestors might try to enter the Safety Building, which also houses the County Jail and inmates that required protection, the sheriff's department, the police department, and joint services.

Law enforcement officers and investigators, particularly the FBI, kept him generally informed of things that they were monitoring on social media channels related to the protests. He was informed about the Rittenhouse shootings, although he does not recall precisely when or by whom.

Sheriff Beth spoke at a press conference on the afternoon of August 26, 2020 that was primarily related to the Rittenhouse shootings. While he does not recall the specifics of what he said, video of it is readily available online. However, he does recall explicitly stating that he would never deputize private, armed citizens and explaining why he would never do that.

Sheriff Beth has never spoken to Kyle Rittenhouse, Rusten Sheskey, Kevin Mathewson, Dominic Black, or Ryan Balch about anything at any time.

Sheriff Beth was also deposed in the case *Delaney v. Beth, et al.*, Eastern District of Wisconsin Case No. 20-CV-1519. Because that case involved a protestor who claimed he was injured by officers during the protests, Sheriff Beth's deposition testimony likely related in some way to at least some of the events or circumstances described in Plaintiff's Complaint.

**INTERROGATORY NO. 4:** Please identify any and all criminal convictions of any party or witness with knowledge relating to any of the claims or defenses of this action. For each such responsive conviction, identify: (a) the Person who has been

6

convicted and the nature of the conviction, and (b) the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609. Please be advised that your duty to supplement your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

**RESPONSE: Objection. This Interrogatory seeks information that is protected by work product protections and requires legal expert opinion, specifically as to the request for "the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609." Sheriff Beth is not a lawyer and lacks knowledge and foundation to provide any response to that portion of the Interrogatory. As for the request for information about criminal convictions, Sheriff Beth has no personal knowledge about any specific criminal convictions of any witnesses of whom he is aware. Any such information would be public record available to Plaintiff.**

**INTERROGATORY NO. 5**: Between August 23 and August 26, 2020, did you arrest or disarm any of the individuals that participated in an armed response to the Protests? If so, please identify every such individual arrested or disarmed, and the basis for the action taken. If not, please identify every basis for the decision not to arrest or disarm and such individuals.

**RESPONSE: No.**

**INTERROGATORY NO. 6:** Under oath, please Identify each action You took with regard to the Protests, including but not limited to being deployed on the streets during the Protest, supervising such officers, communicating with such officers, and/or planning, coordinating or directing the police or public response. For each act of assistance, please: (a) state with particularity the type of the assistance provided; (b)

7

identify or describe everyone involved in the assistance (including the person receiving the assistance); (c) provide the approximate date and time of the assistance; and (d) state whether or not the assistance was memorialized in a police report or other Document. If you answer this Interrogatory by referring to Documents, please state under oath that the sum total of Communications responsive to this Interrogatory are contained in the Documents that you reference.

**RESPONSE: Objection. This Interrogatory is impermissibly vague through the use of the term "actions" and the phrase "with regard to," neither of which is defined. Further, this Interrogatory is overly broad and unduly burdensome, and therefore it exceeds the permissible scope of discovery as set forth in FRCP 26(b). As explained in response to Interrogatory No. 3, Sheriff Beth could not even begin to identify "each action [he] took with regard to the Protests." Over the course of more than seven days, during which time he was often present at the command center for 18+ hours a day, he spoke with hundreds if not thousands of people and took hundreds if not thousands of "actions" that in some way related to the protests. Further, because he is now retired, he does not have access to any records that might refresh his recollection as to any particular "action" he took.**

**Nevertheless, in an effort to be responsive, and in addition to the information provided in response to Interrogatory No. 3, Sheriff Beth's job was to oversee the entire Kenosha County Sheriff's Department and all of the different activities that occur under or within the department. As discussed in response to Interrogatory No. 3, Sheriff Beth spoke to many people about many things at various times.**

**Sheriff Beth was stationed at the command post at Bradford High School starting on August 24, 2020 and although he cannot recall the specific times of his arrival, he arrived there each day when it was still light out. He also drove around the city at times during the day, prior to his arrival at the command post, to see what was going on. He recalls having debriefing meetings on a daily basis with various people, including Chief Miskinis, the mayor, and the county executive. He was generally working with others to keep track of the agencies and people who were arriving and assisting in the response to the protests.**

