| | |
|---|---|
| **From:** | Clementine Uwabera |
| **To:** | Quinn Rallins; Steve Art; Alyssa Martinez; Dan Twetten; kmotley@motleylegal.com |
| **Cc:** | Kyle Engelke; Melissa Hammersley; Nicole K. Bailey |
| **Subject:** | Huber v. Beth, et al. - City Defendants" Phone Communications |
| **Date:** | Thursday, December 19, 2024 4:07:18 PM |
| **Attachments:** | 45K2230-CITYDEF075878 - Nosalik Phone Data.PDF |

Quinn,

Please find below the City Defendants' responses (in blue) and the attached supplemental production, which addresses your November 18, 2024 email requesting certain phone communications, visual and audio footage, and reports.

Thank you,

Clementine

**STAFFORD ROSENBAUM**

Celebrating **140** Years of Excellence

**Clementine Uwabera | Partner**
cuwabera@staffordlaw.com | 608.210.6314 | Fax. 608.259.2600 |
222 West Washington Avenue, Suite 900
P.O. Box 1784 | Madison, Wisconsin 53701-1784
www.staffordlaw.com

*Wisconsin member firm of ALFA International,
the premiere global network of independent law firms.*

This is a transmission from the law firm of Stafford Rosenbaum LLP and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify me immediately at the telephone number included above.

**From:** Quinn Rallins <rallins@loevy.com>
**Sent:** Monday, November 18, 2024 1:30 PM
**To:** Kyle Engelke <kengelke@staffordlaw.com>; Clementine Uwabera <cuwabera@staffordlaw.com>
**Cc:** Anand Swaminathan <anand@loevy.com>; Steve Art <Steve@loevy.com>; Alyssa Martinez <alyssa@loevy.com>; Dan Twetten <dan@loevy.com>; kmotley motleylegal.com <kmotley@motleylegal.com>
**Subject:** [External] - Re: Huber v. Beth, et al. - City Defendants' Phone Communications

Counsel:

We've been sorting through the City Defendants' production and believe that some items remain outstanding.

1. **Phone Communications:** During Officer Moretti and Lt. Joseph Nosalik's testimonies, they indicated that they had city-issued cell phones during the protests. For example, Lt. Nosalik testified that he brought his phone with him when he was dispatched to the rooftop of the courthouse (and was on the rooftop when Plaintiffs' were shot). Given that Nosalik was the City of Kenosha's Public Information officer during the protests and was responsible, in conjunction with Chief Miskinis, for handling the flow of information going out to the general public, we are shocked that the City has not produced any text messages between Nosalik and other officers, including Chief Miskinis, while he was on the rooftop during the protests. Accordingly, can you please

provide an update into the City Defendants investigations into the phone communications of their officers who were dispatched to the protests, including text messages during the Kenosha protests? For example, have you produced all phone communications from Miskinis's and Larsen's city-issued (and personal) cell phones during the protests. As another example, have you produced the phone communications from the City of West Allis or Menomonee Falls' Officers who were dispatched. If these phone communications have already been produced, please kindly direct us to the production. IWe are requesting the phone communications from each City Defendant's officers who were dispatched, as well as Defendants Miskinish and Larsen.

**RESPONSE:** First, there was no agreement to search the phones (whether department-issued or personal) of _every_ officer dispatched to the protests. Pursuant to the parties' negotiated ESI protocol, the parties agreed to identify and search the _work_ phones of non-party employees of the City Defendants listed in their Rule 26(a)(1) disclosure. City Defendants have completed this search, and the Kenosha phone data, including data for officers identified in the City Defendants' disclosures, has already been produced. The Bates ranges for this phone data were previously provided in Kenosha's supplemental response to Huber's First Set of Requests for Production and Interrogatories, as well as in various correspondences from our office in May and July.

Officer Moretti did not have a department-issued cellphone during the unrest, so no phone data exists for him and, therefore, has not been produced. Regarding Officer Nosalik, my recollection from his deposition is that he had a department-issued phone with him on the roof from August 24–25. Kenosha cellphone data responsive to the plaintiff's request (i.e., the requested communications between Nosalik and Chief Miskinis) have already been produced, both through the ESI vendor (a link was forwarded to you in May 2024) along with text messages from other officers in July 2024. The Bates ranges for the phone data are identified in those correspondences and supplemental responses. We have included with this email responsive text messages from Nosalik's department issued phone. _See_ CITYDEF075878

Regarding the named parties, specifically Miskinis and Larsen, the parties' November 22, 2023, email agreement drew a distinction between Larsen (sued only in his official capacity) and Miskinis (sued in his personal and official capacity). City Defendants understood from the agreement that the plaintiffs were seeking only communications related to the unrest response that occurred on Miskinis' personal phone, as he was sued personally. At the time of the agreement, we confirmed that Chief Miskinis did not use his personal phone or email for work-related communications. As such, no relevant or responsive communications from his personal texts exist, and none were produced. Similarly, Larsen keeps his work email and phone separate from his personal phone, so no relevant or responsive communications from his personal texts or email exist, and none were produced.

As for Miskinis' phone data on his department-issued phone, that was previously produced on July 26, 2024, with the corresponding Bates ranges listed in our July 26, 2024, cover letter. As for Larsen's phone data on his department-issued phone, no relevant or responsive communications exist, and none were produced.

Phone data from the City of West Allis was previously produced on May 29, 2024, and the

corresponding Bates ranges are listed in the City Defendants' supplemental responses. As for Menomonee Falls, none of the officers who responded to the unrest had department-issued phones.

2. **Visual Audio Footage and Reports** We do not believe that we have received the body cameras, MRAP, or Bearcat footage from the Menomonee Falls Officers. We also do not see the produced reports from the officers dispatched to the protests. Please let us know if these have been produced yet. If so, please direct us to where it is located.

**RESPONSE:** Menomonee Falls does not have any BWC or squad videos to produce, nor are there any reports. None of the MFPD officers responded in MFPD vehicles; they reported to the Waukesha County Sheriff's Office and caravanned in county vehicles to Kenosha. The individual officers did not generate police reports or other records as part of their involvement in these units. Please refer to Menomonee Falls' Supplemental Responses to Huber's First Set of Interrogatories for more details. Moreover, Menomonee Falls has produced a few short videos from the protests. The Bates ranges for these videos were previously provided in Menomonee Falls' supplemental response to Huber's First Set of Requests for Production.

Thank you.

_____
**Quinn K. Rallins**

Office: (312) 243-5900
Fax: (312) 243-5902
311 N Aberdeen St, Chicago, IL 60607
**www.loevy.com**