**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

| | | |
|---|---|---|
| JOHN HUBER, in his individual capacity and as Personal Representative of the ESTATE OF ANTHONY HUBER, <br> Plaintiff, <br> v. <br><br> DAVID G. BETH, in his individual and Official capacity as Kenosha County Sheriff, et al., <br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:21-cv-00969-LA |

| | | |
|---|---|---|
| GAIGE GROSSKREUTZ, <br> Plaintiff, <br> v. <br><br> THE CITY OF KENOSHA, et al., <br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:21 cv 01192-LA <br> (Consolidated with <br> No. 2:21-cv-00969-LA) |

## CITY OF DEFENDANTS' RESPONSES TO
## PLAINTIFF HUBER'S SECOND TO SET OF REQUESTS TO ADMIT

Defendants City of Kenosha, Daniel Miskinis, and Eric Larsen (together, "City Defendants"), by their attorneys, Stafford Rosenbaum LLP, respond to Plaintiffs' Second Set of Requests to Admit as follows:

### GENERAL OBJECTIONS

The following General Objections apply to each individually numbered request to admit [hereinafter "Discovery Requests"] and shall have the same force and effect as if set forth in full in response to each Discovery Request. Any failure to repeat all or part of these

EXHIBIT F

General Objections in any specific response shall not constitute a waiver or relinquishment of such objections.

1.      City Defendants object to the "Definitions" and "Instructions" set forth in the discovery requests to the extent that they purport to impose obligations and demands upon City Defendants beyond those imposed by the Federal Rules of Civil Procedure and/or which contradict the plain language of the request.

2.      This general objection includes objection to the definitions from Huber's Discovery Requests purporting to include in the respective definitions of "Kenosha Police Department", "Wisconsin Department of Criminal Investigation", "Wisconsin State Patrol", Kenosha County Sheriff's Department", "Kenosha County District Attorney's Office", and U.S. Department of Justice" not only (1) "past affiliates", but also (2) "former officers, investigators, officials, principals, employees (both sworn and unsworn), agents or other persons (including without limitation, its attorneys, experts and advisors) acting or purporting to act on its behalf." City Defendants object to the definition of "Individual Officer Defendant(s)" insofar as it includes "Unknown Officers" as it requires the City Defendants to identify individuals not named in this litigation without any discernible conditions, making it impossible to determine the information or documents sought regarding "Unknown Officers." Similarly, City Defendants object to the definition of "Municipal Defendants" to the extent the definition seeks information or production from all conceivable employees, representative, agents etc. and "other persons acting on its behalf." The scope of this definition results in requests that are impermissibly vague, overly broad, unduly burdensome and not in proportion to the needs of the case. City

Defendants cannot begin to identify every communication and/or circumstance (from every person) arguably captured by the scope of the requests for the hundreds of law enforcement officials that responded to the emergency circumstances that existed at the time and accordingly objects. City Defendants also specifically objects to the definition of "Complaint" as vague, overly broad and not proportionate to the needs of the case seeking discovery regarding "any complaint or criticism" with no discernible limitation.

3. City Defendants object to the Discovery Requests to the extent they seek or may be construed to seek, information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense or common interest privileges or any other applicable privilege, protection or doctrine. Any disclosure of privileged or protected information or documents in City Defendants' answers are inadvertent and do not constitute a waiver of any privilege, protection or doctrine.

4. City Defendants further object to Huber's Discovery Requests to the extent that they seek confidential information and documents.

5. City Defendants further object to Huber's Discovery Requests to the extent that they seek confidential, sensitive information and/or information and documents that is likely to subject party to annoyance, embarrassment, oppression or undue burden or expense absent the entry of an appropriate protective order.

6. City Defendants further object to Huber's Discovery Requests to the extent that they seek information and documents that are not relevant to the subject matter of this action, not reasonably calculated to lead to the discovery of admissible evidence, and/or are not proportional to the needs of the case.

7.     City Defendants further object to Huber's Discovery Requests to the extent that they are overly broad, unduly burdensome or would cause City Defendants to incur undue expense.

8.     City Defendants object to Huber's Discovery Requests to the extent they seek information already in Plaintiffs' possession or control.

9.     City Defendants further object to each request to the extent it seeks information from City Defendants that is in the possession, custody or control of other parties or entities.  Such requests are appropriately directed to the other party or entity itself and not to City Defendants.

10.    City Defendants further object to Huber's Discovery Requests to the extent that they seek information already in the public domain or that are attainable by Huber from a source other than City Defendants at no greater inconvenience, burden, or expense than Huber seeks to impose on City Defendants.

11.    City Defendants further object to Huber's Discovery Requests to the extent that they are overbroad or indefinite as to time.

12.    City Defendants further object to Huber's Discovery Requests to the extent that they call for a legal conclusion.

13.    City Defendants further object to any response (in all, or in part) as being deemed to be an admission that City Defendants accept or admit the existence of any fact set forth in or assumed by the request, and does not imply that City Defendants agree with the request's characterization of any facts.

