

Clementine Uwabera

222 West Washington Avenue, Suite 900
P.O. Box 1784
Madison, WI  53701-1784
CUwabera@staffordlaw.com
608.210.6314

May 9, 2025

Jonathan I. Loevy                                    **VIA EMAIL**
Arthur Loevy
Daniel M. Tweeten
Anand Swaminathan
Steven Art
Quinn K. Rallins
Alyssa C. Martinez
Loevy & Loevy
311 N. Aberdeen St.
Third Floor
Chicago, IL  60607

RE:    *Huber v. Beth, et al*., Case No. 21-CV-969
       *Prediger v. City of Kenosha, et al.,* Case No. 21-CV-1192

Dear Counsel:

Please find enclosed the supplemental response to Plaintiff's Interrogatories Nos. 3 and 6
directed to the Municipal Defendants, along with the City Defendants' supplemental document
production in response to Plaintiff's Requests for Production Nos. 2 and 3. We have forwarded
the following documents to you today:

- CITYDEF075879-075893 (KPD Howard Phone Data)
- CITYDEF075894-075918 (KPD Antaramian Phone Data)
- CITYDEF075919-075924 (KPD Nosalik Phone Data)
- CITYDEF075925-075936 (WAPD Binter Phone Data)
- CITYDEF075937-075954 (WAPD Saftig Phone Data)
- CITYDEF075955-075956 (WAPD Corwin email data)

     Please also find the City of Kenosha's supplemental production of the native and image
files for phone data, available for download using the link that follows.  (No password is
required.) (CITYDEF075957 - CITYDEF075977) - Everlaw Link.

Madison Office

222 West Washington Avenue          608.256.0226
P.O. Box 1784                       888.655.4752
Madison, Wisconsin                  Fax 608.259.2600
53701-1784                          www.staffordlaw.com

Milwaukee Office

1200 North Mayfair Road             414.982.2850
Suite 430                           888.655.4752
Milwaukee, Wisconsin                Fax 414.982.2889
53226-3282                          www.staffordlaw.com

Case 2:21-cv-00969-LA    Filed 06/11/25    Page 1 of 4    Docu

This supplemental production is provided in response to the parties' February 13, 2025, meet and confer, as well as Plaintiffs' follow-up emails dated February 19, March 11, and March 19, 2025.

As an initial matter, City Defendants previously produced cellphone data. On May 29, 2024, the City of Kenosha produced both native and image files of phone data for officers identified in its Rule 26(a) disclosures via the e-discovery platform Everlaw. A supplemental production, which included additional cellphone data from both the City of Kenosha and the City of West Allis, was made on July 26, 2024, with corresponding Bates ranges identified in the City's supplemental responses. During the February 13, 2025, meet and confer, Plaintiffs' counsel incorrectly asserted that phone data was "missing," apparently unaware of the initial May 2024 production. Please review the previously produced records or consult the City's supplemental responses for clarification.

During that same meet and confer, Plaintiffs requested a spreadsheet-format version of text messages, similar to prior productions for Chief Miskinis (CITYDEF074978–074991) and Officer Nosalik (CITYDEF075878). In follow-up emails, Plaintiffs identified the following officers for whom they sought this format: Marc Levin, Ben Antaramian, Marty Howard, Captain Beller, Inspector Hansche, Captain Hamm, and Troy Barnett.

City Defendants have already produced native and image files, covering the requested timeframe of August 23 to September 1, 2020. The spreadsheets Plaintiffs request contain the same data that is already available on the discovery platform. Accordingly, reproducing that information in a different format would be duplicative. Nevertheless, in the spirit of cooperation, City Defendants have included spreadsheet-format phone data in this supplemental production. (CITYDEF075879-CITYDEF75924). The custodian of these spreadsheets is the City of Kenosha. We believed we have searched all work phones of officers identified in the City Defendants' Rule 26(a) disclosures.

