IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| JOHN HUBER, in his individual capacity and as Personal Representative of the ESTATE OF ANTHONY HUBER, | ) ) ) ) | Case No. 21-CV-969 |
| Plaintiff | ) ) | |
| vs. | ) ) | Hon. Lynn Adelman, District Judge |
| DAVID G. BETH, et al., | ) ) ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
INDIVIDUAL OFFICER DEFENDANTS**

Plaintiff JOHN HUBER, by his undersigned attorneys, propounds the following Interrogatories, pursuant to Federal Rule of Civil Procedure 33 and applicable local rules, upon Individual Officer Defendants to be answered under oath and in writing within thirty days after service hereof.

**DEFINITIONS AND INSTRUCTIONS**

1. "Plaintiff," "Huber," and "John," refer to Plaintiff John Huber, as well as his counsel and any of his representatives, agents, or other Persons acting on his behalf.

2. "Individual Officer Defendant(s)" shall refer to individual Defendants David Beth, Daniel Miskinis, Eric Larsen, and any other Unknown Officers that may become known as well as their counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other persons acting on their behalf.

3. "Municipal Defendant(s)" shall refer to Defendants City of Kenosha, Village of Menomonee Falls, and City of West Allis, including their subdivisions, departments, agencies, police departments, police department units, subsidiaries,

1

elected officials, corporate officers, and any other constituent entity within their control, as well as any counsel, consultants, employees, representatives, agents, contractors, experts, investigators, and other persons acting on its behalf.

4. "County Defendant(s)" shall refer to Defendants County of Kenosha, County of Waukesha, County of Racine, County of Sauk, County of Walworth, and County of Washington, including their subdivisions, departments, agencies, law departments, law department units, subsidiaries, elected officials, corporate officers, and any other constituent entity within their control, as well as any counsel, consultants, employees, representatives, agents, contractors, experts, investigators, and other persons acting on its behalf.

5. "Defendant Kyle Rittenhouse," "Rittenhouse," and "Kyle," shall refer to Defendant Kyle Rittenhouse, as well as his counsel and any of his representatives, agents, or other Persons acting on his behalf.

6. "Defendants" shall refer to Individual Officer Defendants, Municipal Defendants, County Defendants, and Defendant Kyle Rittenhouse.

7. "Person" shall refer to any individual, corporation, partnership, organization, or other legal entity.

8. "Huber Death," shall mean the shooting death of Anthony Huber by Kyle Rittenhouse on August 25, 2020.

9. "Rosenbaum Death," shall mean the shooting death of Joseph Rosenbaum by Kyle Rittenhouse on August 25, 2020.

10. "Grosskreutz Injury" shall mean the shooting injury of Gaige Grosskreutz by Kyle Rittenhouse on August 25, 2020.

11. "Rittenhouse Shooting Investigation" shall mean any actions taken by any Investigator in order to determine the cause or circumstances of, and/or the person or persons responsible for, the incident that resulted in the Huber Death, Rosenbaum Death and Grosskreutz Injury. This term is not limited solely to those actions leading to the prosecution of Plaintiff Kyle Rittenhouse, but includes actions taken with regard to any other possible witnesses.

12. "Investigators" shall mean any Persons who materially participated in the Rittenhouse Shooting Investigation. This not only includes the Individual

Officer Defendants but also any other law enforcement officers, prosecutors, co-workers, colleagues, assistants, agents, advisors, or entities who furnished any material support to the Rittenhouse Shooting Investigation.

13. "Plaintiff's Complaint" shall mean the operative pleading, which was filed in *Huber v. Beth, et al.*, No. No. 21-CV-969 (E.D. Wis.) (Dkt. 1), on August 17, 2021, or any amended version of that document filed, including those filed after these instructions are given.

14. "Complaint" refers to any complaint or criticism, including but not limited to written complaints, grievances, disciplinary records, personnel records, legal proceedings, or other Documents relating to any manner to your job performance or the job performance of any of your counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other persons acting on your behalf, regardless of the disposition of any resulting inquiry or investigation.

15. "Identify" with respect to a person, shall mean to provide that person's name, address, and telephone number. With respect to a Document, "identify" shall mean to provide the date of the Document, the author of the Document, the subject matter of the Document, and, where applicable, all recipients of the Document. With respect to a Communication, "identify" shall mean to provide the date of the Communication, the Person making the Communication, the subject matter of the Communication, and all Persons who received the Communication.

16. "Relate," "relating to," or "regarding" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

17. "Assistance" shall mean the act of helping or assisting someone or supplying help (including but not limited to providing medical support and distributing water persons during the protest).

18. "Protests" shall refer to the protests, demonstrations, marches and gatherings arising in the wake of the shooting of Jacob Blake, which took place in Kenosha, Wisconsin. Unless otherwise stated, the relevant time period for Protests is August 23 through 26, 2020.

19. "Communication" means the exchange of information between two or more Persons, whether orally, in writing (including but not limited to text messages, handwritten documents, to-from memos, emails, and informal or official reports, and any all electronically stored documents), or by any other means.

