IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | | |
|---|---|---|
| JOHN HUBER, in his individual capacity and as Personal Representative of the ESTATE OF ANTHONY HUBER, | ) ) ) ) ) | Case No. 21-cv-00969-LA |
| Plaintiff, | ) ) | Hon. Lynn Adelman District Judge |
| v. | ) ) | |
| DAVID G. BETH, in his individual and official capacity as Kenosha County Sheriff, *et al.*, | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

| | | |
|---|---|---|
| PAUL HENRY PREDIGER, | ) ) | Case No. 21-cv-01192-LA |
| Plaintiff, | ) ) | (Consolidated with Case No. 21-cv-00969-LA) |
| v. | ) ) | |
| THE CITY OF KENOSHA, *et al.*, | ) ) | Hon. Lynn Adelman District Judge |
| | ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**PLAINTIFF'S SUPPLEMENT BASED ON NEW TESTIMONY IN SUPPORT OF MOTION TO COMPEL DEFENDANTS TO RESPOND TO DISCOVERY REQUESTS FOR THEIR OFFICER'S MISSING TEXT MESSAGES**

Currently pending before the Honorable Court is Plaintiffs' May 15, 2025 motion to compel documents from the Defendants (Dkt. 129-2). As set forth in Plaintiffs' motion, Defendants failed to properly respond to discovery requests related to officers' communications in response to Request for Production No. 3, supplement their responses to Interrogatory No. 3,

1

and Requests to Admit Nos. 1-2, 5, 9, 11, 13, 15, 17, 19, 21, 23, 25, 27, 29, 31, 33, 35, 37, 39, 41, 43, 45, 47, 49, 51, 53, 55, 57, 59, and 61,[1] relating to text messages sent by the Defendants' officers during the events surrounding the Rittenhouse shooting of Plaintiffs. Plaintiffs submit this supplement to provide the Court with additional information provided by third-party witness Kevin Mathewson, which was not available when Plaintiffs filed their motion.

As explained in Plaintiffs' reply, Defendants make a plethora of excuses for why Defendants Misknis's and Larsen's text messages have not been produced. The City claims that Defendant Chief Miskinis's phone "*may have* been factory reset," and they are currently investigating whether a third-party vendor or the phone service provider can recover Miskinis's missing messages. Dkt. 144 at 11. As for Defendant Deputy Chief Larsen, the City does not dispute that he had two cell phones during the protests. Dkt. 129-7; 129-8. (Exh. 5 at 2). Nevertheless, they have failed to produce any of Larsen's text messages, refuse to admit whether they were his personal phones, and have made no indication they will hire a third-party vendor to recover his text messages.

Plaintiffs have now deposed Kevin Mathewson and received the transcript from the deposition, and relevant excerpts are attached hereto as Exhibit A. This transcript supports Plaintiffs' contention that Defendant City of Kenosha, Defendant Miskinis, and Defendant Larsen have not properly responded to discovery requests, and that Kevin Mathewson communicated frequently via phone with the top brass, including internal affairs and Defendants

---

[1] Plaintiff is no longer moving to compel responses to Second Set of Requests to Admit Nos. 2, 8, 14, 16, 18, 28, 30 32, 34, 36, 38, 40, 50, 52, 54, 56, 58, 60, 62. Since Plaintiff's motion, the County Defendants have amended their responses to admit that the cell phone numbers officers used – including Chief Deputy Levin, Commander Urquhart, Captain Hallisy, Captain Miller, Captain Bill, Lt. Berani, Lt. Gilley, Lt. Staples, Lt. Klinkhammer, Lt. Zuerlein, Lt Tony Gonzalez, Sgt. Zoerner, Sgt Hannah, Sgt. Fonk, Sgt. Forster, Sgt. Markowski, Det. Bella, and Det. Barnett – were NOT their government issued cell phones. *See* Dtk. 136-1 Amended Responses to Second Set of Request to Admit Nos. 8, 14, 16, 18, 28, 30 32, 34, 36, 38, 40, 50, 52, 54, 56, 58, 60, 62. Defendants have also verified Sheriff Beth's government-issued cell phone number, but still have not produced a single text message from him (although the City has). *See* Requests to Admit Nos. 2.

Miskinis and Larsen.

By way of background, Mathewson was the self-proclaimed commander of the Kenosha Guard, a local militia group operating during the protests. Ex. A (Mathewson dep) at 73:12-24; 107:6-7. Previously, Mathewson was an alderman in the City of Kenosha. *Id*. at 17:25-18:2; 18:17-19:1. As an alderman, he was responsible for approving the Kenosha Police Department's budget. *Id*. at 20:11-15. Chief Miskinis would meet personally with Mathewson at McDonald's where they would discuss law enforcement matters. *Id.* at 31:8-32:25.

