IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| JOHN HUBER, in his individual capacity and as Personal Representative of the ESTATE OF ANTHONY HUBER, <br>     Plaintiff, <br>   v. <br><br> DAVID G. BETH, in his individual and Official capacity as Kenosha County Sheriff, et al., <br>     Defendants. | No. 2:21-cv-00969-LA |
| PAUL HENRY PREDIGER, <br>     Plaintiff, <br>   v. <br><br> THE CITY OF KENOSHA, et al., <br>     Defendants. | No. 2:21 cv 01192-LA <br> (Consolidated with <br> No. 2:21-cv-00969-LA) |

**CITY DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENT BASED ON NEW TESTIMONY IN SUPPORT OF MOTION TO COMPEL DEFENDANTS TO RESPOND TO DISCOVERY REQUESTS FOR THEIR OFFICER'S MISSING TEXT MESSAGES**

Defendants, Daniel G. Miskinis, Eric Larsen, John Doe Police Officers of the Kenosha Police Department, Menomonee Falls Police Department, West Allis Police Department, the City of Kenosha, Village of Menomonee Falls and the City of West Allis, (collectively the "City Defendants"), by their undersigned counsel, respond to Plaintiff's Supplement Based on New Testimony in Support of Motion to Compel Defendants to Respond to Discovery Requests for Their Officer's Missing Text Messages.

Plaintiffs once again bury the facts (from the Court) on what happened (or actually did not happen). As an initial matter, Mathewson is the alleged co-conspirator identified in Plaintiffs'

amended complaint as the leader of the Kenosha Guard (and otherwise unidentified group of "armed individuals" referenced in the pleadings). (ECF #27, ¶¶49-50, 52-53, 55, 130, 139). Here, as Exhibit B to their supplement (*compare* ECF #148-2 and Amended Complaint ¶53), the Plaintiffs point to an email sent by Kevin Mathewson on August 25, 2020 purportedly alerting the Kenosha Police Department that Mr. Mathewson was assembling the Kenosha Guard. However, as Lt. Nosalik testified last fall, in all the chaos he did not review or respond to the thousands of emails he received during this time period and did not see Kevin Mathewson's email until several days later (and alerted Chief Miskinis of the same). (Nosalik Dep. Oct. 28, 2024 at 78:17-80:15).[1] As shown by the email sent September 4, 2020, Lt. Nosalik forwarded the "concerning" email from Kevin Mathewson – all of which begs the question, if Kenosha Police's top brass were conspiring with the Kenosha Guard / unidentified armed individuals as alleged by Plaintiffs, then why in the world would they treat it as a "concerning" email and forward evidence of this to the FBI? (*Id.*; ECF #148-2).

The answer staring the Plaintiffs in the face is that there is no conspiracy as they allege. In fact, as they already knew from Lt. Nosalik, Mr. Mathewson lodged a lot of complaints with the departments and was a serial public record requester who noted the frequent fights with the City. (Nosalik Dep. 61:4-9; Mathewson Dep. 72:19-75:7). As Mr. Mathewson testified, the FBI contacted him about the Rittenhouse shooting and he informed the investigator that he was at home sleeping and had no knowledge of the Rittenhouse shootings. (Mathewson Dep. 69:4-19). Mr. Mathewson also testified that the Kenosha lead detective on the case tried very hard to connect the Kenosha Guard and him to the Rittenhouse shootings and failed to do so. (Mathewson Dep. 146:3-149:10).

---

[1] Attached as Exhibit A and B to this supplement are relevant excerpts of the transcript of Lt. Nosalik's and Mr. Mathewson's depositions.

