IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| JOHN HUBER, in his individual capacity and as Personal representative of the ESTATE OF ANTHONY HUBER,<br><br>*Plaintiff*,<br><br>v.<br><br>DAVID G. BETH, in his individual and Official capacity as Kenosha County Sheriff, et al.,<br><br>*Defendants*. | Case No. 21-cv-00969-LA |
| PAUL HENRY PREDIGER,<br><br>*Plaintiff*,<br><br>v.<br><br>THE CITY OF KENOSHA, et al.,<br><br>*Defendants*. | Case No. 21-cv-01192-LA<br><br>(Consolidated with Case No. 21-cv-00969-LA) |

**JOINT MOTION FOR THE ENTRY OF A
QUALIFIED HIPAA PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), the Parties respectfully move the Court to enter the proposed Qualified HIPAA Protective Order submitted contemporaneously with this Motion. In support, the Parties state as follows:

1. The Parties anticipate that, during the course of this litigation, it may be necessary to produce, disclose, receive, subpoena, request by authorization, and transmit

protected health information, including medical records, mental health records, psychotherapy notes, substance use disorder (SUD) counseling notes, and drug and alcohol treatment/rehabilitation records, pertaining to Anthony Huber, John Huber, Karen Bloom, Paul Prediger, and Kyle Rittenhouse (each limited to the time period from August 23, 2015, to the present).

2. Pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"), protected health information generally cannot be disclosed without the patient's consent. See 45 C.F.R. §§ 164.508, 164.512. However, disclosure is permitted in litigation where the requesting party either (a) notifies the subject of the information (or makes a good faith effort to do so), or (b) seeks a qualified protective order that limits the use of the information to the litigation and requires its return or destruction at the conclusion of the case. See *Northwestern Memorial Hosp. v. Ashcroft*, 362 F.3d 923, 925 (7th Cir. 2004) (citing 45 C.F.R. § 164.512(e)(1)(v)).

3. The proposed Qualified HIPAA Protective Order submitted by the Parties meets these requirements. It limits the use of protected health information solely to this litigation and requires that all such information be returned or destroyed at the conclusion of the matter.

Accordingly, the Parties stipulate and agree as follows:

1. The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter are hereby authorized to receive, subpoena, and transmit medical information/"protected health information" (also referred to herein as "PHI"), mental health information, psychotherapy notes, substance use disorder (SUD) counseling

notes, and drug and alcohol treatment/rehabilitation information pertaining to Anthony Huber, John Huber, Karen Bloom, and Paul Prediger, and Kyle Rittenhouse as protected by HIPAA ("Health Insurance Portability and Accountability Act of 1996 codified primarily at 18, 26 and 42 USC (2002)); 42 USC 290dd-2; and 42 CFR Part 2 to the extent and subject to the conditions outlined herein.

2. The following words and terms are defined for the purposes of this Qualified HIPAA Order:

    a. "Medical Information" shall mean "Protected health information" or "PHI" and shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103 and 164.501. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present or future physical condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

    b. "Health information" shall have the same scope and definition as set forth in 45 C.F.R. §160.103. Without limiting the generality of the foregoing, health information includes, but is not limited to, any information, including genetic information, whether oral or recorded in any form or medium, that:

        (1) Is created or received by a health care provider, health plan, public health authority, employer, life insurer, school or university, or health care clearinghouse; and

3

(2) Relates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual.

c. "Psychotherapy notes" shall have the same scope and definition as set forth in 45 C.F.R. §164.501. Without limiting the generality of the foregoing, Psychotherapy notes includes, but is not limited to, any notes recorded (in any medium) by a health care provider who is a mental health professional documenting or analyzing the contents of conversation during a private counseling session or a group, joint, or family counseling session and that are separated from the rest of the individual's medical record. Psychotherapy notes excludes medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: Diagnosis, functional status, the treatment plan, symptoms, prognosis, and progress to date.

d. "Substance use disorder (SUD) counseling notes" shall have the same scope and definition as set forth in 42 CFR Part 2. Without limiting the generality of the foregoing, Substance use disorder (SUD) counseling notes includes, but is not limited to, any notes recorded (in any medium) by a part 2 program provider who is a SUD or mental health professional documenting or analyzing the contents of conversation during a private SUD counseling session or a group, joint, or family SUD counseling session and that are separated from the rest of

4

the patient's SUD and medical record. SUD counseling notes excludes medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis, and progress to date.

  e. "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. See 45 C.F.R. §§ 160 & 164 (2000).

  f. Drug and Alcohol Treatment/Rehabilitation Information shall have the same scope and definition as set forth in 42 USC §§ 290aa- 290ll; and 42 CFR §§ 2.1-2.67.

3. The Parties shall assist each other in the release of PHI, psychotherapy notes, substance use disorder (SUD) counseling notes, Mental Health Information and Drug and Alcohol Treatment/Rehabilitation Information by waiving all notice requirements that would otherwise be necessary under HIPAA and the Privacy Standards. Notice of all subpoenas for medical records or mental health information must be provided in accordance with Federal Rule of Civil Procedure 45 and any other applicable Federal Rules of Civil Procedure.

