IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | | |
|---|---|---|
| JOHN HUBER, in his individual capacity and as Personal Representative of the ESTATE OF ANTHONY HUBER, <br>     Plaintiff, <br> v. <br><br> DAVID G. BETH, in his individual and Official capacity as Kenosha County Sheriff, et al., <br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | No. 2:21-cv-00969-LA |
| PAUL HENRY PREDIGER, <br>     Plaintiff, <br> v. <br><br> THE CITY OF KENOSHA, et al., <br>     Defendants. | ) ) ) ) ) ) ) ) | No. 2:21 cv 01192-LA (Consolidated with No. 2:21-cv-00969-LA) |

**CITY DEFENDANTS' MOTION TO COMPEL
DISCOVERY FROM PLAINTIFS**

Defendants, Daniel G. Miskinis, Eric Larsen, John Doe Police Officers of the Kenosha Police Department, Menomonee Falls Police Department, West Allis Police Department, the City of Kenosha, Village of Menomonee Falls and the City of West Allis, (collectively the "City Defendants"), by their undersigned counsel, respectfully move under Fed. R. Civ. P. 37(a) and Civ. L. R. 7(h) for an order compelling Plaintiff John Huber, individually and as Personal Representative of the Estate of Anthony Huber, to respond to Interrogatories Nos. 5 and 14 and produce documents responsive to Requests for Production Nos. 6, 16–18, and 39. [1] The grounds for this motion are set forth below and in the accompanying declaration of Clementine Uwabera.

---
[1] Plaintiffs Huber and Prediger initially filed separate complaints, which were later consolidated for pretrial discovery.

1

# INTRODUCTION

Plaintiffs cannot have it both ways. They cannot claim broad damages for physical injuries and psychological distress while simultaneously blocking City Defendants from accessing the treatment records necessary to evaluate those claims. Despite repeated requests, Plaintiffs have delayed identifying incident-related treaters and have failed to produce complete medical records for Anthony Huber ("Huber"), Paul Prediger ("Prediger"), John Huber, and Karen Bloom, including pre-incident treatment for Huber and Prediger and post-incident treatment for Prediger confirmed by other evidence. Plaintiffs also refuse to execute standard medical authorizations, which courts routinely compel when physical or psychological injuries are claimed. City Defendants respectfully request that the Court compel Plaintiffs to provide full, verified responses and produce all responsive medical records, including executed authorizations, within ten days of the Court's order.

## I. PLAINTIFFS CANNOT SHIELD MEDICAL INFORMATION AFTER PLACING THEIR CONDITIONS AT ISSUE.

Plaintiffs' discovery responses are deficient in two key respects. First, their interrogatory responses and document productions leave significant gaps in the medical histories of Huber, Prediger, John Huber, and Karen Bloom, despite Plaintiffs having placed their physical and/or emotional conditions at issue. *See Doe v. Oberweis Dairy, 456 F.3d 704, 718 (7th Cir. 2006).* Second, Plaintiffs have refused to execute standard medical authorizations, which courts routinely compel. *Ramirez v. Kranski,* No. 15-CV-365-WMC, 2021 U.S. Dist. LEXIS 89607, at *2 (W.D. Wis. May 11, 2021 (ordering plaintiff to sign releases based on claimed physical and psychological injuries).

### A. Plaintiffs' Interrogatory Responses and Document Productions Remain Inadequate.

---

(ECF No. 93.) The City Defendants served both with discovery requests seeking, among other things, medical information and authorizations. Although this motion addresses the deficiencies in Plaintiff Huber's responses for efficiency, Plaintiff Prediger's responses are similarly deficient—either incomplete or refusing to provide medical authorizations despite evidence of prior treatment. (CU Decl. ¶¶5, 16, 19, Exs. D, H at 3.) Accordingly, the City Defendants request an order compelling Plaintiff Prediger to fully respond to Interrogatories Nos. 7–12, Request to Produce No. 8, and to execute medical authorizations as requested in Request No. 10.

First, Plaintiffs rely on baseless objections that should be overruled. Their claims of undue burden, irrelevance, lack of a HIPAA-qualified protective order, and physician- or psychotherapist-patient privilege in response to Interrogatory No. 5, seeking provider information from ten years pre-incident through the present, do not justify withholding this information. (CU Decl. ¶4, Ex. C at 8.) City Defendants have already narrowed the request to the five years prior to the incident. (CU Decl. ¶11.) Federal law does not recognize a general physician–patient privilege. *See Patterson v. Caterpillar*, 70 F.3d 503, 506–07 (7th Cir. 1995). Furthermore, Plaintiffs' emotional distress claims waive any psychotherapist–patient privilege. *Oberweis Dairy*, 456 F.3d 704, 718.[2]

Second, Plaintiffs' responses are incomplete and fail to provide critical medical information. They have not produced complete records for Anthony Huber, including a full autopsy report (RFP No. 39) and medical records, despite evidence—such as law enforcement identifying him by his hospital bracelet after the August 25, 2020 shooting—showing pre-incident treatment. (CU Decl. ¶¶ 4, 10, 14, 18; Ex. C at 34; Ex. I at 4; Ex. M.) Court records also show a 2016 order for psychiatric and AODA treatment, none of which has been produced. (CU Decl., ¶13, Ex. K.)[3] Further, no mental health records for Huber have been produced despite a documented history of treatment, including his admission at a sentencing hearing to seeing a psychologist. (CU Decl., ¶17, Ex. L.) City Defendants seek this discovery to evaluate potential loss of life and loss of society and companionship damages.

