# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | | |
|---|---|---|
| JOHN HUBER, in his individual capacity and as Personal Representative of the ESTATE OF ANTHONY HUBER, <br>     Plaintiff, <br> v. <br><br> DAVID G. BETH, in his individual and Official capacity as Kenosha County Sheriff, et al., <br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | No. 2:21-cv-00969-LA |
| PAUL HENRY PREDIGER, <br>     Plaintiff, <br> v. <br><br> THE CITY OF KENOSHA, et al., <br>     Defendants. | ) ) ) ) ) ) ) ) | No. 2:21 cv 01192-LA (Consolidated with No. 2:21-cv-00969-LA) |

**DECLARATION OF CLEMENTINE UWABERA IN SUPPORT OF CITY DEFENDANTS' MEMORANDUMIN IN OPPOSITION TO PLAINTIFFS' MOTION TO QUASH DEFENDANTS' OVERBROAD SUBPOENAS**

I, Clementine Uwabera, declare as follows:

1.    I am an adult resident of the State of Wisconsin. I am a partner with Stafford Rosenbaum LLP, and licensed to practice law in the State of Wisconsin and the Eastern

District of Wisconsin. My colleagues and I represent the City Defendants in the above-captioned matter.

2. On or about December 17, 2025, I participated in a telephonic meet-and-confer with Plaintiffs' counsel, Alyssa Martinez, regarding subpoenas directed to certain medical, correctional institutions and other entities.

3. During the call, Plaintiffs' counsel stated that Plaintiffs would not object to the medical subpoenas as drafted, provided that the records were returnable to both parties, that Plaintiffs' counsel could review and redact them prior to production, and that production would occur within three days of receipt. I did not object to this process and stated that I would include instructions in the cover letters to the subpoena recipients and forward any electronically received records to Plaintiffs' counsel if they were not copied.

4. Next, Plaintiffs' counsel stated that Plaintiffs objected to subpoenas directed to correctional institutions, asserting that the requested records were irrelevant, overly broad, disproportionate, or potentially implicated privacy or privilege. Plaintiffs did not raise any objection to subpoenas seeking medical records outside of the time period authorized by the HIPAA Protective Order.

5. In response, I explained that the requested records are relevant to Plaintiffs' claims for damages, including emotional distress, loss of society and companionship, and pecuniary loss and other economic losses. I noted that records reflecting communications, visitation, medical treatment, education, or incarceration during the relevant period could bear directly on these claims.

6. I further explained that the relevance of the records is a discovery issue separate from admissibility at trial and that, in the defense's view, the subpoenas fall within the scope of permissible discovery under the rules.

7. I also stated that we had attempted to narrow the subpoenas by limiting them to specific correctional institutions where the individuals were known to have been incarcerated, rather than seeking records from every correctional facility in Wisconsin, and by avoiding requests for juvenile records.

8. Plaintiffs contend that I represented I would identify discrete categories of documents that City Defendants believed were relevant and proportional so Plaintiffs could evaluate whether agreement was possible. That is incorrect. I agreed only to provide case law supporting City Defendants' position that the records sought are discoverable where, as here, Plaintiffs assert broad damages claims. I indicated that I would send that authority following the call.

9. I asked Plaintiffs' counsel to identify any specific terms or categories of documents they deemed objectionable and provide tracked changes. I reiterated that we needed to proceed promptly due to upcoming deposition of Paul Prediger scheduled for early January 2026.

10. Attached hereto as Exhibit 1 is a true and correct copy of an email chain exchanged between counsel for the City Defendants and counsel for Plaintiffs, including correspondence from December 9, 2025 to January 2, 2026.

3

11. Attached hereto as Exhibit 2 are true and correct copies of the City Defendants' subpoenas and corresponding riders, all directed to correctional institutions and issued for service on December 18, 2025.

12. Attached hereto as Exhibit 3 are true and correct copies of the Wisconsin Department of Corrections General Public Offender records reflecting Anthony Huber's movements within various correctional facilities, as well as related court case information. The Wisconsin Department of Corrections General Public Offender records are publicly available and may be accessed at: https://appsdoc.wi.gov/lop/home/home.

13. Attached hereto as Exhibit 4 are true and correct copies of the Wisconsin Department of Corrections General Public Offender records reflecting Paul Prediger's supervision status, as well as related court case information. The Wisconsin Department of Corrections General Public Offender records are publicly available and may be accessed at: https://appsdoc.wi.gov/lop/home/home

14. Attached hereto as Exhibit 5 are true and correct copies of the Wisconsin Department of Corrections Racine Correctional Institution Inmate Handbook and Resource Guide, which provides on page 62: "[w]ith the exception of pre-approved attorney calls on unit phones, telephone calls may be monitored and recorded." The Handbook and Resource Guide is publicly available on the Wisconsin Department of Corrections website and may be accessed at:

https://doc.wi.gov/Pages/OffenderInformation/AdultInstitutions/RacineCorrectionalInstitution.aspx

15.     Attached hereto as Exhibit 6 are true and correct copies of the Kettle Moraine Correctional Institution Inmate Handbook, which provides on page 17: "[p]hone calls are monitored and/or recorded, with the exception of approved attorney calls." The Handbook is publicly available on the Wisconsin Department of Corrections website and may be accessed at:

https://doc.wi.gov/Pages/OffenderInformation/AdultInstitutions/KettleMoraineCorrectionalInstitution.aspx

16.     Attached hereto as Exhibit 7 are true and correct copies of the Dodge Correctional Institution General Population Handbook, which provides on page 17: that "[c]alls are recorded and monitored by the institution," and that "[t]elephone calls to attorneys are not monitored or recorded provided they are properly placed," including instructions on how to include an attorney on a call list and contact an attorney prior to their approval. The Inmate Handbook is publicly available on the Wisconsin Department of Corrections website and may be accessed at:

https://doc.wi.gov/Pages/OffenderInformation/AdultInstitutions/DodgeCorrectionalInstitution.aspx

17.     Attached hereto as Exhibit 8 is a true and correct copy of an email chain exchanged between counsel for the City Defendants and counsel for the Wisconsin Department of Corrections, including emails from December 22, 2025, serving objections, to January 2, 2026, regarding partial production. City Defendants and their counsel have

not reviewed any DOC records or circulated copies of these records to other counsel of record.

18. Attached hereto as Exhibit 9 is a true and correct copy of a letter dated December 19, 2025, from the Waukesha County Sheriff's Department Jail Division, responding to the subpoena served by the City Defendants and confirming that they have no responsive records.

19. Other than the responses described above, the City Defendants have received no written objections or records from the remaining correctional institutions. WDOC has not produced any supplemental records.

20. Attached hereto as Exhibit 10 are relevant excerpts of the transcript of Paul Prediger 's depositions.

I declare, under penalty of perjury, that the foregoing is true and correct.

Dated this: January 26, 2026

<u>*Electronically signed by Clementine Uwabera*</u><br>Clementine Uwabera