LOEVY + LOEVY

311 N. Aberdeen Street
Chicago, Illinois 60607
(312) 243-5900
www.loevy.com

December 8, 2025

*Via Electronic Mail*

Natalie Wisco
Mark D. Richards
Richards & Associates SC
209 8th St
Racine, WI 53403

**RE: *Huber v. Beth, et al.*, No. 21-CV-00969-LA**

Counsel:

I write pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37.2 regarding Defendant Rittenhouse's responses to Plaintiffs' interrogatories and requests for production in the above-entitled matter. Please consider this an effort to resolve our discovery disputes in advance of filing a motion to compel. Unfortunately, Defendant Rittenhouse has provided Plaintiffs with grossly deficient responses.

If Plaintiffs' ability to proceed with discovery in this case is further hindered, depositions will have to be delayed and Plaintiffs will be prejudiced as a result. Please be advised that we expect revised discovery responses consistent with this letter on or before December 1. Please let us know if you would like to schedule a discovery conference between now and then, and we will make ourselves available. Please let us know when you are available for a call. If we do not hear from you, and if you do not provide supplemental discovery responses, we will conclude that we are at an impasse and raise the issues outlined in this letter with the Court.

**Document Requests**

**Request Nos. 7, 8, and 13 (communications)**. Rittenhouse does not appear to have conducted any investigation whatsoever in response to nearly all of Plaintiffs' requests for communications in Request Nos. 7, 8, and 13. Rittenhouse responded to each of Plaintiffs' requests with a litany of boilerplate objections and by merely citing, in their entirety, all documents produced in his criminal trial ("Rittenhouse produces all documents exchanged as part of the discovery process in Kenosha County as well as the complete circuit court electronic record")—without producing additional responsive documents.

Rittenhouse also improperly complains that the requests "exceed[] the permissible scope" despite the parties having agreed on the time period designated in the ESI order as August 23, 2020 to September 1, 2020, unless otherwise stated. The request clearly asks for communications related to this narrow time period. If Defendant Rittenhouse has communicated about the Protests since then, Plaintiffs are entitled to that information.

Rittenhouse also suggests that his communications are "equally accessible to" Plaintiffs. This is not well taken. Rittenhouse has a responsibility to conduct a reasonable search for his own communications related to the Protests. If he refuses to turn over his emails, text messages, and other communications, he will violate Rule 34(b)(2)(C) by failing to produce all documents agreed to fall within the scope of proper discovery.

Finally, Rittenhouse continues to suggest he will "supplement [his] answer" to nearly every request—despite the nearly two years of discovery— without producing documents, and without, as required by rule, providing a date certain for the production. Defendant Rittenhouse's discovery responses are inadequate. Plaintiff issued these requests in 2023 to ensure Plaintiffs' receipt of responsive materials prior to the start of Rittenhouse's deposition and sufficient time for follow-up discovery. Plaintiffs request that Rittenhouse supplement his disclosures in the above-entitled matter. Please consider this an effort to resolve this issue.

**Request Nos. 17 (net worth).** This request seeks documentation relating to Defendant Rittenhouse's personal assets. His financial situation is plainly relevant to Plaintiffs' claims for punitive damages, regardless of whether he mounts an inability-to-pay defense. *See TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 462 (1993); *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 21-22 (1991); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270 (1981); *In re Aqua Dots Prod. Liab. Litig.*, 270 F.R.D. 322, 324 (N.D. Ill. 2010), *aff'd*, 654 F.3d 748 (7th Cir. 2011) ("Since evidence of a defendant's wealth may be admissible at trial, as it relates to punitive damages, courts have allowed the discovery of financial information on those grounds.").

