# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

| | | |
|---|---|---|
| JOHN HUBER, in his individual capacity and as Personal Representative of the ESTATE OF ANTHONY HUBER, | ) ) ) ) ) | Case No. 21-cv-00969-LA |
| | ) | Hon. Lynn Adelman |
| *Plaintiff*, | ) | District Judge |
| | ) | |
| *v.* | ) | |
| | ) | JURY TRIAL DEMANDED |
| DAVID G. BETH, in his individual and official capacity as Kenosha County Sheriff, *et al.,* | ) ) ) ) | |
| *Defendants*. | ) | |
| PAUL HENRY PREDIGER, | ) ) | Case No. 21-cv-01192-LA |
| *Plaintiff*, | ) ) | (Consolidated with Case No. 21-cv-00969-LA) |
| *v.* | ) ) | |
| THE CITY OF KENOSHA, *et al.,* | ) ) | Hon. Lynn Adelman |
| | ) | District Judge |
| | ) | |
| *Defendants.* | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT CITY OF KENOSHA'S MOTION TO COMPEL**

Plaintiff Paul Prediger, by and through his attorneys, hereby respectfully submits this response in opposition to Defendant City of Kenosha's Motion to Compel. In support, Plaintiff states as follows:

1

**INTRODUCTION**

Throughout discovery, Mr. Prediger has produced more than 3,000 documents, the majority of which are painful and force him to relive the most tragic moments of his life. Nevertheless, he has gathered the documents in his possession, including the death threats he received in the aftermath of the shootings. Now, the City asks Mr. Prediger to produce documents out of whole cloth, requesting old social media, phone, and email messages that he simply does not have. Nor should he: Mr. Prediger's world turned upside down, so much so that he had to change his legal name and social security number. As explained more fully below, none of Defendant's arguments have merit, and its motion must be denied.

**ARGUMENT**

A proponent of a motion to compel discovery bears the initial burden to prove that the information sought is relevant. *United States v. Farley*, 11 F.3d 1385, 1390 (7th Cir. 1993). The district court enjoys broad discretion when considering a party's motions to compel and is "in the best position to decide the proper scope of discovery and to settle any discovery disputes." *Scott v. Chuhak & Tecson, P.C.*, 725 F.3d 772, 785 (7th Cir. 2013); *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646 (7th Cir. 2001).

## I. Defendant's Requests Nos. 27 and 28 Are Vague and Overly Broad

Of course, some—and in fact many—objections to requests for production abuse the invocation that the request is vague and overly broad. This is not such a case.

Request No. 27 asks Plaintiff to produce "social media posts, comments, and messages" that are "relating to social justice movement", without definition. Exh. A at 2-6, 15 (City's Discovery Requests). Plaintiff objected to the request. Exh. B (Plaintiff's Answers to Discovery

2

Requests) at 29. Despite exercising common sense and reason, Plaintiff cannot determine what the City is asking him to produce. It is unclear what Defendant means by "social justice movement," as the term is undefined. *See Ronat v. Martha Stewart Living Omnimedia, Inc.*, No. 05-cv-520-GPM, 2007 WL 809635, at *4 (S.D. Ill. Mar. 15, 2007) (finding request was not vague or unduly burdensome when read alongside definitions section).

In the same vein, Request No. 28 asks for copies of "all social media social posts" related to "allegations contained in Amended Complaint," Exh. A at 15, without identifying any specific allegations. In Plaintiff's counsel's experience, requests related to allegations usually identify the paragraphs (and cite them). Otherwise, Plaintiff would need to speculate as to which of the "allegations" in his Amended Complaint, spanning 229 paragraphs and 45 pages, are at issue. *See United States Sec. & Exch. Comm'n v. Stifel*, No. 11-cv-0755, 2016 WL 4471859, at *2 (E.D. Wis. Aug. 24, 2016) ("responding party may object based on vagueness, i.e., when the respondent cannot answer because the meaning of the request is uncertain") (internal citations omitted).

## II.    Plaintiff Complied With the ESI Agreement

Plaintiff discerns that the City is making two arguments. First, it believes Plaintiff's search for his "phones, email accounts, and social media platforms" is insufficient because it contends he produced seven pages devoid of text messages and emails.[1] Mot. at 2.  Second, Defendant argues Plaintiff testified that he still "maintains" multiple email and social media accounts (Facebook, Twitter, and Instagram) that he used to communicate with third-party witnesses Kevin Mathewson, Ryan Clancy, and Hannah Gittings. Mot. at 2. Both arguments are demonstrably false.

---

[1] The City admits Mr. Prediger produced his Facebook live recording.  Mot. at 2.

3

To begin, Mr. Prediger has produced more than 3,000 pages of documents including W-2s, sensitive medical records, a Facebook live stream video, and photographs. Further, Mr. Prediger has searched for and produced the text messages he was able to find, no matter how unpleasant. *See, e.g.* Exh. C (February 16, 2021 text) ("Morning n*gger watch ur back). Further, the City's suggestion that he testified to <u>maintaining</u> multiple accounts to communicate with Mathewson, Clancy, and Gittings is unfounded. At his deposition, Mr. Prediger testified to the exact opposite - that he does not have access to the documents because these are old accounts. Plaintiff will address each alleged source of ESI in turn.

