# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN HUBER, in his individual capacity
and as Personal Representative of the
ESTATE OF ANTHONY HUBER,
      Plaintiff,

    v.                                    **Case No. 21-cv-0969**

DAVID G. BETH, in his individual and official
capacity as Kenosha County Sheriff,
et al.,
      Defendants.

---

PAUL HENRY PREDIGER,
      Plaintiff,

    v.                                    **Case No. 21-cv-1192**

THE CITY OF KENOSHA, et al.
      Defendants.

---

## DECISION AND ORDER

Defendants move to compel plaintiff Paul Prediger to produce complete responses to their discovery requests. ECF No. 180. Separately, plaintiffs move for leave to take additional depositions over the objection of defendants. ECF No. 185. For the reasons that follow, defendants' motion to compel is granted in part and plaintiff's motion to take additional depositions is granted in part.

### A. Defendants' Motion to Compel

The City Defendants move, pursuant to Federal Rule of Civil Procedure 37, for an order compelling plaintiff Paul Prediger to fully comply with the parties' electronic discovery plan and provide complete responses to Request for Production Nos. 4, 26, 27,

and 28. Those RFPs seek (i) communications with third parties and witnesses regarding the subject incident; (ii) plaintiff's social medial content from January 1, 2015, to the present; (iii) plaintiff's social media posts regarding social justice movements from May 25, 2020, to August 25, 2020, and (iv) plaintiff's social media posts, comments, and messages concerning the allegations in the amended complaint from August 25, 2020, to the present, including but not limited to the criminal trial involving Kyle Rittenhouse. Defendants point to Prediger's deposition where he testified to having multiple email and social media accounts, used those accounts to communicate with other individuals disclosed under Rule 26, and he possesses a hard drive with evidence of threats he received after the events of August 2020.

Plaintiff objected to the above listed RFPs on the grounds that they are "vague, overly broad, unduly burdensome, seeking information not relevant to the case and not proportionate to the needs of the case, and harassing" as to their request for all messages on all social media platforms. ECF No. 181-1. Plaintiff further objected to the topics of "social justice movements" and "criminal trial involving Kyle Rittenhouse" as too vague to warrant a response. *Id.*

In opposing defendants' current motion, plaintiff asserts that although he had several social media and email accounts in the past, he no longer has access to those accounts because he changed his identity to preserve his privacy. Plaintiff notes that he turned over a Facebook Live video that he filmed during the protests, but otherwise cannot turn over material he does not have. This includes conversations with Kevin Mathewson (who plaintiff alleges to be a leader of the Kenosha Guard militia group) using "burner" accounts and Wisconsin Assembly Representative Ryan Clancy. He also reiterates that

2

the challenged RFPs are vague, but he supplemented his responses with additional material. ECF No. 184-5.

As to the ESI production issue, I agree with plaintiff that he can be expected to produce only material that is in his "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). This extends to materials where plaintiff has the "legal right or practical ability to obtain the materials from a nonparty to the action." *Edwards v. City of Bossier City*, No. 15-1822, 2016 WL 3951216, *3 (W.D. La. Jul. 20, 2016). Defendants provide no basis to discredit plaintiff's assertion that these accounts are, practically speaking, beyond recovery without engaging in unduly burdensome or speculative recovery methods. However, I will order plaintiff to disclose, to the best of his knowledge and to the extent he has not already done so, the social media and email platforms containing his old accounts, the time periods they were used, and the reason each is no longer accessible with reasonable effort.

As for plaintiff's objections to vagueness, I disagree with plaintiff that the topics described as "social justice movement from May 25, 2020 to August 25, 2020" and "allegations contained in the Amended Complaint from August 25, 2020, to present, including but not limited to, the criminal trial involving Kyle Rittenhouse" are improperly vague. Plaintiff argues that "[d]espite exercising common sense and reason, Plaintiff cannot determine what the City is asking him to produce." ECF No. 184-1 at 3. As an initial matter, RFP Nos. 27 and 28 do not seek "any and all social media posts, comments, and messages"—they request only messages "relating to" the particular topic.

But as to the topics themselves, my understanding of social justice movements with particular relevance in Summer 2020 includes, at a minimum, reactions to the deaths

of Breonna Taylor and George Floyd, and the shooting of Jacob Blake. It also includes civil rights or racial justice movements such as "Black Lives Matter" and criticism of police violence or criminal justice policy.  I choose to "err on the side of permissive discovery" rather than indulge nit-picking objections. *Bennett v. Hyatte*, No. 3:22-cv-135, 2022 WL 3644149, *3 (N.D. Ind. Aug. 24, 2022). Therefore, plaintiff's objection is overruled.

