**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

| | | |
|---|---|---|
| JOHN HUBER, in his individual capacity and as Personal Representative of the ESTATE OF ANTHONY HUBER,<br><br>Plaintiff,<br>v.<br><br>DAVID G. BETH, in his individual and Official capacity as Kenosha County Sheriff, et al.,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:21-cv-00969-LA |

| | | |
|---|---|---|
| PAUL HENRY PREDIGER,<br><br>Plaintiff,<br>v.<br><br>THE CITY OF KENOSHA, et al.,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:21 cv 01192-LA<br>(Consolidated with<br>No. 2:21-cv-00969-LA) |

**DECLARATION OF CLEMENTINE UWABERA IN SUPPORT OF CITY OF KENOSHA' S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER BARRING THE CITY DEFENDANTS' UNNOTICED SUBPOENA THAT WAS NEVER SERVED DURING FACT DISCOVERY**

I, Clementine Uwabera, declare as follows:

1. I am an adult resident of the State of Wisconsin. I am a partner with Stafford Rosenbaum LLP, and licensed to practice law in the State of Wisconsin and the Eastern District of Wisconsin. My colleagues and I represent the City Defendants in the above-captioned matter before this Court. I make this declaration based on my personal knowledge.

2. Attached as **Exhibit A** is a true and correct copy of excerpts from the transcript of the January 8, 2026 deposition of Paul Henry Prediger (p. 58).

3. Attached as **Exhibit B** is a true and correct copy of excerpts from the transcript of the July 9, 2026 deposition of Ryan Clancy (pp.46-54, 116).

4. Based on Clancy's deposition testimony, City Defendants determined that a subpoena to Clancy was warranted to obtain materials identified during his deposition. City Defendants prepared a subpoena directed to Clancy, together with a rider describing the documents and information sought.

5. On August 7, the City Defendants contacted Clancy to determine whether he would accept electronic service (as he previously did so for his deposition). Clancy did not accept electronic service. Approximately three minutes later, City Defendants provided Plaintiffs with the subpoena and rider while preparing to effect service.

6. Plaintiffs objected to the subpoena on August 7, 2026, within hours of receiving it and requested a meet and confer.

7. The parties conducted a meet and confer on August 11, 2026. At the meet and confer, Plaintiffs' stated objection concerned purported lack of notice. At that time, Plaintiffs had not yet reviewed the subpoena rider and therefore did not identify substantive objections to the individual requests based on relevance, burden, proportionality, or scope.

8. Following the meet and confer, City Defendants advised Plaintiffs that they would not withdraw the subpoena and asked Plaintiffs to confirm by the close of business whether they intended to seek judicial relief. See (Dkt. 215-5 at 2)

9. On August 20, 2026, City Defendants followed up with Plaintiff as they had failed to confirm their intent to file a motion to quash the Clancy subpoena. In that correspondence, City Defendants reiterated that Plaintiffs had previously raised a notice objection but had not identified substantive objections to the subpoena requests during the August 11 meet and confer. City

Defendants also responded to substantive objections Plaintiffs had subsequently raised, explaining why the subpoena was not vague, overbroad, or disproportionate and why the requested materials were relevant to the issues in dispute. City Defendants further explained that the subpoena sought materials concerning communications and photographs identified during Clancy's deposition. City Defendants also advised Plaintiffs that substantially similar social-media information had previously been sought through discovery and that Prediger had maintained that he possessed no additional responsive information. A true and correct copy of the August 20, 2026 correspondence is attached as **Exhibit C.**

10. Plaintiffs responded on August 20, 2026, maintaining their objections concerning notice and the scope of the subpoena. Plaintiffs represented that they intended to file a motion to quash "no later than next week." Plaintiffs also requested that City Defendants refrain from proceeding with service while Plaintiffs sought judicial relief. A true and correct copy of the Plaintiffs' August 20, 2026 correspondence is attached as **Exhibit D.**

11. On August 24, 2026, after Plaintiffs had not filed their motion, City Defendants advised Plaintiffs that they would proceed with efforts to effect service on Clancy. A true and correct copy of the August 24, 2026 correspondence is attached as **Exhibit E.**

12. City Defendants thereafter retained a process server to attempt personal service of the subpoena on Clancy.

13. The process server made eight attempts to serve Clancy over four days, from August 24 through August 27, 2026. The attempts were made at the residential address Clancy had provided during his deposition. The process server confirmed that the address was occupied. During one of the attempts, the process server spoke with Clancy's wife. Despite these attempts, the process server was unable to personally serve Clancy. True and correct copies of the process

server's records documenting the service attempts are attached as **Exhibit F**.

14. On August 25, 2026, the process server's repeated visits to Clancy's property did not go unnoticed by Clancy. In a Facebook post that day, Clancy referred to the process server's efforts to serve him and specifically identified the subject matter of the subpoena, asking whether the process server was attempting "to serve me a subpoena to compel me to disclose pictures and footage of law enforcement's complicity in Kyle Rittenhouse's killings in August of 2020 only to law enforcement." Clancy also asked others not to disclose his whereabouts at public events or post about him until after he had left. A true and correct copy of the Facebook post is attached as **Exhibit G.**

15. City Defendants received Clancy's deposition transcript on July 21, 2026. In the intervening and subsequent weeks, counsel were preparing for and appearing at other depositions in this matter, including the City of Kenosha's corporate representative deposition on August 4, the County's corporate representative deposition on July 28 and August 6, and a third-party witness deposition on July 31.

16. On August 7, 2026, Plaintiffs served a supplemental disclosure identifying fourteen additional witnesses and six witness declarations concerning matters underlying their claims. Plaintiffs had previously served supplemental disclosures in April and June 2026 identifying, collectively, more than 135 additional witnesses.

17. Fact discovery also continued after August 7, 2026. Plaintiffs obtained additional time concerning the deposition of the City of Kenosha's Rule 30(b)(6) designees. (Dkt. 206) Depositions of the City of Kenosha's second Rule 30(b)(6) designee occurred August 31, 2026.

18. City Defendants also conducted a third-party deposition of Hannah Gittings on August 18, 2026.

19. City Defendants were preparing to effectuate substituted service when Plaintiffs filed the subject motion. City Defendants have obtained no documents from Clancy.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 15, 2026 *Electronically signed by Clementine Uwabera*
Clementine Uwabera