**Sheriff Beth did not play any role or take any actions in any post-incident investigations of the protests, or any criminal investigation of Kyle Rittenhouse or anyone else who was arrested and/or charged with a crime or curfew violation. Upon information and belief, any such investigations or prosecutions were conducted by agencies other than KCSD. Sheriff Beth played no role and took no action in the criminal prosecution of Kyle Rittenhouse.**

8

**INTERROGATORY NO. 7:** For any affirmative defenses that you have asserted or will assert in this matter, please describe the entire factual basis supporting each such defense and specifically identify any witnesses or physical, documentary, or testimonial evidence that supports each such defense. The information sought by this interrogatory is not a mere recitation of the statutory sections, case law, or common law invoked in the defense. Plaintiff requests that you provide a detailed description of every fact and legal basis on which the affirmative defense is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests. For example, if you intend at any point in this litigation to assert an immunity defense, please state all facts, evidence, and legal bases for such a defense, identifying any witnesses or physical, documentary, or testimonial evidence relating to the immunity defense.

**RESPONSE: Object that this Interrogatory seeks information protected by attorney-client privilege and the attorney work product doctrine as defined in Wis. Stats. § 905.03(2) and pursuant to FRE 501 because it seeks legal conclusions via the identification of facts that defense counsel believes may support their affirmative defenses. Further object that the Interrogatory is premature as discovery is just beginning.**

**INTERROGATORY NO. 8:** For punitive damages purposes, please estimate your net financial worth. Please describe how that net worth has been calculated by providing a balance sheet of all assets greater than $2,500 USD (including a description of any ownership of stock, mutual funds, real estate, etc.) and including all liabilities. Please also provide an income statement for the five years prior to the filing

9

of this complaint, including your annual salary and any income from any other source for those years.

**RESPONSE: Objection. Any such information is wholly irrelevant pursuant to Wis. Stat. § 895.46(1)(a). Sheriff Beth is alleged to have been acting (and was so acting) within the course and scope of his employment at all relevant times. "When the defendant is to be fully indemnified, such evidence [of personal financial condition], far from being required, is inadmissible. Thus, in some cases it is inadmissible, but in no cases is it required." *Kemezy v. Peters*, 79 F.3d 33, 36 (7th Cir. 1996) (regarding admissibility of evidence related to punitive damages); *see also Lawson v. Trowbridge*, 153 F.3d 368, 379 (7th Cir. 1998) (applying *Kemezy* to punitive damages in § 1983 claim for which defendants were indemnified under Wis. Stat. § 895.46).**

**INTERROGATORY NO. 9:** Did You or any of the other Person act inconsistently with any of the policies, customs, or practices (formal or informal, written or unwritten) of the City of Kenosha or Kenosha Police Department, the County of Kenosha or Kenosha County Sheriff's Department, as you understand them, at any point during the events described in Plaintiff's Complaint? If your answer is anything other than an unqualified "no," please: (a) identify any particular policy, custom, or practice which, to your knowledge was violated and by whom; (b) describe the circumstances and manner in which said policy, custom, or practice was violated; and (c) state whether any discipline resulted from that violation.

**RESPONSE: Objection. This Interrogatory is overly broad and exceeds the scope of FRCP 26(b)(1) and FRCP 33 because it does not confine the information sought to the relevant subject matter: violations of any policies that occurred while responding to the protests. Instead, as written, it seeks information about violations of any policies by anyone, anywhere, during a specific time period: "during the events described in Plaintiff's Complaint," which appear to span multiple days in August, 2020.**

10

**Sheriff Beth further objects to the use of the phrase "any of the other Person," as overly broad and unduly burdensome, because Plaintiff has defined "Person" as any individual, corporation, partnership, organization, or other legal entity—an egregiously vague and overbroad definition that literally includes every single person on earth, along with every single incorporated business in the United States, and any and every "group" of two or more people who decide to refer to themselves as or who otherwise consider themselves to be an "organization," including but not limited to the NBA, the NFL, or even the Flat Earth Society.**

**Without waiving the objections and in an effort to be responsive, as to Sheriff Beth, no. At most, Sheriff Beth can only say that he is unaware of any law enforcement officer who responded to the protests acting inconsistently with any policy, custom, or practice of Kenosha County or the Kenosha County Sheriff's Department during the officer's response. He has no personal knowledge or understanding of the "policies, customs, or practices (formal or informal, written or unwritten)" of the City of Kenosha or the Kenosha Police Department, so he can only respond to that portion of the Interrogatory with a no. And as to any other individual, corporation, partnership, organization, or other legal entity violating any such policies, customs, or practices during the relevant time period, Sheriff Beth lacks personal knowledge.**

**INTERROGATORY NO. 10:** Please state with specificity each activity, action, or task that you participated in related to the Protests, including the events described in Plaintiff's Complaint. For each activity, action, or task, please describe the Person, if any, who assigned you each activity, action, or task and the Person to whom you reported for each activity, action, or task. Please note that the scope of this Interrogatory includes both before, during, and after the Huber Death, Rosenbaum Death, and Grosskreutz Injury—including but not limited to actions at the scene, the supervision and direction of other officers, interviews with and statements of witnesses—and any subsequent investigation that took place, including related to Kyle Rittenhouse and any acts leading up to and during Rittenhouse's criminal trial and any steps undertaken at any time after the 'not guilty' verdict, up to and including the

11

present day. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your participation is described in the Documents that you reference.

**RESPONSE: Objection. This Interrogatory is duplicative of Interrogatory No. 6, particularly because Plaintiff provides no definition for "activity," "action," or "task," and all of the "actions" identified in Interrogatory No. 6 would arguably also constitute "activities" and "tasks" based on basic dictionary definitions of those terms. The same is true for "communications" as sought in Interrogatory No. 3, which would arguably constitute "actions" sought in Interrogatory No. 6. Without waiving the objection and in an effort to be responsive, see responses to Interrogatory No. 3 and Interrogatory No. 6.**

**INTERROGATORY NO. 11:** Did you maintain any personal notes, personal emails, or personal files relating to the events described in Plaintiff's Complaint? If the answer to this question is anything other than an unqualified "no," please describe the contents of your notes or files with sufficient particularity to enable a production request for all such notes or files. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your personal notes and personal files relating to the events described in Plaintiff's Complaint is contained in the Documents that you reference.

**RESPONSE: No.**

**INTERROGATORY NO. 12:** For any Document (which includes any body-worn camera footage, or other video or audio recording) requested in Plaintiff's discovery requests which has been lost, discarded or destroyed, please identify each such document as completely as possible and state the approximate date it was lost,

discarded or destroyed; the circumstances and manner in which it was lost, discarded or destroyed, including the identities of all persons involved; the reasons for disposing of the Document; the identity of any persons with knowledge of its content; and the identity of the last person known to have seen it.

**RESPONSE: Sheriff Beth has no personal knowledge about anything that would be responsive to this Interrogatory and has no personal knowledge about anything being lost, discarded, or destroyed.**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that, upon information and belief, the foregoing answers are true and correct.

Dated this ___ day of _____, 2023.

_____
DAVID G. BETH

AS TO OBJECTIONS:

Dated this 27th day of September, 2023.

By: s/ Sara C. Mills
SAMUEL C. HALL, JR.
State Bar No. 1045476
SARA C. MILLS

13

State Bar No. 1029470
MICAELA E. HAGGENJOS
State Bar No. 1118840
Attorneys for Defendants, David G. Beth, Kenosha County, Waukesha County, Racine County, Sauk County, Walworth County, and Washington County
CRIVELLO, NICHOLS & HALL, S.C.
710 N. Plankinton Avenue, Suite 500
Milwaukee, WI 53203
Phone: (414) 271-7722
Fax: (414) 271-4438
E-mail: shall@crivellolaw.com
smills@crivellolaw.com
mhaggenjos@crivellolaw.com