14.    City Defendants' response to all or part of any request is not intended to be,

4

and shall not be construed as, a waiver by City Defendants of any objection to Huber's Discovery Requests. If City Defendants assert a specific objection or these General Objections in responding to a request, and then, without waiving their objections, state, in substance, that they will produce documents that are responsive, such response is solely for the purposes of: (1) aiding discovery; and (2) demonstrating City Defendants' good faith effort to supply information.

15. A specific reference to a particular General Objection in the following responses is not intended to exclude the application of the other General Objections to that response or of the General Objection to other responses and shall not constitute a waiver thereof.

16. City Defendants reserve all objections as to the competence, relevance, materiality and admissibility of their responses or the subject matter thereof, and all rights to object on any ground to the use of their responses, or subject matter thereof, in any subsequent proceeding, including without limitation the trial of this or any other action.

17. City Defendants have not completed their discovery and investigation, nor have they concluded their analysis of the documents gathered to date as they relate to Huber's Discovery Requests. These objections, therefore, are based upon information currently known by City Defendants. City Defendants reserve the right to modify, supplement, add to or amend their responses and/or objection to Huber's Discovery Requests.

## REQUESTS TO ADMIT

1. Admit that, between August 23-26, 2020, Defendant Kenosha County Sheriff

David Beth's non-government issued, personal cell phone number was (262) 878- 9669.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants state that after reasonable inquiry, the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

2. Admit that, between August 23-26, 2020, Defendant Kenosha County Sheriff David Beth's government-issued, work cell phone number was (262) 878-9669.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants state that after reasonable inquiry, the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

3. Admit that, between August 23-26, 2020, Defendant Kenosha Police Department Chief Daniel Miskinis' non-government issued, personal cell phone number was (362) 945-7643.

RESPONSE: City Defendants hereby incorporate each of the above General Objections by reference. This Request seeks private information that is protected from disclosure and is neither relevant nor proportional to the needs of the case, particularly as Chief Daniel Miskinis did not use his personal, non-government-issued cellphone for any work-related communications during the unrest from August 23-26, 2020. Additionally, this Request exceeds the scope of the Parties' ESI Agreement.

4. Admit that, between August 23-26, 2020, Defendant Kenosha Police Department Chief Daniel Miskinis' government issued, work cell phone number was (362) 945-7643.

RESPONSE: City Defendants incorporate each of the above General Objections by

reference. Subject to these objections, City Defendants, deny. City Defendants affirmatively allege that Chief Miskinis' government issued, work cell phone number was 262-945-7643.

> 5. Admit that, between August 23-26, 2020, Defendant Kenosha Police Department Chief Eric Larsen's non-government issued, personal cell phone number was (262) 945-8962.

RESPONSE: City Defendants hereby incorporate each of the above General Objections by reference. This Request seeks private information that is protected from disclosure and is neither relevant nor proportional to the needs of the case, particularly as Chief Eric Larsen did not use his personal, non-government-issued cellphone for any work-related communications during the unrest from August 23-26, 2020. Additionally, this Request exceeds the scope of the Parties' ESI Agreement.

> 6. Admit that, between August 23-26, 2020, Defendant Kenosha Police Department Chief Eric Larsen's government-issued, work cell phone number was (262) 945-8962.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants, deny.

> 7. Admit that, between August 23-26, 2020, Kenosha County Sheriff's Department Chief Deputy Marc Levin's non-government issued, personal cell phone number was (262) 553-9372.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants state that after reasonable inquiry, the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

8.      Admit that, between August 23-26, 2020, Kenosha County Sheriff's Department Chief Deputy Marc Levin's government-issued, work cell phone number was (262) 553-9372.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants state that after reasonable inquiry, the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

9.      Admit that, between August 23-26, 2020, Kenosha Police Department Inspector Thomas Hansche's non-government issued, personal cell phone number was (262) 945-8070.

RESPONSE: City Defendants hereby incorporate each of the above General Objections by reference. This Request is overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence, as it seeks personal cell phone numbers of non-parties, which are irrelevant to the material facts of this case and not proportional to the needs of the case. Additionally, the Request seeks highly personal and private information of non-party police officers. Disclosing such information—especially when it is irrelevant and does not pertain to any named parties—would infringe upon the officer's right to privacy and safety.

City Defendants further assert that this Request is inconsistent with the negotiated terms of the Parties' ESI Agreement and exceeds its scope, particularly with regard to the request for private phone information from non-party witnesses employed by the City of Kenosha. During the negotiation of the Parties' Agreed Discovery Plan for Electronically Stored Information ("ESI"), the City Defendants specifically requested that Exhibit A (Dkt. No. 107, p. 10) be revised to include the following: "County and Municipal Defendants

8

will search any department-issued phones for the time period of August 23–September 1st, for the search terms identified in Exhibit B." This revision was mutually agreed upon by all parties, including Plaintiff. The basis for this agreed revision to Exhibit A of the Parties' Agreed Discovery Plan on ESI was the mutual understanding that the personal cell phones or emails of non-party City employees would not be subject to search, as they are not within the possession, custody, or control of the City Defendants. However, despite this understanding (and email correspondence confirming the same), Plaintiff's counsel filed the current Parties' Agreed Discovery Plan for ESI (Dkt. No. 107)—signed only by Plaintiff's counsel—in a form that deviates from the agreed-upon terms, particularly by failing to include the City Defendants' requested revisions that specify only department-issued work phones would be subject to an ESI search. Consequently, City Defendants object to this Request, as it seeks information that directly contradicts the negotiated terms of the Parties' ESI Agreement.

Subject to these objections, City Defendants offer to meet and confer on this issue.

10. Admit that, between August 23-26, 2020, Kenosha Police Department Inspector Thomas Hansche's government-issued, work cell phone number was (262) 945-8070.

RESPONSE: City Defendants hereby incorporate each of the above General Objections by reference. Subject to these objections, deny.

11. Admit that, between August 23-26, 2020, Kenosha Police Department Captain Thomas Hamm's non-government issued, personal cell phone number was (262) 945-8962.

RESPONSE: City Defendants hereby incorporate each of the above General Objections by reference. This Request is overly broad, unduly burdensome, and unlikely

to lead to the discovery of admissible evidence, as it seeks personal cell phone numbers of non-parties, which are irrelevant to the material facts of this case and not proportional to the needs of the case. Additionally, the Request seeks highly personal and private information of non-party police officers. Disclosing such information--especially when it is irrelevant and does not pertain to any named parties—would infringe upon the officer's right to privacy and safety.

City Defendants further assert that this Request is inconsistent with the negotiated terms of the Parties' ESI Agreement and exceeds its scope, particularly with regard to the request for private phone information from non-party witnesses employed by the City of Kenosha. During the negotiation of the Parties' Agreed Discovery Plan for Electronically Stored Information ("ESI"), the City Defendants specifically requested that Exhibit A (Dkt. No. 107, p. 10) be revised to include the following: "County and Municipal Defendants will search any department-issued phones for the time period of August 23–September 1st, for the search terms identified in Exhibit B." This revision was mutually agreed upon by all parties, including Plaintiff. The basis for this agreed revision to Exhibit A of the Parties' Agreed Discovery Plan on ESI was the mutual understanding that the personal cell phones or emails of non-party City employees would not be subject to search, as they are not within the possession, custody, or control of the City Defendants. However, despite this understanding (and email correspondence confirming the same), Plaintiff's counsel filed the current Parties' Agreed Discovery Plan for ESI (Dkt. No. 107)—signed only by Plaintiff's counsel—in a form that deviates from the agreed-upon terms, particularly by failing to include the City Defendants' requested revisions that specify only department-

issued work phones would be subject to an ESI search. Consequently, City Defendants object to this Request, as it seeks information that directly contradicts the negotiated terms of the Parties' ESI Agreement.

Subject to these objections, City Defendants offer to meet and confer on this issue.

12. Admit that, between August 23-26, 2020, Kenosha Police Department Captain Thomas Hamm's government-issued, work cell phone number was (262) 945-8962.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. It also exceeds the scope of the parties' ESI agreement, as this Request seeks information related to non-party officers who are not identified in the City Defendants' Rule 26(a)(1) disclosures. Subject to these objections, admit.

13. Admit that, between August 23-26, 2020, Kenosha County Sheriff's Department Captain Robert Hallisy's non-government issued, personal cell phone number was (262) 694-3477.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants state that after reasonable inquiry, the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

14. Admit that, between August 23-26, 2020, Kenosha County Sheriff's Department Captain Robert Hallisy's government-issued, work cell phone number was (262) 694-3477.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants state that after reasonable inquiry, the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

15. Admit that, between August 23-26, 2020, Kenosha County Sheriff's Department Captain Justin Miller's non-government issued, personal cell phone number was (262) 358-5961.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants state that after reasonable inquiry, the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

16. Admit that, between August 23-26, 2020, Kenosha County Sheriff's Department Captain Justin Miller's government-issued, work cell phone number was (262) 358-5961.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants state that after reasonable inquiry, the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

17. Admit that, between August 23-26, 2020, Kenosha County Sheriff's Department Captain Bill Beth's non-government issued, personal cell phone number was (262) 818-9406.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants state that after reasonable inquiry, the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

18. Admit that, between August 23-26, 2020, Kenosha County Sheriff's Department Captain Bill Beth's government-issued, work cell phone number was (262) 818-9406.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants state that after reasonable inquiry,

the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

19. Admit that, between August 23-26, 2020, Kenosha Police Department Lieutenant Joseph Riesselmann's non-government issued, personal cell phone number was (262) 945-2177.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. This Request is overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence, as it seeks personal cell phone numbers of non-parties, which are irrelevant to the material facts of this case and not proportional to the needs of the case. Additionally, the Request seeks highly personal and private information of non-party police officers. Disclosing such information—especially when it is irrelevant and does not pertain to any named parties—would infringe upon the officer's right to privacy and safety.

City Defendants further assert that this Request is inconsistent with the negotiated terms of the Parties' ESI Agreement and exceeds its scope, particularly with regard to the request for private phone information from non-party witnesses employed by the City of Kenosha. During the negotiation of the Parties' Agreed Discovery Plan for Electronically Stored Information ("ESI"), the City Defendants specifically requested that Exhibit A (Dkt. No. 107, p. 10) be revised to include the following: "County and Municipal Defendants will search any department-issued phones for the time period of August 23–September 1st, for the search terms identified in Exhibit B." This revision was mutually agreed upon by all parties, including Plaintiff. The basis for this agreed revision to Exhibit A of the Parties' Agreed Discovery Plan on ESI was the mutual understanding that the personal cell phones

or emails of non-party City employees would not be subject to search, as they are not within the possession, custody, or control of the City Defendants. However, despite this understanding (and email correspondence confirming the same), Plaintiff's counsel filed the current Parties' Agreed Discovery Plan for ESI (Dkt. No. 107)—signed only by Plaintiff's counsel—in a form that deviates from the agreed-upon terms, particularly by failing to include the City Defendants' requested revisions that specify only department-issued work phones would be subject to an ESI search. Consequently, City Defendants object to this Request, as it seeks information that directly contradicts the negotiated terms of the Parties' ESI Agreement.

Subject to these objections, City Defendants offer to meet and confer on this issue.

20. Admit that, between August 23-26, 2020, Kenosha Police Department Lieutenant Joseph Riesselmann's government-issued, work cell phone number was (262) 945-2177.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. It also exceeds the scope of the parties' ESI agreement, as this Request seeks information related to non-party officers who are not identified in the City Defendants' Rule 26(a)(1) disclosures. Subject to these objections, deny.

21. Admit that, between August 23-26, 2020, Kenosha Police Department Captain Joseph Labatore's non-government issued, personal cell phone number was (262) 945-3747.

RESPONSE: City Defendants hereby incorporate each of the above General Objections by reference. This Request is overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence, as it seeks personal cell phone numbers of

non-parties, which are irrelevant to the material facts of this case and not proportional to the needs of the case. Additionally, the Request seeks highly personal and private information of non-party police officers. Disclosing such information--especially when it is irrelevant and does not pertain to any named parties—would infringe upon the officer's right to privacy and safety.

City Defendants further assert that this Request is inconsistent with the negotiated terms of the Parties' ESI Agreement and exceeds its scope, particularly with regard to the request for private phone information from non-party witnesses employed by the City of Kenosha. During the negotiation of the Parties' Agreed Discovery Plan for Electronically Stored Information ("ESI"), the City Defendants specifically requested that Exhibit A (Dkt. No. 107, p. 10) be revised to include the following: "County and Municipal Defendants will search any department-issued phones for the time period of August 23–September 1st, for the search terms identified in Exhibit B." This revision was mutually agreed upon by all parties, including Plaintiff. The basis for this agreed revision to Exhibit A of the Parties' Agreed Discovery Plan on ESI was the mutual understanding that the personal cell phones or emails of non-party City employees would not be subject to search, as they are not within the possession, custody, or control of the City Defendants.  However, despite this understanding (and email correspondence confirming the same), Plaintiff's counsel filed the current Parties' Agreed Discovery Plan for ESI (Dkt. No. 107)—signed only by Plaintiff's counsel—in a form that deviates from the agreed-upon terms, particularly by failing to include the City Defendants' requested revisions that specify only department-issued work phones would be subject to an ESI search. Consequently, City Defendants

object to this Request, as it seeks information that directly contradicts the negotiated terms of the Parties' ESI Agreement.

Subject to these objections, City Defendants offer to meet and confer on this issue.

22.   Admit that, between August 23-26, 2020, Kenosha Police Department Captain Joseph Labatore's government-issued, work cell phone number was (262) 945-3747.

RESPONSE: City Defendants hereby incorporate each of the above General Objections by reference.  Subject to these objections, deny.

23.   Admit that, between August 23-26, 2020, Kenosha Police Department Captain Brent Sagedal's non-government-issued, personal cell phone number was (262) 818-5877.

RESPONSE: City Defendants hereby incorporate each of the above General Objections by reference. This Request is overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence, as it seeks personal cell phone numbers of non-parties, which are irrelevant to the material facts of this case and not proportional to the needs of the case. Additionally, the Request seeks highly personal and private information of non-party police officers. Disclosing such information--especially when it is irrelevant and does not pertain to any named parties—would infringe upon the officer's right to privacy and safety.

City Defendants further assert that this Request is inconsistent with the negotiated terms of the Parties' ESI Agreement and exceeds its scope, particularly with regard to the request for private phone information from non-party witnesses employed by the City of Kenosha. During the negotiation of the Parties' Agreed Discovery Plan for Electronically Stored Information ("ESI"), the City Defendants specifically requested that Exhibit A (Dkt.

No. 107, p. 10) be revised to include the following: "County and Municipal Defendants will search any department-issued phones for the time period of August 23–September 1st, for the search terms identified in Exhibit B." This revision was mutually agreed upon by all parties, including Plaintiff. The basis for this agreed revision to Exhibit A of the Parties' Agreed Discovery Plan on ESI was the mutual understanding that the personal cell phones or emails of non-party City employees would not be subject to search, as they are not within the possession, custody, or control of the City Defendants. However, despite this understanding (and email correspondence confirming the same), Plaintiff's counsel filed the current Parties' Agreed Discovery Plan for ESI (Dkt. No. 107)—signed only by Plaintiff's counsel—in a form that deviates from the agreed-upon terms, particularly by failing to include the City Defendants' requested revisions that specify only department-issued work phones would be subject to an ESI search. Consequently, City Defendants object to this Request, as it seeks information that directly contradicts the negotiated terms of the Parties' ESI Agreement.

Subject to these objections, City Defendants offer to meet and confer on this issue.

24. Admit that, between August 23-26, 2020, Kenosha Police Department Captain Brent Sagedal's government-issued, work cell phone number was (262) 818-5877.

RESPONSE: City Defendants incorporate each of the above General Objections. It also exceeds the scope of the parties' ESI agreement, as this Request seeks information related to non-party officers who are not identified in the City Defendants' Rule 26(a)(1) disclosures. Subject to these objections, deny.

25. Admit that, between August 23-26, 2020, Kenosha Police Department

Captain James Beller's non-government-issued, personal cell phone number was (262) 705-1541.

RESPONSE: City Defendants hereby incorporate each of the above General Objections by reference. This Request is overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence, as it seeks personal cell phone numbers of non-parties, which are irrelevant to the material facts of this case and not proportional to the needs of the case. Additionally, the Request seeks highly personal and private information of non-party police officers. Disclosing such information--especially when it is irrelevant and does not pertain to any named parties—would infringe upon the officer's right to privacy and safety.

City Defendants further assert that this Request is inconsistent with the negotiated terms of the Parties' ESI Agreement and exceeds its scope, particularly with regard to the request for private phone information from non-party witnesses employed by the City of Kenosha. During the negotiation of the Parties' Agreed Discovery Plan for Electronically Stored Information ("ESI"), the City Defendants specifically requested that Exhibit A (Dkt. No. 107, p. 10) be revised to include the following: "County and Municipal Defendants will search any department-issued phones for the time period of August 23–September 1st, for the search terms identified in Exhibit B." This revision was mutually agreed upon by all parties, including Plaintiff. The basis for this agreed revision to Exhibit A of the Parties' Agreed Discovery Plan on ESI was the mutual understanding that the personal cell phones or emails of non-party City employees would not be subject to search, as they are not within the possession, custody, or control of the City Defendants. However, despite this

18

understanding (and email correspondence confirming the same), Plaintiff's counsel filed the current Parties' Agreed Discovery Plan for ESI (Dkt. No. 107)—signed only by Plaintiff's counsel—in a form that deviates from the agreed-upon terms, particularly by failing to include the City Defendants' requested revisions that specify only department-issued work phones would be subject to an ESI search. Consequently, City Defendants object to this Request, as it seeks information that directly contradicts the negotiated terms of the Parties' ESI Agreement.

Subject to these objections, City Defendants offer to meet and confer on this issue.

26. Admit that, between August 23-26, 2020, Kenosha Police Department Captain James Beller's government-issued, work cell phone number was (262) 705-1541.

RESPONSE: City Defendants hereby incorporate each of the above General Objections by reference. Subject to these objections, deny.

27. Admit that, between August 23-26, 2020, Kenosha County Sheriff's Department Lieutenant Thomas Gilley's non-government-issued, personal cell phone number was (262) 358-5123.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants state that after reasonable inquiry, the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

28. Admit that, between August 23-26, 2020, Kenosha County Sheriff's Department Lieutenant Thomas Gilley's government-issued, work cell phone number was (262) 358-5123.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants state that after reasonable inquiry,

the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

29.    Admit that, between August 23-26, 2020, Kenosha County Sheriff's Department Commander Kenneth Urquhart's non-government-issued, personal cell phone number was (262) 653-1367.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants state that after reasonable inquiry, the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

30.    Admit that, between August 23-26, 2020, Kenosha County Sheriff's Department Commander Kenneth Urquhart's government-issued, work cell phone number was (262) 653-1367.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants state that after reasonable inquiry, the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

31.    Admit that, between August 23-26, 2020, Kenosha County Sheriff's Department Lieutenant Steven Beranis's non-government-issued, personal cell phone number was (262) 672-5483.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants state that after reasonable inquiry, the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

32.    Admit that, between August 23-26, 2020, Kenosha County Sheriff's Department Lieutenant Steven Beranis's government-issued, work cell phone number was (262) 672-5483.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants state that after reasonable inquiry, the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

33.     Admit that, between August 23-26, 2020, Kenosha County Sheriff's Department Lieutenant Horace Staples' non-government-issued, personal cell phone number was (262) 654-2064.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants state that after reasonable inquiry, the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

34.     Admit that, between August 23-26, 2020, Kenosha County Sheriff's Department Lieutenant Horace Staples' government-issued, work cell phone number was (262) 654-2064.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants state that after reasonable inquiry, the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

35.     Admit that, between August 23-26, 2020, Kenosha County Sheriff's Department Lieutenant Eric Klinkhammer's non-government-issued, personal cell phone number was (262) 819-9144.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants state that after reasonable inquiry, the information they know or can readily obtain is insufficient to enable them to admit or

deny the subject matter of this Request.

36. Admit that, between August 23-26, 2020, Kenosha County Sheriff's Department Lieutenant Eric Klinkhammer's government-issued, work cell phone number was (262) 819-9144.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants state that after reasonable inquiry, the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

37. Admit that, between August 23-26, 2020, Kenosha County Sheriff's Department Lieutenant Rory Zuerlein's non-government-issued, personal cell phone number was (262) 960-3804.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants state that after reasonable inquiry, the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

38. Admit that, between August 23-26, 2020, Kenosha County Sheriff's Department Lieutenant Rory Zuerlein's government-issued, work cell phone number was (262) 960-3804.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants state that after reasonable inquiry, the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

39. Admit that, between August 23-26, 2020, Kenosha County Sheriff's Department Lieutenant Tony Gonzalez's non-government-issued, personal cell phone number was (262) 308-8574.

RESPONSE: City Defendants incorporate each of the above General Objections by

reference. Subject to these objections, City Defendants state that after reasonable inquiry, the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

40. Admit that, between August 23-26, 2020, Kenosha County Sheriff's Department Lieutenant Tony Gonzalez's government-issued, work cell phone number was (262) 308-8574.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants state that after reasonable inquiry, the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

41. Admit that, between August 23-26, 2020, Kenosha Police Department Lieutenant Timothy Schaal's non-government-issued, personal cell phone number was (262) 488-5982.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. This Request is overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence, as it seeks personal cell phone numbers of non-parties, which are irrelevant to the material facts of this case and not proportional to the needs of the case. Additionally, the Request seeks highly personal and private information of non-party police officers. Disclosing such information--especially when it is irrelevant and does not pertain to any named parties—would infringe upon the officer's right to privacy and safety.

City Defendants further assert that this Request is inconsistent with the negotiated terms of the Parties' ESI Agreement and exceeds its scope, particularly with regard to the request for private phone information from non-party witnesses employed by the City of

Kenosha. During the negotiation of the Parties' Agreed Discovery Plan for Electronically Stored Information ("ESI"), the City Defendants specifically requested that Exhibit A (Dkt. No. 107, p. 10) be revised to include the following: "County and Municipal Defendants will search any department-issued phones for the time period of August 23–September 1st, for the search terms identified in Exhibit B." This revision was mutually agreed upon by all parties, including Plaintiff. The basis for this agreed revision to Exhibit A of the Parties' Agreed Discovery Plan on ESI was the mutual understanding that the personal cell phones or emails of non-party City employees would not be subject to search, as they are not within the possession, custody, or control of the City Defendants. However, despite this understanding (and email correspondence confirming the same), Plaintiff's counsel filed the current Parties' Agreed Discovery Plan for ESI (Dkt. No. 107)—signed only by Plaintiff's counsel—in a form that deviates from the agreed-upon terms, particularly by failing to include the City Defendants' requested revisions that specify only department-issued work phones would be subject to an ESI search. Consequently, City Defendants object to this Request, as it seeks information that directly contradicts the negotiated terms of the Parties' ESI Agreement.

Subject to these objections, City Defendants offer to meet and confer on this issue.

42. Admit that, between August 23-26, 2020, Kenosha Police Department Lieutenant Timothy Schaal's government-issued, work cell phone number was (262) 488-5982.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. It also exceeds the scope of the parties' ESI agreement, as this Request seeks information related to non-party officers who are not identified in the City Defendants'

Rule 26(a)(1) disclosures. Subject to these objections, deny.

43.     Admit that, between August 23-26, 2020, Kenosha Police Department Lieutenant Farchone's non-government-issued, personal cell phone number was (262) 344-1592.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. This Request is overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence, as it seeks personal cell phone numbers of non-parties, which are irrelevant to the material facts of this case and not proportional to the needs of the case. Additionally, the Request seeks highly personal and private information of non-party police officers. Disclosing such information--especially when it is irrelevant and does not pertain to any named parties—would infringe upon the officer's right to privacy and safety.

City Defendants further assert that this Request is inconsistent with the negotiated terms of the Parties' ESI Agreement and exceeds its scope, particularly with regard to the request for private phone information from non-party witnesses employed by the City of Kenosha. During the negotiation of the Parties' Agreed Discovery Plan for Electronically Stored Information ("ESI"), the City Defendants specifically requested that Exhibit A (Dkt. No. 107, p. 10) be revised to include the following: "County and Municipal Defendants will search any department-issued phones for the time period of August 23–September 1st, for the search terms identified in Exhibit B." This revision was mutually agreed upon by all parties, including Plaintiff. The basis for this agreed revision to Exhibit A of the Parties' Agreed Discovery Plan on ESI was the mutual understanding that the personal cell phones or emails of non-party City employees would not be subject to search, as they are not within

the possession, custody, or control of the City Defendants. However, despite this understanding (and email correspondence confirming the same), Plaintiff's counsel filed the current Parties' Agreed Discovery Plan for ESI (Dkt. No. 107)—signed only by Plaintiff's counsel—in a form that deviates from the agreed-upon terms, particularly by failing to include the City Defendants' requested revisions that specify only department-issued work phones would be subject to an ESI search. Consequently, City Defendants object to this Request, as it seeks information that directly contradicts the negotiated terms of the Parties' ESI Agreement.

Subject to these objections, City Defendants offer to meet and confer on this issue.

44. Admit that, between August 23-26, 2020, Kenosha Police Department Lieutenant Farchone's government-issued, work cell phone number was (262) 344-1592.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. It also exceeds the scope of the parties' ESI agreement, as this Request seeks information related to non-party officers who are not identified in the City Defendants' Rule 26(a)(1) disclosures. Subject to these objections, deny.

45. Admit that, between August 23-26, 2020, Kenosha Police Department Lieutenant Dilhoff's non-government-issued, personal cell phone number was (262) 705-4585.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. This Request is overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence, as it seeks personal cell phone numbers of non-parties, which are irrelevant to the material facts of this case and not proportional to the needs of the case. Additionally, the Request seeks highly personal and private information of non-

party police officers. Disclosing such information--especially when it is irrelevant and does not pertain to any named parties—would infringe upon the officer's right to privacy and safety.

City Defendants further assert that this Request is inconsistent with the negotiated terms of the Parties' ESI Agreement and exceeds its scope, particularly with regard to the request for private phone information from non-party witnesses employed by the City of Kenosha. During the negotiation of the Parties' Agreed Discovery Plan for Electronically Stored Information ("ESI"), the City Defendants specifically requested that Exhibit A (Dkt. No. 107, p. 10) be revised to include the following: "County and Municipal Defendants will search any department-issued phones for the time period of August 23–September 1st, for the search terms identified in Exhibit B." This revision was mutually agreed upon by all parties, including Plaintiff. The basis for this agreed revision to Exhibit A of the Parties' Agreed Discovery Plan on ESI was the mutual understanding that the personal cell phones or emails of non-party City employees would not be subject to search, as they are not within the possession, custody, or control of the City Defendants. However, despite this understanding (and email correspondence confirming the same), Plaintiff's counsel filed the current Parties' Agreed Discovery Plan for ESI (Dkt. No. 107)—signed only by Plaintiff's counsel—in a form that deviates from the agreed-upon terms, particularly by failing to include the City Defendants' requested revisions that specify only department-issued work phones would be subject to an ESI search. Consequently, City Defendants object to this Request, as it seeks information that directly contradicts the negotiated terms of the Parties' ESI Agreement.

Subject to these objections, City Defendants offer to meet and confer on this issue.

46.     Admit that, between August 23-26, 2020, Kenosha Police Department Lieutenant Dilhoff's government-issued, work cell phone number was (262) 705-4585.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. City Defendants further object to this Request on the grounds that it seeks irrelevant information and is not proportional to the needs of the case. It also exceeds the scope of the parties' ESI agreement, as this Request seeks information related to non-party officers who are not identified in the City Defendants' Rule 26(a)(1) disclosures. Subject to these objections, deny.

47.     Admit that, between August 23-26, 2020, Kenosha Police Department Sergeant Tadas Zukauskas's non-government-issued, personal cell phone number was (847) 219-8356.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. This Request is overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence, as it seeks personal cell phone numbers of non-parties, which are irrelevant to the material facts of this case and not proportional to the needs of the case. Additionally, the Request seeks highly personal and private information of non-party police officers. Disclosing such information—especially when it is irrelevant and does not pertain to any named parties—would infringe upon the officer's right to privacy and safety.

City Defendants further assert that this Request is inconsistent with the negotiated terms of the Parties' ESI Agreement and exceeds its scope, particularly with regard to the request for private phone information from non-party witnesses employed by the City of

Kenosha. During the negotiation of the Parties' Agreed Discovery Plan for Electronically Stored Information ("ESI"), the City Defendants specifically requested that Exhibit A (Dkt. No. 107, p. 10) be revised to include the following: "County and Municipal Defendants will search any department-issued phones for the time period of August 23–September 1st, for the search terms identified in Exhibit B." This revision was mutually agreed upon by all parties, including Plaintiff. The basis for this agreed revision to Exhibit A of the Parties' Agreed Discovery Plan on ESI was the mutual understanding that the personal cell phones or emails of non-party City employees would not be subject to search, as they are not within the possession, custody, or control of the City Defendants. However, despite this understanding (and email correspondence confirming the same), Plaintiff's counsel filed the current Parties' Agreed Discovery Plan for ESI (Dkt. No. 107)—signed only by Plaintiff's counsel—in a form that deviates from the agreed-upon terms, particularly by failing to include the City Defendants' requested revisions that specify only department-issued work phones would be subject to an ESI search. Consequently, City Defendants object to this Request, as it seeks information that directly contradicts the negotiated terms of the Parties' ESI Agreement.

Subject to these objections, City Defendants offer to meet and confer on this issue.

48.     Admit that, between August 23-26, 2020, Kenosha Police Department Sergeant Tadas Zukauskas's government-issued, work cell phone number was (847) 219-8356.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. It also exceeds the scope of the parties' ESI agreement, as this Request seeks information related to non-party officers who are not identified in the City Defendants'

Rule 26(a)(1) disclosures. Subject to these objections, deny.

49. Admit that, between August 23-26, 2020, Kenosha County Sheriff's Department Sergeant David Zoerner's non-government-issued, personal cell phone number was (262) 948-3808.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants state that after reasonable inquiry, the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

50. Admit that, between August 23-26, 2020, Kenosha County Sheriff's Department Sergeant David Zoerner's government-issued, work cell phone number was (262) 948-3808.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants state that after reasonable inquiry, the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

51. Admit that, between August 23-26, 2020, Kenosha County Sheriff's Department Sergeant Christopher Hannah's non-government-issued, personal cell phone number was (262) 818-8102.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants state that after reasonable inquiry, the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

52. Admit that, between August 23-26, 2020, Kenosha County Sheriff's Department Sergeant Christopher Hannah's government-issued, work cell phone number was (262) 818-8102.

RESPONSE: City Defendants incorporate each of the above General Objections by

reference. Subject to these objections, City Defendants state that after reasonable inquiry, the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

53. Admit that, between August 23-26, 2020, Kenosha County Sheriff's Department Sergeant Keith Fonk's non-government-issued, personal cell phone number was (262) 764-1266.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants state that after reasonable inquiry, the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

54. Admit that, between August 23-26, 2020, Kenosha County Sheriff's Department Sergeant Keith Fonk's government-issued, work cell phone number was (262) 764-1266.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants state that after reasonable inquiry, the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

55. Admit that, between August 23-26, 2020, Kenosha County Sheriff's Department Sergeant Chase Forster's non-government-issued, personal cell phone number was (262) 914-4154.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants state that after reasonable inquiry, the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

56. Admit that, between August 23-26, 2020, Kenosha County Sheriff's

Department Sergeant Chase Forster's government-issued, work cell phone number was (262) 914-4154.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants state that after reasonable inquiry, the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

57. Admit that, between August 23-26, 2020, Kenosha County Sheriff's Department Sergeant Ryan Markowski's non-government-issued, personal cell phone number was (414) 690-0562.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants state that after reasonable inquiry, the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

58. Admit that, between August 23-26, 2020, Kenosha County Sheriff's Department Sergeant Ryan Markowski's government-issued, work cell phone number was (414) 690-0562.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants state that after reasonable inquiry, the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

59. Admit that, between August 23-26, 2020, Kenosha County Sheriff's Department Detective Daniel Bella's non-government-issued, personal cell phone number was (262) 605-9986.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants state that after reasonable inquiry,

the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

60. Admit that, between August 23-26, 2020, Kenosha County Sheriff's Department Detective Daniel Bella's government-issued, work cell phone number was (262) 605-9986.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants state that after reasonable inquiry, the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

61. Admit that, between August 23-26, 2020, Kenosha County Sheriff's Department Detective Troy Barnett's non-government-issued, personal cell phone number was (262) 605-5168.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants state that after reasonable inquiry, the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

62. Admit that, between August 23-26, 2020, Kenosha County Sheriff's Department Detective Troy Barnett's government-issued, work cell phone number was (262) 605-5168.

RESPONSE: City Defendants incorporate each of the above General Objections by reference. Subject to these objections, City Defendants state that after reasonable inquiry, the information they know or can readily obtain is insufficient to enable them to admit or deny the subject matter of this Request.

Dated:  March 17, 2025

                              STAFFORD ROSENBAUM LLP


                              _____
                              Ted Waskowski (SBN: 1003254)
                              Kyle W. Engelke (SBN: 1088993)
                              Clementine Uwabera (SBN: 1114847)
                              *Attorneys for Defendants Daniel G. Miskinis,*
                              *Eric Larsen, City of Kenosha, Village of*
                              *Menomonee Falls, City of West Allis and any*
                              *John or Jane Doe Police Officers employed by*
                              *the City of Kenosha, Village of Menomonee*
                              *Falls or the City of West Allis*

222 West Washington Avenue, Suite 900
Post Office Box 1784
Madison, Wisconsin 53701-1784
Email:        twaskowski@staffordlaw.com
              kengelke@staffordlaw.com
              cuwabera@staffordlaw.com
608.256.0226