There are no responsive text messages for Inspector Hansche during the relevant timeframe. Marc Levin and Troy Barnett were not employed by the City Defendants.

Plaintiffs have requested Officer Joseph Nosalik's phone communications from August 23 to September 1, 2020, in both spreadsheet format and as native and image files. The responsive native and image files are available on the discovery platform (see link above). As previously explained, these messages were initially not produced due to a labeling issue within the platform, where they were incorrectly categorized as "device owner" rather than being assigned to a specific phone number. This mislabeling prevented the correct identification of the message author.

That being said, the City had previously produced spreadsheet versions of Nosalik's communications from the Kenosha Protests (August 23–26, 2020), labeled CITYDEF075878.

These communications include messages from Chief Miskinis (whose messages have already been separately produced) and Gillian Drummond, Public Information Officer for the Wisconsin Department of Justice.

Plaintiffs also assert that the production of Chief Miskinis's work phone text messages is deficient, specifically alleging that it only covers August 25–26. Plaintiffs further question a three-hour gap between August 25 at 10:12 p.m. and August 26 at 1:10 a.m., during which no text messages appear.

Regarding this three-hour gap, the absence of text messages simply indicates that none were sent or received during that period. The extraction from Chief Miskinis's phone for August 25–26 is complete, and the production (CITYDEF074978–074991) maintains sequential numbering and consistent pagination, with no indication of missing entries. The custodian of these spreadsheets is the City of Kenosha.

The timeframe of August 25–26, 2020, reflects the scope of the original extraction conducted in response to an open records request. The City does not have additional data from Chief Miskinis's assigned phone. The City remains open to a meet and confer on this issue (in light of the fact that the covered time periods includes the shootings.)

Plaintiffs have requested phone records from West Allis Sgt. Corwin related to the Kenosha Protests. West Allis has already searched Sgt. Corwin's department-issued phone, and no records exist.

Additionally, Plaintiffs have requested the removal of redactions from the West Allis phone data (Bates numbers CITYDEF009093-009101). As outlined in the City Defendants' supplemental production, certain redactions have been removed after further review, revealing that they were responsive and not privileged or confidential. Any remaining redactions have been made to exclude irrelevant and non-responsive information, such as communications related to other investigations or personally identifiable information of non-parties. An overlay has also been added to clarify the basis for the redaction.

Finally, Plaintiffs have requested the production of Sgt. Corwin's email communications regarding his training, as referenced in his deposition. Please refer to the supplemental production above.

City Defendants continue to object to Plaintiffs' discovery requests to the extent they seek to search the phone data of *all* officers who worked during the Kenosha protests. This request is overbroad, unduly burdensome, vague, and not proportional to the needs of the case. Moreover, City Defendants maintain their objection to Plaintiffs' requests for personal cell phone data and the identification of personal cell phone numbers of *non-party* officers who participated in the Kenosha protests (*e.g.*, Plaintiffs' Second Request to Admit to City of Kenosha Nos. 5, 11, 21,

23, 25, 41, 43, 45, and 47). These requests are overly broad, unduly burdensome, and seek information that is wholly irrelevant to the issues in this litigation. Disclosing such information would violate the privacy of law enforcement officers by revealing confidential and personal information. Moreover, there is no reasonable likelihood that this information would produce relevant or admissible evidence, nor would it lead to the discovery of such evidence.

Even if the information were relevant—which it clearly is not—the dissemination of personal cell phone data would pose a significant security threat, particularly given that the individuals involved are or were active law enforcement officers. The security concerns associated with disclosing such sensitive data far outweigh any speculative relevance it might have, and therefore the request is not proportional to the needs of this case.

Moreover, these requests exceed the permissible scope of discovery, as they do not pertain to any claim or defense in this case. Additionally, disclosing this information would breach the terms of the agreed-upon ESI protocol, which excludes searches of personal devices.
Please feel free to contact us with any further questions.

Best regards,

STAFFORD ROSENBAUM LLP

Clementine Uwabera
CU:nkb