3

20. "And" and "or" mean "and/or" so that the terms are given their broadest possible meaning. In construing a request, the singular shall include the plural and the plural shall include the singular, and the use of a masculine, feminine, or neuter pronoun shall not exclude any of the others. The past tense includes the present tense and the present tense includes the past tense, where the clear meaning is not destroyed by the change.

21. "You" and "Your" shall refer to the Defendants responding to these Interrogatories, as well as all counsel, consultants, experts, investigators, representatives, agents or other Persons acting on such Defendants' behalf.

22. The term "Document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure and shall include any handwritten, typed, photographed, computerized, electronic, audio, video, or other graphical matter, regardless of how it is printed, stored or reproduced, in your possession, custody, or control, or known by you to exist, whether or not claimed to be privileged or otherwise excludable from discovery. Any Documents with any marks or notations, including but not limited to initials, routing instructions, date stamps, and any comments, marking or notation of any character, is to be considered a separate document. In addition, for any Document consisting of electronically stored information, each electronically stored version of that Document and all electronically stored information relating to that Document shall be considered a separate document.

23. Documents that are stored electronically shall be produced in their native format together with all metadata and other information associated with each document in its native electronic format.

24. Any request for a Document is also a request to produce all iterations of that Document, including all earlier and all later versions of that Document.

25. If there are no Documents in your possession, custody, or control responsive to a particular request, please so state and identify the particular request for which you have no responsive Documents in your possession, custody, or control.

26. If any Documents responsive to Plaintiff's discovery requests are known by you to exist but are not in your possession, custody, or control, please identify those Documents and the Person who has possession, custody, or control thereof.

27. In the event that any Document requested or identified by any discovery request has been destroyed or lost, please identify the Document destroyed or lost, its contents, the approximate date of each Document's destruction or loss, the identity of the persons who last observed the Document prior to its destruction or loss, and the reason for its destruction or circumstances of its loss.

4

28.     Unless otherwise stated, the relevant time period for Plaintiff's discovery requests shall be the period beginning five years prior to the date of Anthony Huber's death—*i.e.*, beginning August 25, 2015—and continuing until the conclusion of this litigation.

29.     In the event that you claim a privilege regarding any of the information sought in Plaintiff's discovery requests, please state the privilege claimed and provide sufficient information, including the type of information that has been withheld as purportedly privileged, so that the claim of privilege may be adjudicated. Please provide a privilege log of any and all Documents that you have withheld on the basis of the privilege asserted, including the number of pages in each document withheld, the type of document withheld, the date(s) of the document withheld, so that the claim of privilege may be adjudicated.

## INTERROGATORIES

1.     Under oath, please identify by name and address all Persons who, to the best of your understanding, have knowledge of facts that relate to any of the claims or defenses in this action, including but not limited to all Persons who are not listed in the parties' Rule 26(a)(1) Initial Disclosures. For each Person with knowledge responsive to this Interrogatory, please describe with particularity any categories of facts known by each such Person relating to the claims and defenses in this action, including all categories of facts about which the Person may be competent to testify at trial.

If this Interrogatory is answered by incorporating Documents, please provide the identities of any additional Persons who are not listed in the Documents that you reference, as well as any categories of facts known to any witness relating to the claims or defense in this action that are not reflected in the Documents that you reference; in the event that you fail to do so, Plaintiff will assume the witnesses and the substance of their testimony is strictly limited to what is contained in the Documents that you reference.

2.     Under oath, please identify all Complaints that have ever been made against You relating to their roles as law enforcement officials (including Plaintiff's Complaint or any Complaints which presently remain pending), including but not limited to any and all internal affairs, intra- or inter-departmental, and citizen complaints alleging dishonest behavior, lying under oath, and lawsuits or administrative complaints filed in state or federal courts or agencies alleging police misconduct. A complete answer to this Interrogatory will include, but is not limited to, the following information: (1) the date of each Complaint; (2) a detailed description of the nature of each Complaint; (3) an identifying number of each Complaint; and (4) how each Complaint was resolved, including any discipline imposed in connection

5

with each Complaint. If you do not possess an identifying number of a particular Complaint, please investigate and obtain it.

3. Under oath, please identify every Communication that you have had about any of the allegations, events, or circumstances described in Plaintiff's Complaint with any Person, including but not limited to law enforcement officers, private citizens, Kyle Rittenhouse, Rusten Sheskey, Kevin Mathewson, Dominic Black, Ryan Balch, and any of the other Individual Defendant Officers, any other employee or agent of the Municipal and/or County Defendants, any other prosecutor or law enforcement authority, or any witness to the events described in Plaintiff's Complaint. For each such Communication, please: (a) state with particularity the substance of the Communication; (b) identify everyone involved in the Communication; (c) provide the date of the Communication; and (d) state whether or not the Communication was memorialized in a police report or other Document. If you answer this Interrogatory by referring to Documents, please state under oath that the sum total of Communications responsive to this Interrogatory are contained in the Documents that you reference.

4. Please identify any and all criminal convictions of any party or witness with knowledge relating to any of the claims or defenses of this action. For each such responsive conviction, identify: (a) the Person who has been convicted and the nature of the conviction, and (b) the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609. Please be advised that your duty to supplement your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

5. Between August 23 and August 26, 2020, did You participate in, coordinate, or act as a decisionmaker regarding, the arrest or detention of any of the individuals that participated in the Protests, or in the armed response to the Protests? If so, please identify every such individual arrested or disarmed, and the basis for the action taken. If not, please identify every basis for the decision not to arrest or disarm and such individuals.

6. Under oath, please Identify each action You took with regard to the Protests, including but not limited to being deployed on the streets during the Protest, supervising such officers, communicating with such officers, and/or planning, coordinating or directing the police or public response. For each act of assistance, please: (a) state with particularity the type of the assistance provided; (b) identify or describe everyone involved in the assistance (including the person receiving the assistance); (c) provide the approximate date and time of the assistance; and (d) state whether or not the assistance was memorialized in a police report or other Document. If you answer this Interrogatory by referring to Documents, please state under oath

6

that the sum total of Communications responsive to this Interrogatory are contained in the Documents that you reference.

7. For any affirmative defenses that you have asserted or will assert in this matter, please describe the entire factual basis supporting each such defense and specifically identify any witnesses or physical, documentary, or testimonial evidence that supports each such defense. The information sought by this interrogatory is not a mere recitation of the statutory sections, case law, or common law invoked in the defense. Plaintiff requests that you provide a detailed description of every fact and legal basis on which the affirmative defense is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests. For example, if you intend at any point in this litigation to assert an immunity defense, please state all facts, evidence, and legal bases for such a defense, identifying any witnesses or physical, documentary, or testimonial evidence relating to the immunity defense.

8. For punitive damages purposes, please estimate your net financial worth. Please describe how that net worth has been calculated by providing a balance sheet of all assets greater than $2,500 USD (including a description of any ownership of stock, mutual funds, real estate, etc.) and including all liabilities. Please also provide an income statement for the five years prior to the filing of this complaint, including your annual salary and any income from any other source for those years.

9. Did You or any of the other Person act inconsistently with any of the policies, customs, or practices (formal or informal, written or unwritten) of the City of Kenosha or Kenosha Police Department, the County of Kenosha or Kenosha County Sheriff's Department, as you understand them, at any point during the events described in Plaintiff's Complaint? If your answer is anything other than an unqualified "no," please: (a) identify any particular policy, custom, or practice which, to your knowledge was violated and by whom; (b) describe the circumstances and manner in which said policy, custom, or practice was violated; and (c) state whether any discipline resulted from that violation.

10. Please state with specificity each activity, action, or task that you participated in related to the Protests, including the events described in Plaintiff's Complaint. For each activity, action, or task, please describe the Person, if any, who assigned you each activity, action, or task and the Person to whom you reported for each activity, action, or task. Please note that the scope of this Interrogatory includes both before, during, and after the Huber Death, Rosenbaum Death, and Grosskreutz Injury—including but not limited to actions at the scene, the supervision and direction of other officers, interviews with and statements of witnesses—and any subsequent investigation that took place, including related to Kyle Rittenhouse and any acts leading up to and during Rittenhouse's criminal trial and any steps undertaken at any time after the 'not guilty' verdict, up to and including the present day. If you answer this Interrogatory by referring to Documents, please affirm under

7

oath that the sum total of your participation is described in the Documents that you reference.

11.     Did you maintain any personal notes, personal emails, or personal files relating to the events described in Plaintiff's Complaint? If the answer to this question is anything other than an unqualified "no," please describe the contents of your notes or files with sufficient particularity to enable a production request for all such notes or files. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your personal notes and personal files relating to the events described in Plaintiff's Complaint is contained in the Documents that you reference.

12.     For any Document (which includes any body-worn camera footage, or other video or audio recording) requested in Plaintiff's discovery requests which has been lost, discarded or destroyed, please identify each such document as completely as possible and state the approximate date it was lost, discarded or destroyed; the circumstances and manner in which it was lost, discarded or destroyed, including the identities of all persons involved; the reasons for disposing of the Document; the identity of any persons with knowledge of its content; and the identity of the last person known to have seen it.

Respectfully Submitted,

**JOHN HUBER**

By:     /s/ Quinn K. Rallins
        *One of Plaintiff's Attorney*s

Jon Loevy
Dan Twetten
Anand Swaminathan
Steve Art
Quinn K. Rallins
LOEVY & LOEVY
311 N. Aberdeen St., Third Floor
Chicago, IL 60607
Phone: (312) 243-5900
rallins@loevy.com

8

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that she served the foregoing document upon all parties of record by electronic mail on July 7, 2023.

/s/ Anand Swaminathan
*One of Plaintiff's attorneys*