On August 25, 2020, the morning before Anthony Huber was killed and Paul Prediger was shot, Mathewson sent Police Chief Miskinis and Lt. Nosalik (head of Internal Affairs) an email informing them that his militia group, the Kenosha Guard, was mobilizing and warned them not to have Kenosha officers tell the Kenosha Guard members to go home under threat of arrest. *Id*. at 107:1-25; Ex. B (8.25.20 Mathewson email).

That same day, Mathewson assembled the Kenosha Guard at Civic Center Park. Ex. A at 55:23-56:22. Mathewson wore military fatigue, and toted an AR-15 style semiautomatic assault rifle. *Id*. at 115:20-116:14; 177:24-178:3. After his Facebook post, "several hundred" people descended on the park near where Anthony Huber was shot and Paul Prediger was killed that evening. *Id*. at 56:23-57:17.

Despite Mathewson's warnings to the Kenosha Police, the Kenosha Guard assembled without intervention. *Id.* at 129:16-19 ("I'm going to be out there carrying my firearm, my rifle, then others showed up carrying their rifles"). Although many protesters were arrested simply for violating the curfew order, no one ever told Mathewson, the leader of the Kenosha Guard, that he was breaking the law in violation of the curfew order. *Id*. 66:17-25 ("No"); 64:20-65:14 ("I was out in public during the time when certain government officials said we could not be out in

3

public"). Mathewson is not aware of anyone who assembled with him being arrested. *Id*. at 58:22-25 "No sir"). Not a single officer told Mathewson to go home. *Id*. at 66:3-6 ("Never").



Mathewson and the Kenosha Guard were known to Defendants long before the Kenosha protests. On June 2, 2020, the FBI informed the Kenosha Police Department that a militia group, the Kenosha Guard, had formed. Ex. C (Nosalik dep.) at 70:23-25 ("an armed counter-protest" group); 69:19-24 ("militia ideology"); 68:8-73:16; Ex. A at 78:13-80:8. After the FBI warned Kenosha Police Department about the Kenosha Guard, it continued to communicate regularly with Mathewson. *Id.* at 90:23-92:9 (6.8.20 Internal Affairs Director meeting with Mathewson "somewhere other than my office, or yours"), 93:19-25 (6.16.20 Internal Affairs Director emailing Mathewson on day off), 9:18-20 (6.17.20 Chief Miskinis emailing Mathewson directly), 103:22 (8.21.20 (Mathewson and Nosalik exchanging emails 4 days before the protests).

Defendants continued to communicate with Mathewson during the protests and after Plaintiffs were shot. Ex. A at 104:2-4 ("I was in constant communication with them"), 107:1-25; Ex. B (Mathewson 8.25.20 email exchange between Mathewson, Nosalik, and Miskinis); Ex. D (8.29.20 email exchange between Mathewson, Nosalik, Miskinis, and Larsen).

Although Defendants have produced some emails with Mathewson, they have not

4

produced a single text message (or even a call log) of their communications with Kevin Mathewson leading up to, during, and after the protests. As the attached deposition testimony shows, Mathewson has always communicated with Defendants Miskinis and Larsen via text message. Ex. A at 39:23-40:4, 30:10-15, 40:2-4; 33:1-3 ("I do have the number that I used to text him.").[2]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask the Court to order Defendants to complete the above-described production of outstanding text messages in response to Request No. 3, supplement its interrogatory response to Interrogatory No. 3, and to conduct a reasonable search to admit or deny the Second Set of Requests to Admit Nos. Requests to Admit Nos. 1-2, 5, 9, 11, 13, 15, 17, 19, 21, 23, 25, 27, 29, 31, 33, 35, 37, 39, 41, 43, 45, 47, 49, 51, 53, 55, 57, 59, and 61.

                          Respectfully Submitted,

                          JOHN HUBER
                          PAUL PREDIGER

                          By: /s/ Quinn K. Rallins
                          *One of Plaintiffs Attorneys*

Jon Loevy
Dan Twetten
Anand Swaminathan
Steven Art
Quinn K. Rallins
Alyssa Martinez
LOEVY + LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
rallins@loevy.com

---

[2] Mathewson also personally met with the Chief Miskinis multiple times before the Kenosha protests without anyone else present. Ex. A at 31:8-19.

Kim Motley
Motley Legal Services
PO Box 1433
Matthews, NC 28106
kmotley@motleylegal.com

## CERTIFICATE OF SERVICE

    I, Quinn K. Rallins, hereby certify that on August 12, 2025, I caused the foregoing to be filed by the Court's CM/ECF system and to be served on all counsel of record.

                               /s/     Quinn K. Rallins