The long and short of it is that Kevin Mathewson confirmed that he never had any contact with anyone at the Kenosha Police Department about his email on August 25, 2020 regarding the Kenosha Guard until after the fact when he confirmed what Lt. Nosalik testified to last fall – that Mathewson's email was not seen until after the fact. (Mathewson Dep. 169:2-8). In fact, Mathewson unequivocally denied that there was any communication, much less agreement, regarding any alleged conspiracy to harm protesters as alleged by Plaintiffs. (Mathewson Dep. 165:5-170:1). In fact, Mathewson believes the claims "absurd", "preposterous", and he doesn't understand why people are still talking about this case five years later. (Mathewson Dep. 119:12-120:11; 146:3-149:10; 202:12-25).[2]

Nevertheless, the Plaintiffs recent supplement asserts to the Court that "Defendants continued to communicate with Mathewson during the protests and after the Plaintiffs were shot." (ECF #148 at 4). Here, the Plaintiffs cite the transcript for the fact that Mathewson said "I was in constant communication with them." (ECF #148-1 Ex. A). However, that citation refers to contact period beginning in June 2020 (before the officer involved shooting on August 23, 2020) and omits all the foregoing – namely, that Mr. Mathewson did ***not*** have contact ***from*** the Kenosha Police Department at any time during the relevant period of August 25, 2020 as alleged by Plaintiffs, and that Mathewson was a frequent complainant and record requester that was often in fights with the City.

Rather than support their motion to compel, Mathewson was the key witness cited by Plaintiffs as the self-proclaimed commander of the Kenosha Guard and his testimony directly undercuts all of the Plaintiffs' conspiracy theories. As previously argued to the Court, what is truly "missing" is not discovery—but evidence supporting plaintiffs' alleged conspiracy theories

---

[2] Mathewson also denied any contact with Rittenhouse. (Mathewson Dep. 147:8-147:18).

that multiple law enforcement agencies coordinated with unidentified armed individuals to funnel and shoot unidentified groups of protesters (all in contradiction to the video, documentary evidence provided) – much less, evidence tying their alleged conspiracy theories to what actually happened to the plaintiffs (Rittenhouse shooting plaintiffs that confronted him – with video evidence provided before and after regarding the allegations in this action).[3]

After over a year and half of exhaustive production, the record is robust: City Defendants have produced tens of thousands of emails, text messages from work-issued phones, dispatch recordings, body-worn camera footage, radio traffic, and squad chat logs, aerial drone footage, hundreds of hours of video from surveillance cameras and individuals—providing an extensive account of the unrest and law enforcement actions. (*See e.g.,* ECF Nos. 115-125). Plaintiffs, by contrast, continue to rely not on this extensive evidentiary record, but on recycled allegations from their complaint and speculative theories that multiple law enforcement agencies conspired with unidentified armed civilians to funnel and shoot unidentified protesters – all in contradiction to the record that exists. "[D]iscovery must hew closely to matters specifically described in the complaint lest discovery, because of its burden and expense, become the centerpiece of litigation strategy." *McCartor v. Rolls-Royce Corp.*, No. 1:08-cv-00133-WTL-DML, 2013 U.S. Dist. LEXIS 136387, 2013 WL 5348536, at *20 (S.D. Ind. Sept. 24, 2013).

---

[3] Plaintiffs allege that Municipal Defendants pushed the protesters out of the park on 56th Street and funneled them to a "confined area" with the armed individuals that had allegedly gathered at the intersection of Sheridan and 60th Street. (Compare ECF 27, ¶¶95-96; ECF #119, KWE Decl. ¶14). Notably, the Rosenbaum shooting actually occurred another three City blocks south at the corner of Sheridan Road and 63rd Street. (ECF #121, Antaramian Decl. ¶14). In contradiction to the Plaintiffs' allegations, the unbarricaded layout of the City is shown in the actual aerial video footage depicts the hundreds of individuals milling about throughout the City and their scattering in all directions when the shootings took place. (ECF #121, Antaramian Decl. ¶14; ECF #119, KWE Decl. ¶15 – flash drive provided of aerial video in ECF #123).

Dated: August 19, 2025.

                STAFFORD ROSENBAUM LLP

                By <u>*Electronically signed by Kyle W. Engelke*</u>
                Kyle W. Engelke
                State Bar Number 1088993
                Ted Waskowski
                State Bar Number 1003254
                Clementine Uwabera
                State Bar Number 1114847
                Attorneys for City Defendants

222 West Washington Avenue, Suite 900
Post Office Box 1784
Madison, Wisconsin 53701-1784
Email: twaskowski@staffordlaw.com
       kengelke@staffordlaw.com
       cuwabera@staffordlaw.com
608.256.0226