4. All "covered entities" (as defined by 45 C.F.R. §160.103) are hereby authorized to disclose PHI, mental health information, psychotherapy notes, substance use disorder (SUD) counseling notes, and drug and alcohol treatment/rehabilitation information pertaining to Anthony Huber, John Huber, Karen Bloom, and Paul Prediger, and Kyle

Rittenhouse (each from August 23, 2015 to present only to all attorneys now of record in this matter or who may become of record in the future of this litigation.)

5. The parties and their attorneys shall be permitted to use the PHI, Mental Health Information, psychotherapy notes, substance use disorder (SUD) counseling notes, and Drug and Alcohol Treatment/Rehabilitation Information of Anthony Huber, John Huber, Karen Bloom, and Paul Prediger, and Kyle Rittenhouse (each from August 23, 2015 to present only) in any manner that is reasonably connected with the above-captioned litigation. This includes disclosure to the parties, their attorneys of record, the attorneys' firm (i.e., attorneys, support staff, agents, and consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

6. Any documents that contain PHI, Mental Health Information and Drug and Alcohol Treatment/Rehabilitation Information obtained pursuant to this order shall be designated confidential subject to this HIPAA Order and labeled "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER." Documents labeled and disclosed pursuant to this order shall be kept confidential (except as allowed by this order), stored to maintain their confidentiality according to the Privacy Standards, and not be disclosed in or attached to any publicly filed documents unless:

    a. The PHI, Mental Health Information and Drug and Alcohol Treatment/Rehabilitation Information has been redacted;

    b. The Plaintiff has agreed to the filing of such document; or

    c. The Court has ordered that the document can be publicly filed.

7. Within 60 days of the conclusion of the litigation as to any Defendant (which shall be defined as the point at which final Orders disposing of the entire case as to any Defendant have been entered, or the time at which all trial and appellate proceedings have been exhausted as to any Defendant), that Defendant and any person or entity no longer involved in the litigation who is in possession of PHI, Mental Health Information, psychotherapy notes, substance use disorder (SUD) counseling notes, and Drug and Alcohol Treatment/Rehabilitation Information pertaining to Anthony Huber, John Huber, Karen Bloom, and Paul Prediger, and Kyle Rittenhouse (other than the person or entity that generated the PHI) shall destroy any and all copies of said PHI, Mental Health Information, psychotherapy notes, substance use disorder (SUD) counseling notes, and Drug and Alcohol Treatment/Rehabilitation Information in their possession pursuant to the Privacy Standards.

8. This Order shall not control or limit the use of PHI, Mental Health Information, psychotherapy notes, substance use disorder (SUD) counseling notes, and Drug and Alcohol Treatment/Rehabilitation Information pertaining Anthony Huber, John Huber, Karen Bloom, and Paul Prediger, and Kyle Rittenhouse that comes into the possession of any party or any party's attorney from a source other than a "covered entity" (as that term is defined in 45 CFR 160.103).

9. Nothing in this Order authorizes counsel to obtain PHI, Mental Health Information, psychotherapy notes, substance use disorder (SUD) counseling notes, and Drug and Alcohol Treatment/Rehabilitation Information through means other than formal

7

discovery requests, subpoenas, depositions, pursuant to a patient authorization, or through attorney-client communications.

10. Nothing in this protective order shall be deemed a waiver of the right of any party to object to a request for discovery on the basis of relevance, materiality, privilege, overbreadth, or any other valid objection to discovery.

11. This Order does not authorize any party to seal court filings or court proceedings. The Court will make a good cause determination for the filing under seal if and when a party seeks to file Anthony Huber, John Huber, Karen Bloom, and Paul Prediger, and Kyle Rittenhouse's protected health information under seal.

Dated: August 20, 2025

| | |
|---|---|
| */s/* Quinn K. Rallins | */s/* Kyle Engelke |
| *Plaintiffs' Attorneys* | *Attorneys for Defendants Daniel Miskinis, Eric Larsen, City of Kenosha, Village of Menomonee Falls, City of West Allis and the respective John Doe Police Officers* |
| Jon Loevy<br>Steve Art<br>Anand Swaminathan<br>Dan Twetten<br>Quinn K. Rallins<br>Alyssa Martinez<br>**LOEVY & LOEVY**<br>311 N. Aberdeen, 3rd Floor<br>Chicago, IL 60607<br>rallins@loevy.com | Ted Waskowski<br>Kyle W. Engelke<br>Clementine Uwabera<br>**STAFFORD ROSENBAUM LLP**<br>222 W. Washington Avenue, Ste 900<br>Madison, WI 53703 |
| Kimberley Motley<br>Motley Legal Services<br>(704) 765-4887<br>kmotley@motleylegal.com | */s/* Sara C. Mills |
| | *Attorneys for Defendants David G. Beth, Kenosha County, Waukesha County, Racine County, Sauk County, Walworth County, Washington County, and the respective John Doe Police Officers* |
| | Samuel C. Hall, Jr.<br>Sara C. Mills<br>**CRIVELLO CARLSON, S.C.**<br>710 N. Plankinton Avenue, Suite 500<br>Milwaukee, WI 53203 |
| | */s/* Natalie L. Wisco |
| | *Attorneys for Defendant Kyle Rittenhouse* |
| | Mark D. Richards<br>Natalie L. Wisco<br>**RICHARDS & ASSOCIATES, S.C.**<br>209 8th Street<br>Racine, WI 53403 |