---

[2] Plaintiffs insisted that a HIPAA-qualified protective order must be entered before any protected health information is produced. (CU Decl., ¶12, Exs. G, J.) City Defendants have maintained that the existing protective order already provides adequate safeguards, including protections against improper disclosure of medical and identifying information. (CU Decl., ¶6, Ex. E, at 2; see Dkt. No. 104 at ¶2(e).) Nevertheless, since at least May 2024, City Defendants have repeatedly asked Plaintiffs to identify any deficiencies in the existing protective order or propose HIPAA-qualified protective order, but no response was provided until January 2025. (CU Decl. ¶10; Ex. I at 4, 13.) Upon receiving it, City Defendants acted in good faith to negotiate the terms, and on August 20, 2025, filed a Joint Motion for Entry of a HIPAA Protective Order (ECF No. 150), along with the Proposed Qualified HIPAA Protective Order (ECF No. 150-1).

[3] Similarly, in 2017, Paul Prediger was court-ordered to participate in an Alcohol and Drug Assessment, complete any recommended treatment, and successfully complete any additional counseling or treatment deemed appropriate. (CU Decl., ¶19, Ex. N.) To date, no records reflecting compliance with this order have been produced. He also confirmed being injured as a pedestrian in a 2024 hit-and-run, yet no medical records documenting this incident have been produced (CU Decl., ¶5, Ex. D at 12). (CU Decl., ¶5, Ex. D, at 12.)

3

For John Huber and Karen Bloom, Plaintiffs' vague assertion that "neither Plaintiff Huber nor Karen Bloom have any treaters to identify" is insufficient, as it remains unclear whether this excludes pre-incident care relevant to their emotional distress claims. (CU Decl., ¶14.) Similarly, Plaintiffs' response to Interrogatory No. 14, which requests an itemized list of injuries and damages, merely cites the complaint, and fails to comply with Rule 33(b)(3) and (5). (CU Decl., ¶¶4, 15, Ex. C at 12.) They also failed to respond to Request No. 6, seeking documents supporting emotional distress claims. (CU Decl. ¶¶4,15, Ex. C at 21.) City Defendants are entitled to discovery of pre-existing and post-incident conditions affecting causation or damages.

### B. Plaintiffs' Refusal to Execute Authorizations is Unjustified.

Plaintiffs refuse to execute medical authorizations (RFP Nos. 16–18), insisting instead on the use of subpoenas— an inefficient and complicating alternative. (CU Decl. ¶8, Ex. G at 2.) Their argument that the Federal Rules do not explicitly require authorizations is contrary to established precedent. Executed authorizations are not only standard practice but routinely compelled in litigation. See, *e.g.*, *West v. DeJoy*, No. 22-CV-1068, 2023 U.S. Dist. LEXIS 210942, at *5 (E.D. Wis. Nov. 28, 2023). In fact, plaintiffs' counsel of Loevy & Loevy has previously had authorizations compelled after rejecting their objections as "misguided." *Terry v. Cnty. of Milwaukee*, No. 17-CV-1112-JPS, 2018 U.S. Dist. LEXIS 115811, at *4 (E.D. Wis. July 12, 2018).

### CONCLUSION

Plaintiffs' obstruction of discovery has unnecessarily delayed the case. City Defendants respectfully request that the Court: (1) compel full and verified responses to Interrogatory Nos. 5 and 14; (2) order production of documents responsive to Request Nos. 6, 16–18, and 39; and (3) compel execution of medical authorizations for Requests Nos. 16–18.

Dated: August 22, 2025.

STAFFORD ROSENBAUM LLP

By *s/ Clementine Uwabera*
Kyle W. Engelke
State Bar Number 1088993
Ted Waskowski
State Bar Number 1003254
Clementine Uwabera
State Bar Number 1114847
Attorneys for City Defendants

222 West Washington Avenue, Suite 900
Post Office Box 1784
Madison, Wisconsin 53701-1784
Email: twaskowski@staffordlaw.com
      kengelke@staffordlaw.com
      cuwabera@staffordlaw.com
608.256.0226

**CERTIFICATION**

Undersigned counsel certifies that City Defendants made a good faith effort to resolve the discovery disputes with Plaintiffs without court intervention, pursuant to Civil Local Rule 37 and Federal Rule of Civil Procedure 37(a)(1). Despite efforts to resolve the matter without court involvement, the parties were unable to reach an agreement.

City Defendants notified Plaintiffs of deficiencies by email starting May 3, 2024, with follow-ups on May 29, June 5. The issues were discussed at the June 13, 2024 meet-and-confer. The City Defendants subsequently followed up on these matters in correspondence dated June 28 and July 3, 2024. On July 8, 2024, Plaintiffs refused to provide requested authorizations, citing overbreadth and proposing subpoenas instead. In September 2024, City Defendants sent Plaintiffs a Rule 37 letter addressing the ongoing discovery issues and additional emails additional follow up emails. A December 9, 2024 meet-and-confer yielded limited progress, with Plaintiffs agreeing to produce some records but refusing to sign authorizations, proposing Rule 45 subpoenas with HIPAA orders instead. City Defendants memorialized these discussions by email on December 12, 2024, with follow-ups on December 20, 2024, February 13, 2025, and February 21, 2025. A meet-and-confer call on March 27, 2025 addressed the status of supplemental production, but several deficiencies remain.