*Plaintiffs continue to request responsive materials, which are overdue. Plaintiffs will agree to defer discovery on this issue at the Defendant's request only if Defendant agrees as follows:*

*1. Defendant agrees that his financial condition is discoverable regardless of whether he mounts an inability-to-pay defense. Defendant agrees to abide by the following conditions whether or not they intend to mount an inability-to-pay defense at trial;*

*2. Defendant agrees to provide responses to Plaintiffs' interrogatories and document requests regarding his financial condition within two weeks of the Court's ruling on summary judgment or at least 10 weeks before trial, whichever date is earlier in time. Defendant further agrees that Plaintiff will be able to raise discovery disputes regarding Defendant's responses, if any, with the Court;*

*3. Defendant will agree to sit for additional depositions on this subject within two weeks of the Court's ruling on summary judgment or at least 10 weeks before trial, whichever date is earlier in time;*

*4. When financial-condition discovery is sent, Defendants will not object to written discovery or questioning from Plaintiff about his movement over the last five years of assets that have a value greater than $5,000;*

*5. Defendant agrees to retrieve, collect, and preserve all hard copy and electronic documents regarding their net worth that they presently have in their possession, custody, or control, and retrieve, collect, and preserve such information on a continuing basis until the conclusion of the litigation;*

*6. Defendant will seek and secure approval of this plan, with Plaintiff's cooperation, from the Court prior to the start of his deposition.*

**Interrogatories**

**Interrogatory No. 1 (witnesses).** This asks Defendant to identify all potential witnesses in this case and their knowledge of the incidents and issues in the case, "including but not limited to all Persons who are not listed in the parties' Rule 26(a)(1) initial disclosures." Rittenhouse responded to this request by referring Plaintiffs to Plaintiffs' "initial disclosures." This response is improper. Unlike the subject of Rule 26 disclosures, Plaintiffs are not asking for the identity of witnesses that Rittenhouse may rely upon at trial. Instead, they are asking for all witnesses relevant to this case of which Rittenhouse has knowledge, and in addition to that, a description of the knowledge that each witness has. Plaintiff is entitled to discover the witnesses Rittenhouse knows about and the subject matter they have information about through interrogatories, even if Rittenhouse has no intention of relying on such information at trial. *See Nat'l Util. Serv., Inc. v. Nw. Steel & Wire Co*., 426 F.2d 222, 227 (7th Cir. 1970) ("the names of persons reasonably believed to hold knowledge of relevant facts may be obtained through…interrogatories"). Please supplement your response accordingly.

**Interrogatory No. 2 (communications about the Protests).** This requests every Communication that Rittenhouse had with any person, including witnesses, Individual Defendants, and other law enforcement and prosecutorial agencies about any of the allegations, events, or circumstances described in Plaintiffs' Complaint. Rittenhouse's response is wholly deficient. Rather than describing the communication, he vaguely states that the communications are "reflected in forensic downloads of his cell phone, social media account warrant returns, email account warrant returns, and police reports". If Rittenhouse refuses to provide the particular substance of the communications, please identify each communication referenced by Bates Stamps.

**Interrogatory No. 3 (communications during the Protests).** This interrogatory asks Rittenhouse to identify the particular substance of the communication(s), who was involved, when the communication(s) occurred, and everyone involved. Please confirm this is the complete list of officers Rittenhouse recalls communicating with at anytime between August 23-26, 2020.

**Interrogatory No. 8** (personal notes, emails, and files). Rittenhouse's objection to routine terms as vague is not well taken. Please confirm that Rittenhouse has never maintained a diary, calendar notes, emails, or personal files related to the Protests. Likewise, Plaintiffs request Rittenhouse confirm that no responsive documents exist, following a reasonable investigation.

**Interrogatory No. 10 (interviews, speeches, and presentations).** Rittenhouse inappropriately objects that identifying his interviews speeches, and presentations about the Protests is disproportionate to the needs of this case. Further, Rittenhouse improperly suggests that the information is public. This is improper, especially because Plaintiffs' request is "regardless of whether they were published or unpublished". The assertion that Rittenhouse cannot (or will not) identify a single interview, speech, or presentation is not well taken. Please supplement this response.

**Interrogatory No. 12 (email addresses, cell phone numbers, and providers).** Rittenhouse identifies a single cell phone number and two email addresses. Under oath, please confirm Rittenhouse has had no other email addresses or phone numbers since the Protests.

Please supplement answers to these discovery requests no later than December 15, 2025.

Best Regards,

Quinn K. Rallins

*One of Plaintiff's Attorneys*

*cc: all counsel of record*