### 1. Facebook

Today, Plaintiff only has one Facebook account. *Id*. at 75:10-12. Plaintiff has produced the documents he maintained, namely, a Facebook Live video that he filmed during the protests. In 2022, after he was shot and his name because nationally known, Plaintiff changed his legal name to preserve his privacy. Dkt. 106. As a result, Plaintiff obtained a new Facebook account under his new name. Dkt. 181-8 (Prediger Deposition Tr.) at 75:7-9; 74:22-75:1. He also created another Facebook account to communicate with Kevin Mathewson[2] because, for good reason, he did not want Mathewson to know his new identity. *Id.* at 75:13-18. In particular, he felt the need to respond to Mathewson spreading false information about Plaintiff. *Id*. 78:4-11.

Like many constituents, Plaintiff also communicated with a member of the Wisconsin State Assembly, Ryan Clancy, via Facebook. *Id.* at 74:12-21. But Plaintiff does not have access to the Facebook account he used for these communications, and did not retain the messages. *Id.* at 76:6-

---

[2] Plaintiff alleges that Kevin Matthewson was the self-proclaimed leader of the militia group, the Kenosha Guard, who made clear to Defendant that he was asking for "patriots willing to take up arms . . . against the evil thugs," making clear an intention to show up and shoot demonstrators. Dkt. 27. ¶¶49 -50.

4

10. Plaintiff has provided Defendant with Clancy's contact information, so Defendant may issue Clancy a subpoena for their Facebook communications, as well. [3]

### 2. Emails

Plaintiff's new name led him to obtain a new email address. *Id.* 76:24-1. Plaintiff's current email is under his new legal name, and he does not have any other accounts. *Id*. 76:20-21; 77:2-4. To protect his personal email address, Plaintiff previously created a burner email account to communicate with Kevin Mathewson about false information Mathewson had written about Plaintiff, but he does not recall the email address. *Id.* 78:4-11.

### 3. Twitter

Plaintiff does not have an active Twitter account. Dkt. 181-8 at 196:6–18. He used to have an account, and he provided Defendant with the name of the account he recalls. *Id.* at 95:25-96:6.

Ultimately, Plaintiff has produced responsive documents in his possession, custody, and control. If Defendant is asking Plaintiff to "try harder" to revive dead accounts, it is implausible and unduly burdensome. The Seventh Circuit Court of Appeals has warned against an overly expansive reading of a party's "control" over documents, explaining that "the fact that a party could obtain a document if it tried hard enough ... does not mean that the document is in its possession, custody, or control ...." *In re Subpoena To Huawei Techs. Co., Ltd.*, 720 F. Supp. 2d 969, 976–77 (N.D. Ill. 2010) (quoting *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1427 (7th Cir. 1993).

In sum, Defendant's argument that Plaintiff violated the ESI order fails.

---

[3] Defendant also suggests that he testified about maintaining communications related to the protests with his friend, Hannah Gittings, but he did not say that. See, e.g. Dkt. 181-8.He simply testified that they have talked about her thoughts and feelings about her partner, Anthony Huber, being fatally shot during the protests. *Id*.at 81:22-82:14. Defendant has notified a subpoena for Gittings's communications.

5

### III. Despite Plaintiff's Fulsome Production, He Is Supplementing His Discovery Responses

In response to Request No. 4 (seeking "all statements"), Plaintiff produced his statement and witness Nathan Debruin's statement. Exh. B at 20. Otherwise, Defendants – the law enforcement agencies responsible for conducting the Rittenhouse shooting investigation and collecting witness statements – are in possession, custody, or control of the remaining statements. To eliminate any doubt, Plaintiff has supplemented his response to Request No. 4 to identify more than twenty statements in Defendants' production, and confirmed Plaintiff is not in possession of further documents responsive to this request. Exh. D (4.13.26 Supplemental Discovery Responses at 3-4.

Further, Plaintiff has supplemented his response to Requests Nos. 26, 27, and 28, and confirmed he is not currently in possession of documents other than the previously produced Facebook Live video. *Id.* at 12-14.

### CONCLUSION

For the foregoing reasons, Defendant City of Kenosha's Motion to Compel should be denied.

Respectfully submitted,

**PAUL PREDIGER**

By: /s/Quinn Rallins
*One of Plaintiff's Attorneys*

Jon Loevy
Anand Swaminathan
Steven Art
Quinn K. Rallins

6

Maggie Filler
Alyssa     Martinez
LOEVY + LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
rallins@loevy.com

7

Case 2:21-cv-00969-LA     Filed 04/13/26     Page 7 of 8     Document 184-1

**CERTIFICATE OF SERVICE**

I, Quinn Rallins, an attorney, hereby certify that on April 13, 2026, I served the foregoing on all counsel of record via electronic mail.

/s/ Quinn Rallins
*One of Plaintiff's Attorneys*

1