As for the amended complaint, plaintiff argues that defendants should identify specific paragraphs in the amended complaint that they believe are actually "at issue." ECF No. 184-1 at 3. The complaint is long and detailed, but plaintiffs have deliberately brought an expansive case. Plaintiff should therefore "get on with the case" and produce any responsive communications pertaining to the narrative allegations on the assumption that they are all "at issue" in some way. *See generally U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). However, I will narrow defendants' request to exclude non-narrative allegations such as those involving jurisdiction, party identity, and the elements of legal claims. While I appreciate that fully responding is not an insubstantial task, there is substantial overlap between the allegations in the complaint and the social justice movement topic described previously.

Therefore, plaintiff's objections are overruled in part and defendants' motion to compel is granted in part. To the extent plaintiff has not already provided amended responses that are complete, he is ordered to do so.

## B.  Plaintiffs' Motion for Leave to Take Additional Depositions

Plaintiffs move for leave to take additional depositions that exceed the 35-deposition cap defendants previously agreed to. Plaintiffs now seek to take a total of 40 individual depositions, and to take 9 additional Rule 30(b)(6) depositions of the municipal

4

and county defendants. Defendants object to exceeding the 35-deposition cap save for two Rule 30(b)(6) depositions (as to the City and County of Kenosha) that they are willing to allow.

Rule 30(a)(2) states that a party must obtain leave from the court to conduct more than 10 depositions without the consent of the other parties. That leave is governed by the principles discussed in Rule 26(b)(2): "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."

Defendants' objections are well taken. Courts do not reward parties for saving their most relevant witnesses until the end simply to strengthen their argument for more depositions. *See, e.g., Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 482 (N.D. Tex. 2001) (requiring the movant to justify *all* depositions, even those taken as of right, to obtain additional depositions). But it is not fair to conclude that a witness was marginal or a deposition was wasted simply because, in hindsight, the witness produced little or no helpful testimony. If those depositions were so obviously beyond the scope of Rule 26(b)(1), it is telling that defendants did not act at that point to avoid them. There are also legitimate reasons for taking depositions in a particular order, and I hesitate to open the door and accuse any side of using improper strategy. *See* Fed. R. Civ. P. 26(d)(3) ("Unless the parties stipulate or the court orders otherwise for the parties' and witnesses'

5

convenience and in the interests of justice . . . methods of discovery may be used in any sequence.").

My goal is always "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. I appreciate defendants' concerns, but the judicial policy of liberal discovery in this instance wins out. The five additional witnesses plaintiff identifies—Joseph Srnka, Horace Staples, Patrick Patton, Aaron Dilhoff, and Kyle Rittenhouse—appear to have relevant and noncumulative testimony. For instance, who but Officer Srnka could testify to the report he authored? That is to say nothing of Mr. Rittenhouse who has his own unique perspective. Given the issues and testimony at stake, I will grant plaintiffs' request for 40 individual depositions.

However, I agree with defendants that the Rule 30(b)(6) depositions appear cumulative and disproportionate to the testimony they will likely produce. Defendants have stipulated to allowing depositions for the City and County of Kenosha, but object to their deposing seven other entities: Village of Menomonee Falls, City of West Allis, Waukesha County, Racine County, Sauk County, Walworth County, and Washington County. Plaintiffs assert that these depositions are proper because they have *Monell* claims against each entity.

Seven depositions simply to question far flung municipalities about the assistance they lent to Kenosha in August, 2020, are disproportionate and cumulative. The City and County of Kenosha who led in responding to the protests, as well as dozens of individuals who interacted with visiting officers, should give more than sufficient testimony given the relatively limited role these municipalities played.

Therefore, plaintiffs' motion to take additional depositions is granted in part.

6

## C. Conclusion

In summary, **IT IS ORDERED** that defendants' motion to compel (ECF No. 180) is **GRANTED IN PART**. Plaintiff's motion to exceed the page limit in his response (ECF No. 184) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion to exceed the cap on depositions (ECF No. 185) is **GRANTED IN PART**. Plaintiffs may take no more than 40 individual depositions and may further take Rule 30(b)(6) organization depositions of the City of Kenosha and Kenosha County. Plaintiffs' motion to file a reply brief (ECF No. 191) is **GRANTED.**

Dated at Milwaukee, Wisconsin, this 27th day of May, 2026.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge